# 14-121-cv

*To Be Argued By:*
ASIM GHAFOOR

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

◆◆

RICK HARRISON, JOHN BUCKLEY, III, MARGARET LOPEZ, ANDY LOPEZ, KEITH LORENSEN, LISA LORENSEN, EDWARD LOVE, ROBERT MCTUREOUS, DAVID MORALES, GINA MORRIS, MARTIN SONGER, JR., SHELLY SONGER, JEREMY STEWART, KESHA STIDHAM, AARON TONEY, ERIC WILLIAMS, CARL WINGATE, TRACEY SMITH, as personal representative of the Estate of Rubin Smith,

*Plaintiffs-Appellees,*

—against—

REPUBLIC OF SUDAN, AKA SUDAN,

*Defendant-Appellant,*

(*caption continued on inside cover*)

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANT-APPELLANT

ASIM GHAFOOR
LAW OFFICE OF ASIM GHAFOOR
1101 30th Street, NW, Suite 500
Washington, DC 20007
(202) 625-4393

*Attorneys for Defendant-Appellant*

ADVANCED CHEMICAL WORKS, AKA ADVANCED COMMERCIAL AND CHEMICAL
WORKS COMPANY LIMITED, AKA ADVANCED TRAINING AND CHEMICAL
WORKS COMPANY LIMITED, ACCOUNTS & ELECTRONICS EQUIPMENTS, AKA
ACCOUNTS AND ELECTRONICS EQUIPMENTS, AGRICULTURAL BANK OF SUDAN,
ALAKTAN COTTON TRADING COMPANY, AKA ALAKTAN TRADING COMPANY,
ADVANCED COMMERCIAL AND CHEMICAL WORKS COMPANY LIMITED, AKA
ADVANCED CHEMICAL WORKS, AKA ADVANCED TRADING AND CHEMICAL
WORKS COMPANY LIMITED, ADVANCED MINING WORKS COMPANY LIMITED,
ADVANCED PETROLEUM COMPANY, AKA APCO, AFRICAN OIL CORPORATION,
ADVANCED ENGINEERING WORKS, ADVANCED TRADING AND CHEMICAL
WORKS COMPANY LIMITED, AKA ADVANCED COMMERCIAL AND CHEMICAL
WORKS COMPANY LIMITED, AKA ADVANCED CHEMICAL WORKS, AL SUNUT
DEVELOPMENT COMPANY, AKA ALSUNUT DEVELOPMENT COMPANY, AFRICAN
DRILLING COMPANY, AL PHARAKIM, AKA ALFARACHEM COMPANY LIMITED,
AKA ALFARACHEM PHARMACEUTICALS INDUSTRIES LIMITED, AKA
ALFARAKIM, ALAKTAN TRADING COMPANY, AKA ALAKTAN COTTON TRADING
COMPANY, ALFARACHEM COMPANY LIMITED, AKA AL PHARAKIM, AKA
ALFARACHEM PHARMACEUTICALS INDUSTRIES LIMITED, AKA ALFARAKIM,
ALFARAKIM, AKA AL PHARAKIM, AKA ALFARACHEM PHARMACEUTICALS
INDUSTRIES LIMITED, AKA ALFARACHEM COMPANY LIMITED, ALFARACHEM
PHARMACEUTICALS INDUSTRIES LIMITED, AKA AL PHARAKIM, AKA
ALFARAKIM, AKA ALFARACHEM COMPANY LIMITED, ALSUNUT DEVELOPMENT
COMPANY, AKA AL SUNUT DEVELOPMENT COMPANY, APCO, AKA ADVANCED
PETROLEUM COMPANY, AMIN EL GEZAI COMPANY, AKA EL AMIN EL GEZAI
COMPANY, ARAB CEMENT COMPANY, ARAB SUDANESE BLUE NILE
AGRICULTURAL COMPANY, ASSALAYA SUGAR COMPANY LIMITED, ARAB
SUDANESE SEED COMPANY, ARAB SUDANESE VEGETABLE OIL COMPANY,
ATBARA CEMENT COMPANY LIMITED, AUTOMOBILE CORPORATION,
BABANOUSA MILK PRODUCTS FACTORY, BANK OF KHARTOUM, BASHAIER,
BLUE NILE BREWERY, BLUE NILE PACKING CORPORATION, CENTRAL
ELECTRICITY AND WATER CORPORATION, AKA PUBLIC ELECTRICITY AND
WATER CORPORATION, BUILDING MATERIALS AND REFRACCTORIES
CORPORATION, COPTRADE COMPANY LIMITED, PHARMACEUTICAL AND
CHEMICAL DIVISION, CENTRAL BUREAU OF STATISTICS OF THE REPUBLIC OF
SUDAN, EL AMIN EL GEZAI COMPANY, AKA AMIN EL GEZAI COMPANY,
COPTRADE ENG AND AUTOMOBILE SERVICES CO LTD., AKA KORDOFAN
AUTOMOBILE COMPANY, DUTY FREE SHOPS CORPORATION, EL NILEIN BANK,
EL NILEIN INDUSTRIAL DEVELOPMENT BANK (SUDAN), AKA EL NILEIN
INDUSTRIAL DEVELOPMENT BANK GROUP, AKA NILEIN INDUSTRIAL
DEVELOPMENT BANK (SUDAN), EL GEZIRA AUTOMOBILE COMPANY, EL NILEIN
INDUSTRIAL DEVELOPMENT BANK GROUP, AKA INDUSTRIAL BANK OF SUDAN,
ENGINEERING EQUIPMENT COMPANY, EL NILEIN INDUSTRIAL DEVELOPMENT
BANK (SUDAN), AKA EL NILEIN BANK, AKA EL NILEIN INDUSTRIAL
DEVELOPMENT BANK GROUP, AKA NILEIN INDUSTRIAL DEVELOPMENT BANK
(SUDAN), EL NILEIN INDUSTRIAL DEVELOPMENT BANK GROUP, AKA EL NILEIN

BANK, AKA NILEIN INDUSTRIAL DEVELOPMENT BANK (SUDAN), AKA EL
NILEIN INDUSTRIAL DEVELOPMENT BANK (SUDAN), EL TAKA AUTOMOBILE
COMPANY, AKA TAKA AUTOMOBILE COMPANY, EMIRATES AND SUDAN
INVESTMENTS COMPANY LIMITED, ENGINEERING EQUIPMENT CORPORATION,
EXPLORATION AND PRODUCTION AUTHORITY, (SUDAN), FARMERS BANK FOR
INVESTMENT & RURAL DEVELOPMENT, AKA FARMERS BANK FOR INVESTMENT
AND RURAL DEVELOPMENT, AKA FARMERS COMMERCIAL BANK, SUDAN
COMMERCIAL BANK, SUDAN COMMERCIAL BANK, FARMERS BANK FOR
INVESTMENT AND RURAL DEVELOPMENT, AKA FARMERS COMMERCIAL BANK,
FARMERS BANK FOR INVESTMENT & RURAL DEVELOPMENT, FARMERS
COMMERCIAL BANK, AKA FARMERS BANK FOR INVESTMENT AND RURAL
DEVELOPMENT, AKA SUDAN COMMERCIAL BANK, AKA FARMERS BANK FOR
INVESTMENT & RURAL DEVELOPMENT, FRIENDSHIP SPINNING FACTORY, FOOD
INDUSTRIES CORPORATION, FORESTS NATIONAL CORPORATION, GEZIRA
TANNERY, GEZIRA AUTOMOBILE COMPANY, AKA EL GEZIRA AUTOMOBILE
COMPANY, GEZIRA SCHEME, AKA SUDAN GEZIRA BOARD, GEZIRA TRADE AND
SERVICES COMPANY LIMITED, AKA GEZIRA TRADE & SERVICES COMPANY
LIMITED, GEZIRA TRADE & SERVICES COMPANY LIMITED, AKA GEZIRA TRADE
AND SERVICES COMPANY LIMITED, GIAD AUTOMOTIVE COMPANY, AKA GIAD
AUTOMOTIVE INDUSTRY COMPANY LIMITED, AKA GIAD CARS & HEAVY
TRUCKS COMPANY, GIAD CARS AND HEAVY TRUCKS COMPANY, GIAD
AUTOMOTIVE AND TRUCK, AKA GIAD AUTO, AKA GIAD AUTOMOTIVE, GIAD
AUTOMOTIVE AND TRUCK, AKA GIAD AUTOMOTIVE COMPANY, AKA GIAD
AUTOMOTIVE INDUSTRY COMPANY LIMITED, AKA GIAD CARS & HEAVY
TRUCKS COMPANY, AKA GIAD CARS AND HEAVY TRUCKS COMPANY, GIAD
AUTOMOTIVE INDUSTRY COMPANY LIMITED, AKA GIAD AUTOMOTIVE
COMPANY, AKA GIAD CARS & HEAVY TRUCKS COMPANY, AKA GIAD CARS
AND HEAVY TRUCKS COMPANY, AKA GIAD AUTOMOTIVE AND TRUCK, GIAD
CARS & HEAVY TRUCKS COMPANY, AKA GIAD AUTOMOTIVE COMPANY, AKA
GIAD AUTOMOTIVE INDUSTRY COMPANY LIMITED, AKA GIAD CARS AND
HEAVY TRUCKS COMPANY, AKA GIAD AUTOMOTIVE AND TRUCK, GIAD CARS
& HEAVY TRUCKS COMPANY, AKA GIAD AUTOMOTIVE COMPANY, AKA GIAD
AUTOMOTIVE INDUSTRY COMPANY LIMITED, AKA GIAD CARS AND HEAVY
TRUCKS COMPANY, AKA GIAD AUTOMOTIVE AND TRUCK, GIAD INDUSTRIAL
GROUP, AKA SUDAN MASTER TECH, AKA SUDAN MASTER TECHNOLOGY, AKA
GIAD INDUSTRIAL CITY, GINEID SUGAR FACTORY, GIAD CARS AND HEAVY
TRUCKS COMPANY, AKA GIAD AUTOMOTIVE COMPANY, AKA GIAD
AUTOMOTIVE INDUSTRY COMPANY LIMITED, AKA GIAD CARS & HEAVY
TRUCKS COMPANY, AKA GIAD AUTOMOTIVE AND TRUCK, GIAD MOTOR
INDUSTRY COMPANY LIMITED, GIAD INDUSTRIAL CITY, AKA GIAD INDUSTRIAL
GROUP, AKA SUDAN MASTER TECH, AKA SUDAN MASTER TECHNOLOGY, GIAD
MOTOR COMPANY, AKA GIAD MOTOR INDUSTRY COMPANY LIMITED, GREATER
NILE PETROLEUM OPERATING COMPANY LIMITED, AKA GNPOC, GNPOC, AKA
GREATER NILE PETROLEUM OPERATING COMPANY LIMITED, GROUPED
INDUSTRIES CORPORATION, HAGGAR ASSALAYA SUGAR FACTORY, HI TECH

GROUP, AKA HIGH TECH GROUP, AKA HIGHTECH GROUP, AKA HITECH GROUP, HICONSULT, AKA HI-CONSULT, GUM ARABIC COMPANY LTD., AKA GUM ARABIC COMPANY, AKA GAC, HICOM, AKA HI-COM, GUNEID SUGAR COMPANY LIMITED, AKA GUNEID SUGAR FACTORY, HI-COM, AKA HICOM, GUNEID SUGAR FACTORY, AKA GUNEID SUGAR COMPANY LIMITED, HI-CONSULT, AKA HICONSULT, HIGH TECH GROUP, AKA HI TECH GROUP, AKA HIGHTECH GROUP, AKA HITECH GROUP, HIGHTECH GROUP, AKA HI TECH GROUP, AKA HIGH TECH GROUP, AKA HITECH GROUP, HI-TECH CHEMICALS, ICDB, AKA ISLAMIC CO-OPERATIVE DEVELOPMENT BANK, HITECH GROUP, AKA HI TECH GROUP, AKA HIGH TECH GROUP, AKA HIGHTECH GROUP, HI-TECH PETROLEUM GROUP, INDUSTRIAL BANK COMPANY FOR TRADE & DEVELOPMENT LIMITED, AKA INDUSTRIAL BANK COMPANY FOR TRADE & DEVELOPMENT LIMITED, INDUSTRIAL BANK COMPANY FOR TRADE & DEVELOPMENT LIMITED, AKA INDUSTRIAL BANK COMPANY FOR TRADE & DEVELOPMENT LIMITED, INDUSTRIAL PRODUCTION CORPORATION, INGASSANA MINES HILLS CORPORATION, AKA INGESSANA HILLS MINES CORPORATION, INDUSTRIAL BANK OF SUDAN, AKA EL NILEIN INDUSTRIAL DEVELOPMENT BANK GROUP, INDUSTRIAL RESEARCH AND CONSULTANCY INSTITUTE, JUBA DUTY FREE SHOP, INGESSANA HILLS MINES CORPORATION, AKA INGASSANA MINES HILLS CORPORATION, ISLAMIC COOPERATIVE DEVELOPMENT BANK, AKA ICDB, KARIMA DATE FACTORY, KARIMA FRUIT AND VEGETABLE CANNING FACTORY, KASSALA FRUIT PROCESSING COMPANY, KASSALA ONION DEHYDRATION FACTORY, KENAF SOCKS FACTORY, KENANA SUGAR COMPANY LTD., KENANA FRIESLAND DAIRY, KENANA ENGINEERING AND TECHNICAL SERVICES, KENANA INTEGRATED AGRICULTURAL SOLUTIONS, KHARTOUM GUM ARABIC PROCESSING COMPANY, KHARTOUM CENTRAL FOUNDRY, KHARTOUM TANNERY, KHARTOUM COMMERCIAL AND SHIPPING COMPANY LIMITED, KHARTOUM REFINERY COMPANY LTD., KHOR OMER ENGINEERING COMPANY, KRIKAH INDUSTRIES GROUP, KORDOFAN AUTOMOBILE COMPANY, AKA COPTRADE ENG AND AUTOMOBILE SERVICES CO LTD., KORDOFAN COMPANY, LEATHER INDUSTRIES CORPORATION, AKA LEATHER INDUSTRIES TANNERIES, MANGALA SUGAR FACTORY, LEATHER INDUSTRIES TANNERIES, AKA LEATHER INDUSTRIES CORPORATION, MALUT SUGAR FACTORY, MILITARY COMMERCIAL CORPORATION, MASPIO CEMENT CORPORATION, MAY ENGINEERING COMPANY, MINISTRY OF AGRICULTURE AND IRRIGATION OF THE REPUBLIC OF SUDAN, MINISTRY OF ANIMAL AND FISHERY RESOURCES AND PASTURES OF THE REPUBLIC OF SUDAN, MINISTRY OF COMMERCE OF THE REPUBLIC OF SUDAN, MINISTRY OF ENVIRONMENT, FORESTS AND PHYSICAL DEVELOPMENT OF THE REPUBLIC OF SUDAN, MINISTRY OF CULTURE AND INFORMATION OF THE REPUBLIC OF SUDAN, MINISTRY OF ELECTRICITY & WATER RESOURCES OF THE REPUBLIC OF SUDAN, MINISTRY OF ENERGY AND MINING OF THE REPUBLIC OF SUDAN, MINISTRY OF FEDERAL GOVERNANCE OF THE REPUBLIC OF SUDAN, MINISTRY OF FINANCE AND NATIONAL ECONOMY OF THE REPUBLIC OF SUDAN, MINISTRY OF FOREIGN AFFAIRS OF THE REPUBLIC OF SUDAN, MINISTRY OF FOREIGN TRADE OF THE REPUBLIC OF SUDAN, MINISTRY OF GUIDANCE AND

ENDOWMENTS OF THE REPUBLIC OF SUDAN, MINISTRY OF HEALTH OF THE REPUBLIC OF SUDAN, MINISTRY OF HIGHER EDUCATION AND SCIENTIFIC RESEARCH OF THE REPUBLIC OF SUDAN, MINISTRY OF HUMAN RESOURCES DEVELOPMENT & LABOR OF THE REPUBLIC OF SUDAN, MINISTRY OF HUMANITARIAN AFFAIRS OF THE REPUBLIC OF SUDAN, MINISTRY OF INFORMATION AND COMMUNICATIONS OF THE REPUBLIC OF SUDAN, MINISTRY OF INDUSTRY OF THE REPUBLIC OF SUDAN, MINISTRY OF INTERIOR OF THE REPUBLIC OF SUDAN, MINISTRY OF INVESTMENT OF THE REPUBLIC OF SUDAN, MINISTRY OF JUSTICE OF THE REPUBLIC OF SUDAN, MINISTRY OF MINERALS OF THE REPUBLIC OF SUDAN, MINISTRY OF OIL OF THE REPUBLIC OF SUDAN, MINISTRY OF SOCIAL WELFARE, WOMAN AND CHILD AFFAIRS OF THE REPUBLIC OF SUDAN, MINISTRY OF PARLIAMENTARY AFFAIRS OF THE REPUBLIC OF SUDAN, MINISTRY OF PUBLIC EDUCATION OF THE REPUBLIC OF SUDAN, MINISTRY OF SCIENCE AND TECHNOLOGY OF THE REPUBLIC OF SUDAN, MINISTRY OF YOUTH AND SPORT OF THE REPUBLIC OF SUDAN, MINISTRY OF TOURISM, ANTIQUITIES AND WILDLIFE OF THE REPUBLIC OF SUDAN, MINISTRY OF TRANSPORT, ROADS AND BRIDGES OF THE REPUBLIC OF SUDAN, MINISTRY OF WELFARE AND SOCIAL SECURITY OF THE REPUBLIC OF SUDAN, MODERN ELECTRONIC COMPANY, MODERN LAUNDRY BLUE FACTORY, AKA THE MODERN LAUNDRY BLUE FACTORY, NATIONAL CIGARETTES CO. LTD., MODERN PLASTIC & CERAMICS INDUSTRIES COMPANY, AKA MODERN PLASTIC AND CERAMICS INDUSTRIES COMPANY, MODERN PLASTIC AND CERAMICS INDUSTRIES COMPANY, AKA MODERN PLASTIC & CERAMICS INDUSTRIES COMPANY, NATIONAL COTTON AND TRADE COMPANY, NATIONAL ELECTRICITY CORPORATION, AKA SUDAN NATIONAL ELECTRICITY CORPORATION, AKA NATIONAL ELECTRICITY CORPORATION (SUDAN), NATIONAL REINSURANCE COMPANY (SUDAN) LIMITED, NEW HAIFA SUGAR FACTORY, NEW KHARTOUM TANNERY, NEW HALFA SUGAR COMPANY, AKA NEW HALFA SUGAR FACTORY COMPANY LIMITED, NILE CEMENT FACTORY, NEW HALFA SUGAR FACTORY COMPANY LIMITED, AKA NEW HALFA SUGAR COMPANY, NILE CEMENT COMPANY LIMITED, OMDURMAN SHOE FACTORY, NILEIN INDUSTRIAL DEVELOPMENT BANK, (SUDAN), AKA EL NILEIN BANK, AKA EL NILEIN INDUSTRIAL DEVELOPMENT BANK, (SUDAN), AKA EL NILEIN INDUSTRIAL DEVELOPMENT BANK GROUP, PLASTIC SACKS FACTORY, AKA SACKS FACTORY, NORTHWEST SENNAR SUGAR FACTORY, PORT SUDAN EDIBLE OILS STORAGE CORPORATION, OIL CORPORATION, PORT SUDAN COTTON AND TRADE COMPANY, AKA PORT SUDAN COTTON COMPANY, PETROHELP PETROLEUM COMPANY LIMITED, PORT SUDAN DUTY FREE SHOP, PETROLEUM GENERAL ADMINISTRATION, POSTS AND TELEGRAPHS PUBLIC CORPORATION, AKA POSTS & TELEGRAPHS CORP., PORT SUDAN COTTON COMPANY, AKA PORT SUDAN COTTON AND TRADE COMPANY, RABAK OIL MILL, PORT SUDAN REFINERY LIMITED, PUBLIC CORPORATION FOR IRRIGATION AND EXCAVATION, PORT SUDAN SPINNING FACTORY, PUBLIC CORPORATION FOR BUILDING AND CONSTRUCTION, RAINBOW FACTORIES, PUBLIC CORPORATION FOR OIL PRODUCTS AND PIPELINES, PUBLIC ELECTRICITY AND WATER CORPORATION,

CENTRAL ELECTRICITY AND WATER CORPORATION, REA SWEET FACTORY, RAM ENERGY COMPANY LIMITED, RED SEA HILLS MINERALS COMPANY, RED SEA STEVEDORING, SACKS FACTORY, AKA PLASTIC SACKS FACTORY, REFRIGERATION AND ENGINEERING IMPORT COMPANY, SFZ, AKA SUDANESE FREE ZONES AND MARKETS COMPANY, ROADS AND BRIDGES PUBLIC CORPORATION, SENNAR SUGAR COMPANY LIMITED, SHEIKAN INSURANCE AND REINSURANCE COMPANY LIMITED, AKA SHEIKAN INSURANCE COMPANY, SHERIEK MICA PROJECT, AKA SHEREIK MICA MINES COMPANY, SHEIKAN INSURANCE COMPANY, AKA SHEIKAN INSURANCE AND REINSURANCE COMPANY LIMITED, SHEREIK MICA MINES COMPANY, AKA SHERIEK MICA PROJECT, SRC, AKA SUDAN RAILWAYS CORPORATION, SILOS AND STORAGE CORPORATION, SRDC, AKA SUDAN RURAL DEVELOPMENT COMPANY LIMITED, SPINNING AND WEAVING CORPORATION, STATE TRADING COMPANY, AKA STATE TRADING CORPORATION, SUDAN AIR, AKA SUDAN AIRWAYS, AKA SUDAN AIRWAYS CO. LTD., STATE CORPORATION FOR CINEMA, SUDAN COMMERCIAL BANK, FKA FARMERS BANK FOR INVESTMENT & RURAL DEVELOPMENT, AKA FARMERS BANK FOR INVESTMENT AND RURAL DEVELOPMENT, AKA FARMERS COMMERCIAL BANK, STATE TRADING CORPORATION, AKA STATE TRADING COMPANY, SUDAN AIRWAYS, AKA SUDAN AIRWAYS CO. LTD., AKA SUDAN AIR, SUDAN COTTON COMPANY, SUDAN EXHIBITION AND FAIRS CORPORATION, SUDAN ADVANCED RAILWAYS, SUDAN COTTON COMPANY LIMITED, SUDAN DEVELOPMENT CORPORATION, SUDAN GEZIRA BOARD, AKA GEZIRA SCHEME, SUDAN MASTER TECH, AKA GIAD INDUSTRIAL CITY, AKA GIAD INDUSTRIAL GROUP, AKA SUDAN MASTER TECHNOLOGY, SUDAN MASTER TECHNOLOGY, AKA GIAD INDUSTRIAL CITY, AKA GIAD INDUSTRIAL GROUP, AKA SUDAN MASTER TECH, SUDAN NATIONAL BROADCASTING CORPORATION, AKA SUDAN RADIO & TV CORP., AKA SUDAN RADIO AND TV CORP., AKA SUDAN T.V. CORPORATION, SUDAN OIL CORPORATION, SUDAN NATIONAL INFORMATION CENTER, SUDAN OLYMPIC COMMITTEE, SUDAN NATIONAL PETROLEUM COMPANY, AKA SUDAN PETROLEUM COMPANY LIMITED, AKA SUDAPET, AKA SUDAPET LTD., SUDAN OIL SEEDS COMPANY LIMITED, SUDAN PETROLEUM COMPANY LIMITED, AKA SUDAPET, AKA SUDAPET LTD., AKA SUDAN NATIONAL PETROLEUM COMPANY, SUDAN-REN CHEMICALS & FERTILIZERS LTD., SUDAN RURAL DEVELOPMENT COMPANY LIMITED, SUDAN RADIO & TV CORP., AKA SUDAN NATIONAL BROADCASTING CORPORATION, AKA SUDAN RADIO AND TV CORP., AKA SUDAN T.V. CORPORATION, SUDAN SOAP CORPORATION, SUDAN RADIO AND TV CORP., AKA SUDAN NATIONAL BROADCASTING CORPORATION, AKA SUDAN T.V. CORPORATION, AKA SUDAN RADIO & TV CORP., SUDAN RAILWAYS CORPORATION, AKA SRC, SUDAN SHIPPING LINE, AKA SUDAN SHIPPING, SUDAN T.V. CORPORATION, AKA SUDAN NATIONAL BROADCASTING CORPORATION, AKA SUDAN RADIO AND TV CORP., AKA SUDAN RADIO & TV CORP., SUDAN TEA COMPANY, LTD., SUDAN TELECOM, AKA SUDAN TELECOM GROUP, AKA SUDATEL TELECOM GROUP, AKA SUDATEL, SUDAN TELECOM GROUP, AKA SUDAN TELECOM, AKA SUDATEL TELECOM GROUP, AKA

SUDATEL, SUDAN TELECOMMUNICATIONS COMPANY LIMITED, AKA SUDATEL, SUDATEL INVESTMENTS, SUDATEL TELECOM GROUP, AKA SUDATEL, AKA SUDAN TELECOM GROUP, SUDATEL, AKA SUDAN TELECOM, AKA SUDATEL TELECOM GROUP, AKA SUDAN TELECOM GROUP, SUDANESE ESTATES BANK, SUDAN WAREHOUSING COMPANY, SUDANESE COMPANY FOR BUILDING AND CONSTRUCTION LIMITED, SUDANESE FREE ZONES AND MARKETS COMPANY, AKA SFZ, SUDANESE INTERNATIONAL TOURISM COMPANY, SUDANESE REAL ESTATE SERVICES COMPANY, SUDANESE MINING CORPORATION, SUDANESE PETROLEUM CORPORATION, SUDANESE SUGAR COMPANY, AKA SUDANESE SUGAR PRODUCTION COMPANY LIMITED, SUDANESE SAVINGS BANK, SUDANESE STANDARDS & METEROLOGY ORGANIZATION, SUDANESE SUGAR PRODUCTION COMPANY LIMITED, AKA SUDANESE SUGAR COMPANY, SUDAPET LTD., AKA SUDAN PETROLEUM COMPANY LIMITED, AKA SUDAN NATIONAL PETROLEUM COMPANY, AKA SUDAPET, SUDAPET, AKA SUDAN PETROLEUM COMPANY LIMITED, AKA SUDAN NATIONAL PETROLEUM COMPANY, AKA SUDAPET LTD., SUDATEL, AKA SUDAN TELECOMMUNICATIONS COMPANY LIMITED, TAHEER PERFUMERY CORPORATION, SUGAR AND DISTILLING CORPORATION, AKA SUGAR AND DISTILLING INDUSTRY CORPORATION, SUGAR AND DISTILLING INDUSTRY CORPORATION, AKA SUGAR AND DISTILLING CORPORATION, TAKA AUTOMOBILE COMPANY, AKA EL TAKA AUTOMOBILE COMPANY, TEA PACKETING AND TRADING COMPANY, TAHREER PERFUMERY CORPORATION, THE MODERN LAUNDRY BLUE FACTORY, AKA MODERN LAUNDRY BLUE FACTORY, TOURISM AND HOTELS CORPORATION, WAFRA PHARMA LABORATORIES, AKA WAFRA PHARMACEUTICALS, AKA WAFRAPHARMA LABORATORIES, WAU FRUIT AND VEGETABLE CANNING FACTORY, WAFRA PHARMACEUTICALS, AKA WAFRAPHARMA LABORATORIES, AKA WAFRA PHARMA LABORATORIES, WHITE NILE BATTERY COMPANY, WAD MADANI DUTY FREE SHOP, WAFRAPHARMA LABORATORIES, AKA WAFRAPHARMA LABORATORIES, AKA WAFRA PHARMA LABORATORIES, WHITE NILE PETROLEUM OPERATING COMPANY, AKA WNPOC, WAFRA CHEMICALS & TECHNO-MEDICAL SERVICES LIMITED, AKA WAFRA CHEMICALS AND TECHNO-MEDICAL SERVICES LIMITED, WHITE NILE TANNERY, WAFRA CHEMICALS AND TECHNOMEDICAL SERVICES LIMITED, AKA WAFRA CHEMICALS & TECHNOMEDICAL SERVICES LIMITED,

*Defendants,*

NATIONAL BANK OF EGYPT, CREDIT AGRICOLE CORPORATE
AND INVESTMENT BANK,

*Respondents.*

# TABLE OF CONTENTS

STATEMENT OF JURISDICTION..........................................................................1

STATEMENT OF THE ISSUES...........................................................................1

SUMMARY OF ARGUMENT ...............................................................................2

   STATEMENT OF THE CASE ............................................................................3

STANDARD OF REVIEW ....................................................................................4

ARGUMENT ..........................................................................................................4

   Improper service of process bars the Plaintiffs from collecting on the
   underlying judgment without any past or current notice to Appellant...............4

   Issue 2 .............................................................................................................10

   Payment from blocked assets in post default judgment collection efforts
   requires action by the US government on a case specific basis. ......................11

CONCLUSION .....................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*40 D 6262 Realty Corporation v. United Arab Emirates Government,*
  447 F. Supp. 710 (S.D.N.Y. 1978) ...........................................................................5

*Abur v. Republic of Sudan*, 437 F. Supp. 2d 166, 172 (D.D.C. 2006)......................8

*Alberti v. Empresa Nicaraguense de la Carre,* 705 F. 2d 250 (7th Cir. 1983) ........5

*Argentine Republic v. Amerada Hess Shipping Corp.*,
  488 U.S. 428, 434, 109 S. Ct. 683, 102 L. Ed. 2d 818 (1989) ...............................8

*Hamilton v. Atlas Turner, Inc.,* 197 F.3d 58, 61 (2d Cir. 1999).............................10

*Heiser v. Bank of Tokyo Mitsubishi UFJ, New York Branch*,
  919 F. Supp. 2d 411 .................................................................................................3

*Heiser v. Islamic Republic of Iran*, 807 F. Supp. 2d 9, 23 (D.D.C. 2011) ...............3

*Kremer v. Chem. Constr. Corp.,* 456 U.S. 461 (U.S. 1982) ......................................4

*Opati v. Republic of Sudan*, 2013 U.S. Dist. LEXIS 152608, 12
  (D.D.C. Oct. 22, 2013)..............................................................................................7

*Rick Harrison, et al. v. Republic of Sudan*, (No. 1:10cv1689).............................2, 6

*Rick Harrison, et al. v. The Republic of Sudan* (No. 1:13cv3127)...........................2

*Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983).............................8

*Weininger v. Castro*, 462 F. Supp. 2d 457 (S.D.N.Y. 2006).................................3, 4

**Statutes**

28 U.S.C. §1605A ......................................................................................................2

28 U.S.C. §1610.................................................................................................. 1, 11

28 U.S.C. §1608(a) ............................................................................................. 6, 10

**Other Authorities**

Attorney Manual for Service of Process on a Foreign Defendant,
  US District Court for the District of Columbia 2009 .............................................8

H.R. Rep. No. 94-1487, 94th Cong., 2d Sess. (1976)................................................5

## STATEMENT OF JURISDICTION

This is an appeal from three turnover orders from December 12, 2013, December 13, 2013 and January 6, 2014 in a civil case in the District of New York (Hon. Analisa Torres, J.). Judgments entered on December 12, 2013, December 13, 2013 and January 6, 2014. A-65 and the district court had subject matter jurisdiction over this matter under 18 U.S.C. § 1610. The defendant filed a timely notice of appeal under Fed. R. App. P. 4(b) on January 13, 2013. A-108. This Court has jurisdiction over the defendant's appeal pursuant to 18 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1. Whether the district court erred in turning over assets under 28 U.S.C. § 1610 without notice to Appellant where the underlying judgment was improperly served on Appellant.

2. Whether the district court erred in holding that past Statements of Interest from the US Justice Department apply in all future cases involving collection of judgments from blocked assets.

1

## SUMMARY OF ARGUMENT

Appellant Republic of Sudan (Sudan) files this brief in support of its appeal seeking reversal of a lower court's ruling ordering payment from Appellant's blocked funds in New York financial institutions barring a cause of action pursuant to 28 U.S.C. § 1605A in *Rick Harrison, et al. v. The Republic of Sudan* (No. 1:13cv3127) in the Southern District of New York based on a case with the same title *Rick Harrison, et al. v. Republic of Sudan*, (No. 1:10cv1689) (Harrison DC) Sudan reiterates its strong condemnation of the bombing of the *U.S.S. Cole*, an act of terrorism that murdered 17 United States service members, injured many others, and caused unimaginable suffering for the sailors' families. The government of Sudan works closely with the United States government in combating terrorism, and it supports appropriate efforts to seek redress from those who perpetrate or support terrorist acts.[1]

Appellant's appeal raises two issues: whether the district court properly ordered Respondent financial institutions to turn over Sudan's assets with 1) neither notice nor 2) a license from the US Department of Treasury's Office of Foreign Assets Control (OFAC).

---

[1] *See*, Remarks with Sudanese Foreign Minister Ali Ahmed Karti, (accessible at http://www.state.gov/secretary/20092013clinton/rm/2011/01/155389.htm).

## STATEMENT OF THE CASE

On October 10, 2010, sailors serving in the US Navy who were injured in the bombing of the USS Cole sued Sudan in US District Court for the District of Columbia. *See* Harrison DC. On March 2012 without a trial, the Court in Washington, DC entered a default judgment in the amount of $313 million. On May 9, 2013, Plaintiffs filed this presently appealed action in the US District Court for the Southern District of New York seeking collection of the Harrison DC judgment from Respondent banks holding assets of the Republic of Sudan. The district court granted the petition for turnover of these assets without a hearing.[2] In its three turnover orders of December 12, 2013, December 13, 2013 and January 6, 2014, (*See* ECF documents 20, 21 and 23) the district court ruled that an "OFAC license is not necessary to disburse these funds and no notice is necessary to the Sudanese agencies and instrumentalities," citing cases from the District of Southern New York and District of Columbia involving payment of claims against Iran and Cuba. *Heiser v. Bank of Tokyo Mitsubishi UFJ, New York Branch*, 919 F. Supp. 2d 411, 422 (S.D.N.Y. 2013); *Heiser v. Islamic Republic of Iran*, 807 F. Supp. 2d 9, 23 (D.D.C. 2011); *Weininger v. Castro*, 462 F. Supp. 2d 457 (S.D.N.Y.

---

[2] After Sudan's timely filing of this appeal of these three turnover orders, Plaintiffs on March 5, 2014 filed an Omnibus Turnover Petition with the district court. *See* ECF Document 39. Certain Respondent banks have filed objections and for which other banks have received a deadline of May 16th to file responsive pleadings. *See* ECF Document No. 115.

3

2006). No proper service was made on Sudan and no opportunity to contest the turnover was presented except by this present and timely appeal of the three turnover orders.

## STANDARD OF REVIEW

The standard of review of a turnover order is abuse of discretion.

## ARGUMENT

**Improper service of process bars the Plaintiffs from collecting on the underlying judgment without any past or current notice to Appellant.**

One of the cases cited by the district court in ordering the turnover of assets to the Plaintiffs states the proposition that "A federal court may not enforce a judgment that is constitutionally defective because it was entered in violation of the defendant's due process rights. *See Weininger*, 462 F Supp. 2d at 476 (*citing Kremer v. Chem. Constr. Corp.,* 456 U.S. 461 (U.S. 1982) at 482-83 that "This rule permits the enforcing court to decline enforcement not only on the basis of lack of jurisdiction, as discussed above, but also 'if the procedures utilized in the original forum were in other respects so deficient as to reflect an absence of due process.'"). What due process rights were not afforded the foreign state defendant? The FSIA provides the exclusive methods for effecting service of process on a

foreign state, political subdivision, agency or instrumentality. *See* H.R. Rep. No. 94-1487, 94th Cong., 2d Sess. (1976), reprinted in 1976 U.S. Code Cong. & Ad. News 6604, 6622-23. Service on a foreign embassy in the United States or mission to the United Nations is not one of the methods of service provided in the Act. Plaintiff's own action and the trial docket confirm that service by the clerk of the court was made by domestic mail to the Embassy of Sudan in Washington, DC. Service should have been made by international mail or courier to the Ministry of Foreign Affairs in Khartoum, Sudan. Even though an unnamed person signed for the domestic delivery of the complaint, such service was improper and any waiver by Sudan is not valid. For the proposition that service is governed by the statute *see, e.g.*, *Gray v. Permanent Mission of the People's Republic of the Congo to the United Nations,* 443 F. Supp. 816 (S.D.N.Y. 1978)*; 40 D 6262 Realty Corporation v. United Arab Emirates Government,* 447 F. Supp. 710 (S.D.N.Y. 1978)*; Alberti v. Empresa Nicaraguense de la Carre,* 705 F. 2d 250 (7th Cir. 1983).

The district court incorrectly held that its turnover orders need not be served on Sudan nor was the attachment action filed by Plaintiff required to be served on Sudan. As such, the district court's decision operates as a bar to the Appellant's

rights for service as a foreign sovereign absent any statutory authority even against a foreign state on the State Department's list of state sponsors of terrorists.

The district court also erred in ordering turnover of assets on an underlying default judgment which was improperly served by Plaintiffs and the federal court clerk. The Foreign Sovereign Immunity Act provides the exclusive methods for effecting service of process on a foreign state, political subdivision, agency or instrumentality. *See* 28 USC §1608(a). In the underlying case of *Harrison, et al. v. Republic of Sudan* in the *Harrison* DDC, on November 17, 2010, Plaintiffs through counsel sought service upon Defendant, Appellant herein, through certified mail on the Embassy of Sudan in Washington, DC. *See* Harrison DDC CM/ECF Document 10. On November 18, 2010, the clerk of the underlying Court in Washington, DC signed an affidavit certifying that a Summons, Complaint and translation was mailed by Certified Mail to the Embassy of Sudan in Washington, DC. *See* Harrison DDC CM/ECF Document 11. There are four exclusive means to effect service of process on a foreign state defendant, which are strictly construed. Where the Embassy or Mission of that foreign state itself is not a defendant for its actions such as a lease or property dispute, delivery of a summons on a US mission of that foreign state does not qualify as proper service. According to 28 USC §1608(a):

6

Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

(2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

(3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

(4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

See, *Opati v. Republic of Sudan*, 2013 U.S. Dist. LEXIS 152608, 12 (D.D.C. Oct. 22, 2013) ("That is because 'the FSIA provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country,' and unless service of

process has been made properly under section 1608, the Court will not have personal jurisdiction over the foreign state defendants here. *Abur v. Republic of Sudan*, 437 F. Supp. 2d 166, 172 (D.D.C. 2006) (quoting *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434, 109 S. Ct. 683, 102 L. Ed. 2d 818 (1989)). Plaintiffs must effect service under section 1608 by complying with its terms, and this Court may not prospectively opine as to whether plaintiffs' proposed course of action would meet those terms. Instead, plaintiffs are advised simply to adhere strictly to the terms of section 1608(a) in effecting service. *See*, e.g., Attorney Manual for Service of Process on a Foreign Defendant, US District Court for the District of Columbia, April 2009, p. 4 (". . . the service provisions of the FSIA do not provide for mail service on diplomatic missions in the U.S.") (accessible at http://tinyurl.com/n3ap65q). No attempt was made to serve the Republic of Sudan at the Ministry of Foreign Affairs in Khartoum or by any of these four exclusive means.

In cases of improper service whether on a private or foreign defendant, the proper remedy in this Circuit is to dismiss the case without prejudice or to grant leave to Plaintiffs to effect proper service. Courts in the 2nd Circuit have favorably cited this 4th Circuit standard. *See Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983) ". . . [w]e find that the action should not have been dismissed until

8

the plaintiffs were given a reasonable opportunity to attempt to effect valid service of process on the defendant . . .") Service on a foreign embassy in the United States or mission to the United Nations is not one of the methods of service provided in the Act. *See* Attorney Manual for Service of Process on a Foreign Defendant, US District Court for the District of Columbia 2009, p. 4[3]. A review of the docket of the underlying case in the US District Court for the District of Columbia shows service was made upon the Sudanese Embassy in Washington. See ECF Document 14. Finally, preventing the turnover ordered from being implemented is manifestly in the interest of justice as Sudan has not been linked to the bombing of the *USS Cole* by either the governments of Yemen, the United States or any investigative agency. Appellants timely filed the instant appeal. (J.A. at 39.). The bombing of the *U.S.S. Cole* occurred on October 12, 2000. The District Court erred in *sua sponte* raising the issue of lack of notice required against a defenseless and non-liable party, the Republic of Sudan.  The issue raised here is whether a federal district court may enforce a judgment that has constitutional flaws. Appellant asserts that it has a right to be notified of any collection activities on its assets. The district court's holding that no notice is required and no inquiry into the underlying judgment's validity amounts to waiving any defenses or claims Sudan has on

---

[3]Available online at
http://www.dcd.uscourts.gov/dcd/sites/dcd/files/AttyFMManualANDAttach.pdf

claiming that Plaintiffs have improper jurisdiction on it or its assets in the US, albeit blocked assets in New York financial institutions. Notwithstanding the foregoing, Sudan never waived any defenses by failing to assert any defenses in a responsive pleading, because it never filed a responsive pleading. Any defense was therefore not "waived," because "the term 'waiver' is best reserved for a litigant's intentional relinquishment of a known right." *See Hamilton v. Atlas Turner, Inc.,* 197 F.3d 58, 61 (2d Cir. 1999). As stated earlier, *supra*, service in this case was invalid pursuant to the Foreign Sovereign Immunities Act (FISA) 28 U.S.C. § 1608 and Sudan had not even been provided an opportunity to challenge jurisdiction and raise other valid defenses in the underlying case in *Harrison* DC.

**Issue 2**

The district court incorrectly held that the Appellant's blocked assets could be attached and turned over to Plaintiffs with neither a license which was not sought by Plaintiffs or Respondent financial institutions, nor a specific Statement of Interest from the United States, which was sought neither by the Plaintiffs nor the district court. The question of whether the Appellant is entitled to protection of its blocked assets, as opposed to forfeited assets, is well engrained in civil enforcement laws affording a higher evidentiary standard to seize rather than freeze an entity's assets. Regardless, even a foreign state deemed by the United

State government as a sponsor of terrorism should not be barred from challenging a turnover order which was made without even notice to the US government through a license or Statement that a Respondent bank was being ordered to transfer blocked assets.

**Payment from blocked assets in post default judgment collection efforts requires action by the US government on a case specific basis.**

The cases cited by the district court in approving the turnover petitions being appealed involved court-requested Statement of Interests (Statements) from the US Justice Department to enforce prior judgments against agencies and instrumentalities of the Republic of Iran.  US Attorneys of these districts specifically took a position on attachment of assets on proper judgments under Section 201(a) of the Terrorism Risk Insurance Act of 2002 (TRIA), codified as a note to 28 U.S.C. § 1610. The district court, without any detailed analysis of the role of a Statement of Interest applies an unsubstantiated principle that a Statements in those cited cases waives the need for an OFAC license in any and all collection activities to ever come again before a federal court. The district court's reliance on Statements in case-specific contexts does not overturn decades of implementation of the sanctions regime by the US Department of Treasury. The present case is distinguishable from *Heiser* in that the *Harrison* Plaintiffs or district

court in the presently appealed turnover action did not seek a license from the US

Treasury Department or a Statement of Interest from the US Justice Department.

## CONCLUSION

For all of the foregoing reasons, Appellant requests that this Court reverse

the district court's three turnover orders and remand the case for an inquiry into the

improper service of the underlying *Harrison* DC case, notice to Appellant and, in

the alternative, an application for an OFAC license to effectuate the turnover.

Dated: May 14, 2014                    Respectfully submitted,

                                       /s/ Asim Ghafoor
                                       Asim Ghafoor
                                       Law Office of Asim Ghafoor
                                       1101 30th Street NW
                                       (202) 625-4393 (T)
                                       (832) 202-2076 (F)
                                       *Counsel for Appellant*

## Certification per Fed. R. App. P. 32(a)(7)(C)

This is to certify that the foregoing brief complies with the 14,000 word limitation requirement of Fed. R. App. P. 32(a)(7)(B), in that the brief is calculated by the word processing program to contain 2,672 words, exclusive of the Table of Contents and Table of Authorities and Appendix.

Dated: May 14, 2014                    Respectfully submitted,

                                       /s/ Asim Ghafoor
                                       Asim Ghafoor
                                       Law Office of Asim Ghafoor
                                       1101 30th Street NW
                                       (202) 625-4393 (T)
                                       (832) 202-2076 (F)
                                       *Counsel for Appellant*