# 14-121-cv

IN THE

## United States Court of Appeals

**FOR THE SECOND CIRCUIT**

RICK HARRISON, JOHN BUCKLEY, III, MARGARET LOPEZ, ANDY LOPEZ, KEITH LORENSEN, LISA LORENSEN, EDWARD LOVE, ROBERT MCTUREOUS, DAVID MORALES, GINA MORRIS, MARTIN SONGER, JR., SHELLY SONGER, JEREMY STEWART, KESHA STIDHAM, AARON TONEY, ERIC WILLIAMS, CARL WINGATE, TRACEY SMITH, as personal representative of the Estate of Rubin Smith,

*Plaintiffs-Appellees,*

—against—

REPUBLIC OF SUDAN, AKA SUDAN,

*Defendant-Appellant,*

(*caption continued on inside cover*)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## JOINT APPENDIX

ANDREW HALL
HALL, LAMB AND HALL, P.A.
2665 South Bayshore Drive
Miami, Florida 33133
(305) 374-5030

*Attorneys for Plaintiffs-Appellees*

ASIM GHAFOOR
LAW OFFICE OF ASIM GHAFOOR
1101 30th Street, NW, Suite 500
Washington, DC 20007
(202) 625-4393

*Attorneys for Defendant-Appellant*

Advanced Chemical Works, AKA Advanced Commercial and Chemical Works Company Limited, AKA Advanced Training and Chemical Works Company Limited, Accounts & Electronics Equipments, AKA Accounts and Electronics Equipments, Agricultural Bank of Sudan, Alaktan Cotton Trading Company, AKA Alaktan Trading Company, Advanced Commercial and Chemical Works Company Limited, AKA Advanced Chemical Works, AKA Advanced Trading and Chemical Works Company Limited, Advanced Mining Works Company Limited, Advanced Petroleum Company, AKA APCO, African Oil Corporation, Advanced Engineering Works, Advanced Trading and Chemical Works Company Limited, AKA Advanced Commercial and Chemical Works Company Limited, AKA Advanced Chemical Works, Al Sunut Development Company, AKA Alsunut Development Company, African Drilling Company, Al Pharakim, AKA Alfarachem Company Limited, AKA Alfarachem Pharmaceuticals Industries Limited, AKA Alfarakim, Alaktan Trading Company, AKA Alaktan Cotton Trading Company, Alfarachem Company Limited, AKA Al Pharakim, AKA Alfarachem Pharmaceuticals Industries Limited, AKA Alfarakim, Alfarakim, AKA Al Pharakim, AKA Alfarachem Pharmaceuticals Industries Limited, AKA Alfarachem Company Limited, Alfarachem Pharmaceuticals Industries Limited, AKA Al Pharakim, AKA Alfarakim, AKA Alfarachem Company Limited, Alsunut Development Company, AKA Al Sunut Development Company, APCO, AKA Advanced Petroleum Company, Amin El Gezai Company, AKA El Amin El Gezai Company, Arab Cement Company, Arab Sudanese Blue Nile Agricultural Company, Assalaya Sugar Company Limited, Arab Sudanese Seed Company, Arab Sudanese Vegetable Oil Company, Atbara Cement Company Limited, Automobile Corporation, Babanousa Milk Products Factory, Bank of Khartoum, Bashaier, Blue Nile Brewery, Blue Nile Packing Corporation, Central Electricity and Water Corporation, AKA Public Electricity and Water Corporation, Building Materials and refracctories Corporation, Coptrade Company Limited, Pharmaceutical and Chemical Division, Central Bureau of Statistics of the Republic of Sudan, El Amin El Gezai Company, AKA Amin El Gezai Company, Coptrade Eng and Automobile Services Co Ltd., AKA Kordofan Automobile Company, Duty Free Shops Corporation, El Nilein Bank, El Nilein Industrial Development Bank (Sudan), AKA El Nilein Industrial Development Bank Group, AKA Nilein Industrial Development Bank (Sudan), El Gezira Automobile Company, El Nilein Industrial Development Bank Group, AKA Industrial Bank of Sudan, Engineering Equipment Company, El Nilein Industrial Development Bank (Sudan), AKA El Nilein Bank, AKA El Nilein Industrial Development Bank Group, AKA Nilein Industrial Development Bank (Sudan), El Nilein Industrial Development Bank Group, AKA El Nilein

BANK, AKA NILEIN INDUSTRIAL DEVELOPMENT BANK (SUDAN), AKA EL
NILEIN INDUSTRIAL DEVELOPMENT BANK (SUDAN), EL TAKA AUTOMOBILE
COMPANY, AKA TAKA AUTOMOBILE COMPANY, EMIRATES AND SUDAN
INVESTMENTS COMPANY LIMITED, ENGINEERING EQUIPMENT CORPORATION,
EXPLORATION AND PRODUCTION AUTHORITY, (SUDAN), FARMERS BANK FOR
INVESTMENT & RURAL DEVELOPMENT, AKA FARMERS BANK FOR INVESTMENT
AND RURAL DEVELOPMENT, AKA FARMERS COMMERCIAL BANK, SUDAN
COMMERCIAL BANK, SUDAN COMMERCIAL BANK, FARMERS BANK FOR
INVESTMENT AND RURAL DEVELOPMENT, AKA FARMERS COMMERCIAL BANK,
FARMERS BANK FOR INVESTMENT & RURAL DEVELOPMENT, FARMERS
COMMERCIAL BANK, AKA FARMERS BANK FOR INVESTMENT AND RURAL
DEVELOPMENT, AKA SUDAN COMMERCIAL BANK, AKA FARMERS BANK FOR
INVESTMENT & RURAL DEVELOPMENT, FRIENDSHIP SPINNING FACTORY, FOOD
INDUSTRIES CORPORATION, FORESTS NATIONAL CORPORATION, GEZIRA
TANNERY, GEZIRA AUTOMOBILE COMPANY, AKA EL GEZIRA AUTOMOBILE
COMPANY, GEZIRA SCHEME, AKA SUDAN GEZIRA BOARD, GEZIRA TRADE AND
SERVICES COMPANY LIMITED, AKA GEZIRA TRADE & SERVICES COMPANY
LIMITED, GEZIRA TRADE & SERVICES COMPANY LIMITED, AKA GEZIRA TRADE
AND SERVICES COMPANY LIMITED, GIAD AUTOMOTIVE COMPANY, AKA GIAD
AUTOMOTIVE INDUSTRY COMPANY LIMITED, AKA GIAD CARS & HEAVY
TRUCKS COMPANY, GIAD CARS AND HEAVY TRUCKS COMPANY, GIAD
AUTOMOTIVE AND TRUCK, AKA GIAD AUTO, AKA GIAD AUTOMOTIVE, GIAD
AUTOMOTIVE AND TRUCK, AKA GIAD AUTOMOTIVE COMPANY, AKA GIAD
AUTOMOTIVE INDUSTRY COMPANY LIMITED, AKA GIAD CARS & HEAVY
TRUCKS COMPANY, AKA GIAD CARS AND HEAVY TRUCKS COMPANY, GIAD
AUTOMOTIVE INDUSTRY COMPANY LIMITED, AKA GIAD AUTOMOTIVE
COMPANY, AKA GIAD CARS & HEAVY TRUCKS COMPANY, AKA GIAD CARS
AND HEAVY TRUCKS COMPANY, AKA GIAD AUTOMOTIVE AND TRUCK, GIAD
CARS & HEAVY TRUCKS COMPANY, AKA GIAD AUTOMOTIVE COMPANY, AKA
GIAD AUTOMOTIVE INDUSTRY COMPANY LIMITED, AKA GIAD CARS AND
HEAVY TRUCKS COMPANY, AKA GIAD AUTOMOTIVE AND TRUCK, GIAD CARS
& HEAVY TRUCKS COMPANY, AKA GIAD AUTOMOTIVE COMPANY, AKA GIAD
AUTOMOTIVE INDUSTRY COMPANY LIMITED, AKA GIAD CARS AND HEAVY
TRUCKS COMPANY, AKA GIAD AUTOMOTIVE AND TRUCK, GIAD INDUSTRIAL
GROUP, AKA SUDAN MASTER TECH, AKA SUDAN MASTER TECHNOLOGY, AKA
GIAD INDUSTRIAL CITY, GINEID SUGAR FACTORY, GIAD CARS AND HEAVY
TRUCKS COMPANY, AKA GIAD AUTOMOTIVE COMPANY, AKA GIAD
AUTOMOTIVE INDUSTRY COMPANY LIMITED, AKA GIAD CARS & HEAVY
TRUCKS COMPANY, AKA GIAD AUTOMOTIVE AND TRUCK, GIAD MOTOR
INDUSTRY COMPANY LIMITED, GIAD INDUSTRIAL CITY, AKA GIAD INDUSTRIAL
GROUP, AKA SUDAN MASTER TECH, AKA SUDAN MASTER TECHNOLOGY, GIAD
MOTOR COMPANY, AKA GIAD MOTOR INDUSTRY COMPANY LIMITED, GREATER
NILE PETROLEUM OPERATING COMPANY LIMITED, AKA GNPOC, GNPOC, AKA
GREATER NILE PETROLEUM OPERATING COMPANY LIMITED, GROUPED
INDUSTRIES CORPORATION, HAGGAR ASSALAYA SUGAR FACTORY, HI TECH

Group, AKA High Tech Group, AKA HighTech Group, AKA HiTech Group, HiConsult, AKA Hi-Consult, Gum Arabic Company Ltd., AKA Gum Arabic Company, AKA GAC, Hicom, AKA Hi-Com, Guneid Sugar Company Limited, AKA Guneid Sugar Factory, Hi-Com, AKA Hicom, Guneid Sugar Factory, AKA Guneid Sugar Company Limited, Hi-Consult, AKA HiConsult, High Tech Group, AKA Hi Tech Group, AKA HighTech Group, AKA HiTech Group, HighTech Group, AKA Hi Tech Group, AKA High Tech Group, AKA HiTech Group, Hi-Tech Chemicals, ICDB, AKA Islamic Co-Operative Development Bank, HiTech Group, AKA Hi Tech Group, AKA High Tech Group, AKA HighTech Group, Hi-Tech Petroleum Group, Industrial Bank Company for Trade & Development Limited, AKA Industrial Bank Company for Trade & Development Limited, Industrial Bank Company for Trade & Development Limited, AKA Industrial Bank Company for Trade & Development Limited, Industrial Production Corporation, Ingassana Mines Hills Corporation, AKA Ingessana Hills Mines Corporation, Industrial Bank of Sudan, AKA El Nilein Industrial Development Bank Group, Industrial Research and Consultancy Institute, Juba Duty Free Shop, Ingessana Hills Mines Corporation, AKA Ingassana Mines Hills Corporation, Islamic CoOperative Development Bank, AKA ICDB, Karima Date Factory, Karima Fruit and Vegetable Canning Factory, Kassala Fruit Processing Company, Kassala Onion Dehydration Factory, Kenaf Socks Factory, Kenana Sugar Company Ltd., Kenana Friesland Dairy, Kenana Engineering and Technical Services, Kenana Integrated Agricultural Solutions, Khartoum Gum Arabic Processing Company, Khartoum Central Foundry, Khartoum Tannery, Khartoum Commercial and Shipping Company Limited, Khartoum Refinery Company Ltd., Khor Omer Engineering Company, Krikah Industries Group, Kordofan Automobile Company, AKA Coptrade Eng and Automobile Services Co Ltd., Kordofan Company, Leather Industries Corporation, AKA Leather Industries Tanneries, Mangala Sugar Factory, Leather Industries Tanneries, AKA Leather Industries Corporation, Malut Sugar Factory, Military Commercial Corporation, Maspio Cement Corporation, May Engineering Company, Ministry of Agriculture and Irrigation of the Republic of Sudan, Ministry of Animal and Fishery Resources and Pastures of the Republic of Sudan, Ministry of Commerce of the Republic of Sudan, Ministry of Environment, Forests and Physical Development of the Republic of Sudan, Ministry of Culture and Information of the Republic of Sudan, Ministry of Electricity & Water Resources of the Republic of Sudan, Ministry of Energy and Mining of the Republic of Sudan, Ministry of Federal Governance of the Republic of Sudan, Ministry of Finance and National Economy of the Republic of Sudan, Ministry of Foreign Affairs of the Republic of Sudan, Ministry of Foreign Trade of the Republic of Sudan, Ministry of Guidance and

ENDOWMENTS OF THE REPUBLIC OF SUDAN, MINISTRY OF HEALTH OF THE REPUBLIC OF SUDAN, MINISTRY OF HIGHER EDUCATION AND SCIENTIFIC RESEARCH OF THE REPUBLIC OF SUDAN, MINISTRY OF HUMAN RESOURCES DEVELOPMENT & LABOR OF THE REPUBLIC OF SUDAN, MINISTRY OF HUMANITARIAN AFFAIRS OF THE REPUBLIC OF SUDAN, MINISTRY OF INFORMATION AND COMMUNICATIONS OF THE REPUBLIC OF SUDAN, MINISTRY OF INDUSTRY OF THE REPUBLIC OF SUDAN, MINISTRY OF INTERIOR OF THE REPUBLIC OF SUDAN, MINISTRY OF INVESTMENT OF THE REPUBLIC OF SUDAN, MINISTRY OF JUSTICE OF THE REPUBLIC OF SUDAN, MINISTRY OF MINERALS OF THE REPUBLIC OF SUDAN, MINISTRY OF OIL OF THE REPUBLIC OF SUDAN, MINISTRY OF SOCIAL WELFARE, WOMAN AND CHILD AFFAIRS OF THE REPUBLIC OF SUDAN, MINISTRY OF PARLIAMENTARY AFFAIRS OF THE REPUBLIC OF SUDAN, MINISTRY OF PUBLIC EDUCATION OF THE REPUBLIC OF SUDAN, MINISTRY OF SCIENCE AND TECHNOLOGY OF THE REPUBLIC OF SUDAN, MINISTRY OF YOUTH AND SPORT OF THE REPUBLIC OF SUDAN, MINISTRY OF TOURISM, ANTIQUITIES AND WILDLIFE OF THE REPUBLIC OF SUDAN, MINISTRY OF TRANSPORT, ROADS AND BRIDGES OF THE REPUBLIC OF SUDAN, MINISTRY OF WELFARE AND SOCIAL SECURITY OF THE REPUBLIC OF SUDAN, MODERN ELECTRONIC COMPANY, MODERN LAUNDRY BLUE FACTORY, AKA THE MODERN LAUNDRY BLUE FACTORY, NATIONAL CIGARETTES CO. LTD., MODERN PLASTIC & CERAMICS INDUSTRIES COMPANY, AKA MODERN PLASTIC AND CERAMICS INDUSTRIES COMPANY, MODERN PLASTIC AND CERAMICS INDUSTRIES COMPANY, AKA MODERN PLASTIC & CERAMICS INDUSTRIES COMPANY, NATIONAL COTTON AND TRADE COMPANY, NATIONAL ELECTRICITY CORPORATION, AKA SUDAN NATIONAL ELECTRICITY CORPORATION, AKA NATIONAL ELECTRICITY CORPORATION (SUDAN), NATIONAL REINSURANCE COMPANY (SUDAN) LIMITED, NEW HAIFA SUGAR FACTORY, NEW KHARTOUM TANNERY, NEW HALFA SUGAR COMPANY, AKA NEW HALFA SUGAR FACTORY COMPANY LIMITED, NILE CEMENT FACTORY, NEW HALFA SUGAR FACTORY COMPANY LIMITED, AKA NEW HALFA SUGAR COMPANY, NILE CEMENT COMPANY LIMITED, OMDURMAN SHOE FACTORY, NILEIN INDUSTRIAL DEVELOPMENT BANK, (SUDAN), AKA EL NILEIN BANK, AKA EL NILEIN INDUSTRIAL DEVELOPMENT BANK, (SUDAN), AKA EL NILEIN INDUSTRIAL DEVELOPMENT BANK GROUP, PLASTIC SACKS FACTORY, AKA SACKS FACTORY, NORTHWEST SENNAR SUGAR FACTORY, PORT SUDAN EDIBLE OILS STORAGE CORPORATION, OIL CORPORATION, PORT SUDAN COTTON AND TRADE COMPANY, AKA PORT SUDAN COTTON COMPANY, PETROHELP PETROLEUM COMPANY LIMITED, PORT SUDAN DUTY FREE SHOP, PETROLEUM GENERAL ADMINISTRATION, POSTS AND TELEGRAPHS PUBLIC CORPORATION, AKA POSTS & TELEGRAPHS CORP., PORT SUDAN COTTON COMPANY, AKA PORT SUDAN COTTON AND TRADE COMPANY, RABAK OIL MILL, PORT SUDAN REFINERY LIMITED, PUBLIC CORPORATION FOR IRRIGATION AND EXCAVATION, PORT SUDAN SPINNING FACTORY, PUBLIC CORPORATION FOR BUILDING AND CONSTRUCTION, RAINBOW FACTORIES, PUBLIC CORPORATION FOR OIL PRODUCTS AND PIPELINES, PUBLIC ELECTRICITY AND WATER CORPORATION,

Central Electricity and Water Corporation, Rea Sweet Factory, Ram Energy Company Limited, Red Sea Hills Minerals Company, Red Sea Stevedoring, Sacks Factory, AKA Plastic Sacks Factory, Refrigeration and Engineering Import Company, SFZ, AKA Sudanese Free Zones and Markets Company, Roads and Bridges Public Corporation, Sennar Sugar Company Limited, Sheikan Insurance and Reinsurance Company Limited, AKA Sheikan Insurance Company, Sheriek Mica Project, AKA Shereik Mica Mines Company, Sheikan Insurance Company, AKA Sheikan Insurance and Reinsurance Company Limited, Shereik Mica Mines Company, AKA Sheriek Mica Project, SRC, AKA Sudan Railways Corporation, Silos and Storage Corporation, SRDC, AKA Sudan Rural Development Company Limited, Spinning and Weaving Corporation, State Trading Company, AKA State Trading Corporation, Sudan Air, AKA Sudan Airways, AKA Sudan Airways Co. Ltd., State Corporation for Cinema, Sudan Commercial Bank, FKA Farmers Bank for Investment & Rural Development, AKA Farmers Bank for Investment and Rural Development, AKA Farmers Commercial Bank, State Trading Corporation, AKA State Trading Company, Sudan Airways, AKA Sudan Airways Co. Ltd., AKA Sudan Air, Sudan Cotton Company, Sudan Exhibition and Fairs Corporation, Sudan Advanced Railways, Sudan Cotton Company Limited, Sudan Development Corporation, Sudan Gezira Board, AKA Gezira Scheme, Sudan Master Tech, AKA Giad Industrial City, AKA Giad Industrial Group, AKA Sudan Master Technology, Sudan Master Technology, AKA Giad Industrial City, AKA Giad Industrial Group, AKA Sudan Master Tech, Sudan National Broadcasting Corporation, AKA Sudan Radio & TV Corp., AKA Sudan Radio and TV Corp., AKA Sudan T.V. Corporation, Sudan Oil Corporation, Sudan National Information Center, Sudan Olympic Committee, Sudan National Petroleum Company, AKA Sudan Petroleum Company Limited, AKA Sudapet, AKA Sudapet Ltd., Sudan Oil Seeds Company Limited, Sudan Petroleum Company Limited, AKA Sudapet, AKA Sudapet Ltd., AKA Sudan National Petroleum Company, Sudan-Ren Chemicals & Fertilizers Ltd., Sudan Rural Development Company Limited, Sudan Radio & TV Corp., AKA Sudan National Broadcasting Corporation, AKA Sudan Radio and TV Corp., AKA Sudan T.V. Corporation, Sudan Soap Corporation, Sudan Radio and TV Corp., AKA Sudan National Broadcasting Corporation, AKA Sudan T.V. Corporation, AKA Sudan Radio & TV Corp., Sudan Railways Corporation, AKA SRC, Sudan Shipping Line, AKA Sudan Shipping, Sudan T.V. Corporation, AKA Sudan National Broadcasting Corporation, AKA Sudan Radio and TV Corp., AKA Sudan Radio & TV Corp., Sudan Tea Company, Ltd., Sudan Telecom, AKA Sudan Telecom Group, AKA Sudatel Telecom Group, AKA Sudatel, Sudan Telecom Group, AKA Sudan Telecom, AKA Sudatel Telecom Group, AKA

SUDATEL, SUDAN TELECOMMUNICATIONS COMPANY LIMITED, AKA SUDATEL, SUDATEL INVESTMENTS, SUDATEL TELECOM GROUP, AKA SUDATEL, AKA SUDAN TELECOM GROUP, SUDATEL, AKA SUDAN TELECOM, AKA SUDATEL TELECOM GROUP, AKA SUDAN TELECOM GROUP, SUDANESE ESTATES BANK, SUDAN WAREHOUSING COMPANY, SUDANESE COMPANY FOR BUILDING AND CONSTRUCTION LIMITED, SUDANESE FREE ZONES AND MARKETS COMPANY, AKA SFZ, SUDANESE INTERNATIONAL TOURISM COMPANY, SUDANESE REAL ESTATE SERVICES COMPANY, SUDANESE MINING CORPORATION, SUDANESE PETROLEUM CORPORATION, SUDANESE SUGAR COMPANY, AKA SUDANESE SUGAR PRODUCTION COMPANY LIMITED, SUDANESE SAVINGS BANK, SUDANESE STANDARDS & METEROLOGY ORGANIZATION, SUDANESE SUGAR PRODUCTION COMPANY LIMITED, AKA SUDANESE SUGAR COMPANY, SUDAPET LTD., AKA SUDAN PETROLEUM COMPANY LIMITED, AKA SUDAN NATIONAL PETROLEUM COMPANY, AKA SUDAPET, SUDAPET, AKA SUDAN PETROLEUM COMPANY LIMITED, AKA SUDAN NATIONAL PETROLEUM COMPANY, AKA SUDAPET LTD., SUDATEL, AKA SUDAN TELECOMMUNICATIONS COMPANY LIMITED, TAHEER PERFUMERY CORPORATION, SUGAR AND DISTILLING CORPORATION, AKA SUGAR AND DISTILLING INDUSTRY CORPORATION, SUGAR AND DISTILLING INDUSTRY CORPORATION, AKA SUGAR AND DISTILLING CORPORATION, TAKA AUTOMOBILE COMPANY, AKA EL TAKA AUTOMOBILE COMPANY, TEA PACKETING AND TRADING COMPANY, TAHREER PERFUMERY CORPORATION, THE MODERN LAUNDRY BLUE FACTORY, AKA MODERN LAUNDRY BLUE FACTORY, TOURISM AND HOTELS CORPORATION, WAFRA PHARMA LABORATORIES, AKA WAFRA PHARMACEUTICALS, AKA WAFRAPHARMA LABORATORIES, WAU FRUIT AND VEGETABLE CANNING FACTORY, WAFRA PHARMACEUTICALS, AKA WAFRAPHARMA LABORATORIES, AKA WAFRA PHARMA LABORATORIES, WHITE NILE BATTERY COMPANY, WAD MADANI DUTY FREE SHOP, WAFRAPHARMA LABORATORIES, AKA WAFRAPHARMA LABORATORIES, AKA WAFRA PHARMA LABORATORIES, WHITE NILE PETROLEUM OPERATING COMPANY, AKA WNPOC, WAFRA CHEMICALS & TECHNO-MEDICAL SERVICES LIMITED, AKA WAFRA CHEMICALS AND TECHNO-MEDICAL SERVICES LIMITED, WHITE NILE TANNERY, WAFRA CHEMICALS AND TECHNOMEDICAL SERVICES LIMITED, AKA WAFRA CHEMICALS & TECHNOMEDICAL SERVICES LIMITED,

*Defendants,*

NATIONAL BANK OF EGYPT, CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK,

*Respondents.*

## TABLE OF CONTENTS

PAGE

Docket Entries . . . . . . . . . . A-1

Turnover Orders Appealed From of the Honorable Analisa Torres, dated December 12, 2013, December 13, 2013 and January 6, 2014 . . . . . . . . . . A-65

Omnibus Petition for Turnover Order, dated March 3, 2014 . . . . . . . . . . A-80

Commerzbank AG's Answer to Omnibus Petition for Turnover Order, dated April 1, 2014 . . . . . . . . . . A-96

Notice of Appeal, dated January 13, 2014 . . . . . . . . . . A-108

APPEAL,ECF

## U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:13-cv-03127-PKC

Harrison et al v. The Republic of Sudan
Assigned to: Judge P. Kevin Castel
Related Case: 1:12-mc-00328-P1
Cause: 28:1331 Fed. Question: Other

Date Filed: 05/09/2013
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Rick Harrison** represented by

**Andrew Clifford Hall**
Hall, Lamb and Hall, P.A.
2665 S. Bayshore Dr., Penthouse 1
Miami, FL 33131-9113
(305) 374-5030
Fax: (305) 374-5033
Email: andyhall@hlhlawfirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Beth Ilana Goldman**
Frankfurt Kurnit Klein & Selz PC
488 Madison Avenue
New York, NY 10022
(212)-705-4817
Fax: (212)-593-9175
Email: bgoldman@fkks.com
*ATTORNEY TO BE NOTICED*

**Brandon R. Levitt**
Hall, Lamb & Hall, P.A.
2665 South Bayshore Drive PH1
Miami, FL 33133
305-374-5030
Fax: 305-374-5033
Email: blevitt@hlhlawfirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edward Henry Rosenthal**
Frankfurt Kurnit Klein & Selz, P.C.
488 Madison Avenue
New York, NY 10022
(212)-980-0120

Fax: (212)-593-9175
Email: erosenthal@fkks.com
*ATTORNEY TO BE NOTICED*

**Roarke Maxwell**
Hall, Lamb And Hall P.A.
2665 South Bayshore Drive, PH1
Miama, FL 33133
305-374-5030
Fax: 305-374-5033
Email: rmaxwell@hlhlawfirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Buckley III** represented by **Andrew Clifford Hall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Beth Ilana Goldman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brandon R. Levitt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edward Henry Rosenthal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roarke Maxwell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Margaret Lopez** represented by **Andrew Clifford Hall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Beth Ilana Goldman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brandon R. Levitt**

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edward Henry Rosenthal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roarke Maxwell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Andy Lopez**                    represented by **Andrew Clifford Hall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Beth Ilana Goldman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brandon R. Levitt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edward Henry Rosenthal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roarke Maxwell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Keith Lorensen**                represented by **Andrew Clifford Hall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Beth Ilana Goldman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brandon R. Levitt**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edward Henry Rosenthal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roarke Maxwell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lisa Lorensen** represented by **Andrew Clifford Hall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Beth Ilana Goldman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brandon R. Levitt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edward Henry Rosenthal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roarke Maxwell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Edward Love** represented by **Andrew Clifford Hall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Beth Ilana Goldman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brandon R. Levitt**
(See above for address)
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Edward Henry Rosenthal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roarke Maxwell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert McTureous** represented by **Andrew Clifford Hall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Beth Ilana Goldman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brandon R. Levitt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edward Henry Rosenthal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roarke Maxwell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**David Morales** represented by **Andrew Clifford Hall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Beth Ilana Goldman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brandon R. Levitt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edward Henry Rosenthal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roarke Maxwell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gina Morris** represented by **Andrew Clifford Hall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Beth Ilana Goldman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brandon R. Levitt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edward Henry Rosenthal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roarke Maxwell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Martin Songer, Jr.** represented by **Andrew Clifford Hall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Beth Ilana Goldman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brandon R. Levitt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edward Henry Rosenthal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roarke Maxwell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Shelly Songer**                      represented by  **Andrew Clifford Hall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Beth Ilana Goldman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brandon R. Levitt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edward Henry Rosenthal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roarke Maxwell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jeremy Stewart**                     represented by  **Andrew Clifford Hall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Beth Ilana Goldman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brandon R. Levitt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edward Henry Rosenthal**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Roarke Maxwell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kesha Stidham** represented by **Andrew Clifford Hall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Beth Ilana Goldman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brandon R. Levitt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edward Henry Rosenthal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roarke Maxwell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Aaron Toney** represented by **Andrew Clifford Hall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Beth Ilana Goldman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brandon R. Levitt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edward Henry Rosenthal**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Roarke Maxwell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Eric Williams** represented by **Andrew Clifford Hall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Beth Ilana Goldman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brandon R. Levitt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edward Henry Rosenthal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roarke Maxwell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Carl Wingate** represented by **Andrew Clifford Hall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Beth Ilana Goldman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brandon R. Levitt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edward Henry Rosenthal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roarke Maxwell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tracey Smith**
*as personal representative of the Estate of Rubin Smith*

represented by **Andrew Clifford Hall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Beth Ilana Goldman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brandon R. Levitt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edward Henry Rosenthal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roarke Maxwell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The Republic of Sudan**

**Defendant**

**Republic of Sudan**
*also known as*
Sudan

represented by **Asim Ghafoor**
Law Office of Asim Ghafoor
1101 30th Street Nw, Suite 500
Washington, DC 20007
(202)-330-1469
Fax: (202)-318-4331
Email: asim@glawoffice.com
*ATTORNEY TO BE NOTICED*

**Robert J. Boyle**
Robert J Boyle
299 Broadway

Suite 806
New York, NY 10007
(212) 431-0229
Fax: (212) 431-0101
Email: rjboyle55@gmail.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Accounts & Electronics Equipments**
*also known as*
Accounts and Electronics Equipments

**Defendant**

**Accounts and Electronics Equipments**
*also known as*
Accounts & Electronics Equipments

**Defendant**

**Advanced Chemical Works**
*also known as*
Advanced Commercial and Chemical
Works Company Limited
*also known as*
Advanced Training and Chemical
Works Company Limited

**Defendant**

**Advanced Commercial and Chemical
Works Company Limited**
*also known as*
Advanced Chemical Works
*also known as*
Advanced Trading and Chemical Works
Company Limited

**Defendant**

**Advanced Engineering Works**

**Defendant**

**Advanced Mining Works Company
Limited**

**Defendant**

**Advanced Petroleum Company**
*also known as*
APCO

**Defendant**

**Advanced Trading and Chemical Works Company Limited**
*also known as*
Advanced Commercial and Chemical Works Company Limited
*also known as*
Advanced Chemical Works

**Defendant**

**African Drilling Company**

**Defendant**

**African Oil Corporation**

**Defendant**

**Agricultural Bank of Sudan**

**Defendant**

**Al Pharakim**
*also known as*
Alfarachem Company Limited
*also known as*
Alfarachem Pharmaceuticals Industries Limited
*also known as*
Alfarakim

**Defendant**

**Al Sunut Development Company**
*also known as*
Alsunut Development Company

**Defendant**

**Alaktan Cotton Trading Company**
*also known as*
Alaktan Trading Company

**Defendant**

**Alaktan Trading Company**
*also known as*
Alaktan Cotton Trading Company

**Defendant**

**Alfarachem Company Limited**
*also known as*
Al Pharakim
*also known as*

Alfarachem Pharmaceuticals Industries
Limited
*also known as*
Alfarakim

**Defendant**

**Alfarachem Pharmaceuticals
Industries Limited**
*also known as*
Al Pharakim
*also known as*
Alfarakim
*also known as*
Alfarachem Company Limited

**Defendant**

**Alfarakim**
*also known as*
Al Pharakim
*also known as*
Alfarachem Pharmaceuticals Industries
Limited
*also known as*
Alfarachem Company Limited

**Defendant**

**Alsunut Development Company**
*also known as*
Al Sunut Development Company

**Defendant**

**Amin El Gezai Company**
*also known as*
El Amin El Gezai Company

**Defendant**

**APCO**
*also known as*
Advanced Petroleum Company

**Defendant**

**Arab Cement Company**

**Defendant**

**Arab Sudanese Blue Nile
Agricultural Company**

**Defendant**

**Arab Sudanese Seed Company**

**Defendant**

**Arab Sudanese Vegetable Oil Company**

**Defendant**

**Assalaya Sugar Company Limited**

**Defendant**

**Atbara Cement Company Limited**

**Defendant**

**Automobile Corporation**

**Defendant**

**Babanousa Milk Products Factory**

**Defendant**

**Bank of Khartoum**

**Defendant**

**Bank of Sudan**

**Defendant**

**Bashaier**

**Defendant**

**Blue Nile Brewery**

**Defendant**

**Blue NIle Packing Corporation**

**Defendant**

**Building Materials and refracctories Corporation**

**Defendant**

**Central Bureau of Statistics of the Republic of Sudan**

**Defendant**

**Central Electricity and Water Corporation**
*also known as*
Public Electricity and Water Corporation



**Defendant**

**Coptrade Company Limited -
Pharmaceutical and Chemical
Division**

**Defendant**

**Coptrade Eng and Automobile
Services Co Ltd.**
*also known as*
Kordofan Automobile Company

**Defendant**

**Duty Free Shops Corporation**

**Defendant**

**El Amin El Gezai Company**
*also known as*
Amin El Gezai Company

**Defendant**

**El Gezira Automobile Company**

**Defendant**

**El Nilein Bank**
*now known as*
El Nilein Industrial Development Bank
(Sudan)
*now known as*
El Nilein Industrial Development Bank
Group
*now known as*
Nilein Industrial Development Bank
(Sudan)

**Defendant**

**El Nilein Industrial Development
Bank (Sudan)**
*also known as*
El Nilein Bank
*now known as*
El Nilein Industrial Development Bank
Group
*now known as*
Nilein Industrial Development Bank
(Sudan)

**Defendant**

**El Nilein Industrial Development Bank Group**
*also known as*
El Nilein Bank
*now known as*
Nilein Industrial Development Bank (Sudan)
*now known as*
El Nilein Industrial Development Bank (Sudan)

**Defendant**

**El Nilein Industrial Development Bank Group**
*also known as*
Industrial Bank of Sudan

**Defendant**

**El Taka Automobile Company**
*also known as*
Taka Automobile Company

**Defendant**

**Emirates and Sudan Investments Company Limited**

**Defendant**

**Engineering Equipment Company**

**Defendant**

**Engineering Equipment Corporation**

**Defendant**

**Exploration and production Authority (Sudan)**

**Defendant**

**Farmers Bank for Investment & Rural Development**
*also known as*
Farmers Bank for Investment and Rural Development
*also known as*
Farmers Commercial Bank
*formerly known as*
Sudan Commercial Bank

**Defendant**

**Farmers Bank for Investment and Rural Development**
*also known as*
Farmers Commercial Bank
*formerly known as*
Sudan Commercial Bank
*formerly known as*
Farmers Bank for Investment & Rural Development

**Defendant**

**Farmers Commercial Bank**
*also known as*
Farmers Bank for Investment and Rural Development
*formerly known as*
Sudan Commercial Bank
*formerly known as*
Farmers Bank for Investment & Rural Development

**Defendant**

**Food Industries Corporation**

**Defendant**

**Forests National Corporation**

**Defendant**

**Friendship Spinning Factory**

**Defendant**

**Gezira Automobile Company**
*also known as*
El Gezira Automobile Company

**Defendant**

**Gezira Scheme**
*also known as*
Sudan Gezira Board

**Defendant**

**Gezira Tannery**

**Defendant**

**Gezira Trade & Services Company Limited**
*also known as*

Gezira Trade and Services Company
Limited

**Defendant**

**Gezira Trade and Services Company
Limited**
*also known as*
Gezira Trade & Services Company
Limited

**Defendant**

**Giad Automotive and Truck**
*also known as*
Giad Automotive Company
*also known as*
Giad Automotive Industry Company
Limited
*also known as*
Giad Cars & Heavy Trucks Company
*also known as*
Giad Cars and Heavy Trucks Company

**Defendant**

**Giad Automotive Company**
*also known as*
Giad Automotive Industry Company
Limited
*also known as*
Giad Cars & Heavy Trucks Company
*also known as*
Giad Cars and Heavy Trucks Company
*also known as*
Giad Automotive and Truck
*also known as*
Giad Auto
*also known as*
Giad Automotive

**Defendant**

**Giad Automotive Industry Company
Limited**
*also known as*
Giad Automotive Company
*also known as*
Giad Cars & Heavy Trucks Company
*also known as*
Giad Cars and Heavy Trucks Company
*also known as*
Giad Automotive and Truck

**Defendant**

**Giad Cars & Heavy Trucks
Company**
*also known as*
Giad Automotive Company
*also known as*
Giad Automotive Industry Company
Limited
*also known as*
Giad Cars and Heavy Trucks Company
*also known as*
Giad Automotive and Truck

**Defendant**

**Giad Cars and Heavy Trucks
Company**
*also known as*
Giad Automotive Company
*also known as*
Giad Automotive Industry Company
Limited
*also known as*
Giad Cars & Heavy Trucks Company
*also known as*
Giad Automotive and Truck

**Defendant**

**Giad Industrial City**
*also known as*
Giad Industrial Group
*also known as*
Sudan Master Tech
*also known as*
Sudan Master Technology

**Defendant**

**Giad Industrial Group**
*also known as*
Sudan Master Tech
*also known as*
Sudan Master Technology
*also known as*
Giad Industrial City

**Defendant**

**Giad Motor Company**
*also known as*
Giad Motor Industry Company Limited

**Defendant**

**Giad Motor Industry Company
Limited**

**Defendant**

**Gineid Sugar Factory**

**Defendant**

**GNPOC**
*also known as*
Greater Nile Petroleum Operating
Company Limited

**Defendant**

**Greater Nile Petroleum Operating
Company Limited**
*also known as*
GNPOC

**Defendant**

**Grouped Industries Corporation**

**Defendant**

**Gum Arabic Company Ltd.**
*also known as*
Gum Arabic Company
*also known as*
GAC

**Defendant**

**Guneid Sugar Company Limited**
*also known as*
Guneid Sugar Factory

**Defendant**

**Guneid Sugar Factory**
*also known as*
Guneid Sugar Company Limited

**Defendant**

**Haggar Assalaya Sugar Factory**

**Defendant**

**Hi Tech Group**
*also known as*
High Tech Group
*also known as*
HighTech Group
*also known as*
HiTech Group

**Defendant**

**Hicom**
*also known as*
Hi-Com

**Defendant**

**Hi-Com**
*also known as*
Hicom

**Defendant**

**HiConsult**
*also known as*
Hi-Consult

**Defendant**

**Hi-Consult**
*also known as*
HiConsult

**Defendant**

**High Tech Group**
*also known as*
Hi Tech Group
*also known as*
HighTech Group
*also known as*
HiTech Group

**Defendant**

**HighTech Group**
*also known as*
Hi Tech Group
*also known as*
High Tech Group
*also known as*
HiTech Group

**Defendant**

**Hi-Tech Chemicals**

**Defendant**

**HiTech Group**
*also known as*
Hi Tech Group
*also known as*
High Tech Group
*also known as*
HighTech Group

**Defendant**

**Hi-Tech Petroleum Group**

**Defendant**

**ICDB**
*also known as*
Islamic Co-Operative Development
Bank

**Defendant**

**Industrial Bank Company for Trade
& Development Limited**
*also known as*
Industrial Bank Company for Trade &
Development Limited

**Defendant**

**Industrial Bank Company for Trade
& Development Limited**
*also known as*
Industrial Bank Company for Trade &
Development Limited

**Defendant**

**Industrial Bank of Sudan**

**Defendant**

**Industrial Bank of Sudan**
*now known as*
El Nilein Industrial Development Bank
Group

**Defendant**

**Industrial Production Corporation**

**Defendant**

**Industrial Research and Consultancy
Institute**

**Defendant**

**Ingassana Mines Hills Corporation**
*also known as*
Ingessana Hills Mines Corporation

**Defendant**

**Ingessana Hills Mines Corporation**
*also known as*
Ingassana Mines Hills Corporation

**Defendant**

**Islamic Co-Operative Development
Bank**
*also known as*
ICDB

**Defendant**

**Juba Duty Free Shop**

**Defendant**

**Karima Date Factory**

**Defendant**

**Karima Fruit and Vegetable Canning
Factory**

**Defendant**

**Kassala Fruit Processing Company**

**Defendant**

**Kassala Onion Dehydration Factory**

**Defendant**

**Kenaf Socks Factory**

**Defendant**

**Kenana Sugar Company Ltd.**

**Defendant**

**Kenana Engineering and Technical
Services**

**Defendant**

**Kenana Integrated Agricultural
Solutions**

**Defendant**

**Kenana Friesland Dairy**

**Defendant**

**Khartoum Central Foundry**

**Defendant**

**Khartoum Commercial and Shipping Company Limited**

**Defendant**

**Khartoum Gum Arabic Processing Company**

**Defendant**

**Khartoum Refinery Company Ltd.**

**Defendant**

**Khartoum Tannery**

**Defendant**

**Khor Omer Engineering Company**

**Defendant**

**Kordofan Automobile Company**
*also known as*
Coptrade Eng and Automobile Services Co Ltd.

**Defendant**

**Kordofan Company**

**Defendant**

**Krikah Industries Group**

**Defendant**

**Leather Industries Corporation**
*also known as*
Leather Industries Tanneries

**Defendant**

**Leather Industries Tanneries**
*also known as*
Leather Industries Corporation

**Defendant**

**Malut Sugar Factory**

**Defendant**

**Mangala Sugar Factory**

**Defendant**

**Maspio Cement Corporation**

**Defendant**

**May Engineering Company**

**Defendant**

**Military Commercial Corporation**

**Defendant**

**Ministry of Agriculture and Irrigation of the Republic of Sudan**

**Defendant**

**Ministry of Animal and Fishery Resources and Pastures of the Republic of Sudan**

**Defendant**

**Ministry of Commerce of the Republic of Sudan**

**Defendant**

**Ministry of Culture and Information of the Republic of Sudan**

**Defendant**

**Ministry of Electricity & Water Resources of the Republic of Sudan**

**Defendant**

**Ministry of Energy and Mining of the Republic of Sudan**

**Defendant**

**Ministry of Environment, Forests and Physical Development of the Republic of Sudan**

**Defendant**

**Ministry of Federal Governance of the Republic of Sudan**

**Defendant**

**Ministry of Finance and National Economy of the Republic of Sudan**

**Defendant**

**Ministry of Foreign Affairs of the Republic of Sudan**

**Defendant**

**Ministry of Foreign Trade of the Republic of Sudan**

**Defendant**

**Ministry of Guidance and Endowments of the Republic of Sudan**

**Defendant**

**Ministry of Health of the Republic of Sudan**

**Defendant**

**Ministry of Higher Education and Scientific Research of the Republic of Sudan**

**Defendant**

**Ministry of Human Resources Development & Labor of the Republic of Sudan**

**Defendant**

**Ministry of Humanitarian Affairs of the Republic of Sudan**

**Defendant**

**Ministry of Information and Communications of the Republic of Sudan**

**Defendant**

**Ministry of Industry of the Republic of Sudan**

**Defendant**

**Ministry of Interior of the Republic of Sudan**

**Defendant**

**Ministry of Investment of the Republic of Sudan**

**Defendant**

**Ministry of Justice of the Republic of Sudan**

**Defendant**

**Ministry of Minerals of the Republic of Sudan**

**Defendant**

**Ministry of Oil of the Republic of Sudan**

**Defendant**

**Ministry of Parliamentary Affairs of the Republic of Sudan**

**Defendant**

**Ministry of Public Education of the Republic of Sudan**

**Defendant**

**Ministry of Science and Technology of the Republic of Sudan**

**Defendant**

**Ministry of Social Welfare, Woman and Child Affairs of the Republic of Sudan**

**Defendant**

**Ministry of Tourism, Antiquities and Wildlife of the Republic of Sudan**

**Defendant**

**Ministry of Transport, Roads and Bridges of the Republic of Sudan**

**Defendant**

**Ministry of Youth and Sport of the Republic of Sudan**

**Defendant**

**Ministry of Welfare and Social Security of the Republic of Sudan**

**Defendant**

**Modern Electronic Company**

**Defendant**

**Modern Laundry Blue Factory**
*also known as*
The Modern Laundry Blue Factory

**Defendant**

**Modern Plastic & Ceramics Industries Company**
*also known as*
Modern Plastic and Ceramics Industries Company

**Defendant**

**Modern Plastic and Ceramics Industries Company**
*also known as*
Modern Plastic & Ceramics Industries Company

**Defendant**

**National Cigarettes Co. Ltd.**

**Defendant**

**National Cotton and Trade Company**

**Defendant**

**National Electricity Corporation**
*also known as*
Sudan National Electricity Corporation
*also known as*
National Electricity Corporation (Sudan)

**Defendant**

**National Reinsurance Company (Sudan) Limited**

**Defendant**

**New Haifa Sugar Factory**

**Defendant**

**New Halfa Sugar Company**
*also known as*

New Halfa Sugar Factory Company
Limited

**Defendant**

**New Halfa Sugar Factory Company
Limited**
*also known as*
New Halfa Sugar Company

**Defendant**

**New Khartoum Tannery**

**Defendant**

**Nile Cement Company Limited**

**Defendant**

**Nile Cement Factory**

**Defendant**

**Nilein Industrial Development Bank
(Sudan)**
*also known as*
El Nilein Bank
*now known as*
El Nilein Industrial Development Bank
(Sudan)
*now known as*
El Nilein Industrial Development Bank
Group

**Defendant**

**Northwest Sennar Sugar Factory**

**Defendant**

**Oil Corporation**

**Defendant**

**Omdurman Shoe Factory**

**Defendant**

**PetroHelp Petroleum Company
Limited**

**Defendant**

**Petroleum General Administration**

**Defendant**

**Plastic Sacks Factory**
*also known as*
Sacks Factory

**Defendant**

**Port Sudan Cotton and Trade Company**
*also known as*
Port Sudan Cotton Company

**Defendant**

**Port Sudan Cotton Company**
*also known as*
Port Sudan Cotton and Trade Company

**Defendant**

**Port Sudan Duty Free Shop**

**Defendant**

**Port Sudan Edible Oils Storage Corporation**

**Defendant**

**Port Sudan Refinery Limited**

**Defendant**

**Port Sudan Spinning Factory**

**Defendant**

**Posts and Telegraphs Public Corporation**
*also known as*
Posts & Telegraphs Corp.

**Defendant**

**Public Corporation for Building and Construction**

**Defendant**

**Public Corporation for Irrigation and Excavation**

**Defendant**

**Public Corporation for Oil Products and Pipelines**

**Defendant**

**Public Electricity and Water
Corporation**
*also known as*
Central Electricity and Water
Corporation

**Defendant**

**Rabak Oil Mill**

**Defendant**

**Rainbow Factories**

**Defendant**

**Ram Energy Company Limited**

**Defendant**

**Rea Sweet Factory**

**Defendant**

**Red Sea Hills Minerals Company**

**Defendant**

**Red Sea Stevedoring**

**Defendant**

**Refrigeration and Engineering
Import Company**

**Defendant**

**Roads and Bridges Public
Corporation**

**Defendant**

**Sacks Factory**
*also known as*
Plastic Sacks Factory

**Defendant**

**Sennar Sugar Company Limited**

**Defendant**

**SFZ**
*also known as*
Sudanese Free Zones and Markets
Company

**Defendant**

**Sheikan Insurance and Reinsurance
Company Limited**
*also known as*
Sheikan Insurance Company

**Defendant**

**Sheikan Insurance Company**
*also known as*
Sheikan Insurance and Reinsurance
Company Limited

**Defendant**

**Shereik Mica Mines Company**
*also known as*
Sheriek Mica Project

**Defendant**

**Sheriek Mica Project**
*also known as*
Shereik Mica Mines Company

**Defendant**

**Silos and Storage Corporation**

**Defendant**

**Spinning and Weaving Corporation**

**Defendant**

**SRC**
*also known as*
Sudan Railways Corporation

**Defendant**

**SRDC**
*also known as*
Sudan Rural Development Company
Limited

**Defendant**

**State Corporation for Cinema**

**Defendant**

**State Trading Company**
*also known as*
State Trading Corporation

**Defendant**

**State Trading Corporation**
*also known as*
State Trading Company

**Defendant**

**Sudan Advanced Railways**

**Defendant**

**Sudan Air**
*also known as*
Sudan Airways
*also known as*
Sudan Airways Co. Ltd.

**Defendant**

**Sudan Airways**
*also known as*
Sudan Airways Co. Ltd.
*also known as*
Sudan Air

**Defendant**

**Sudan Commercial Bank**
*formerly known as*
Farmers Bank for Investment & Rural
Development
*also known as*
Farmers Bank for Investment and Rural
Development
*also known as*
Farmers Commercial Bank

**Defendant**

**Sudan Cotton Company**

**Defendant**

**Sudan Cotton Company Limited**

**Defendant**

**Sudan Development Corporation**

**Defendant**

**Sudan Exhibition and Fairs
Corporation**

**Defendant**

**Sudan Gezira Board**
*also known as*
Gezira Scheme

**Defendant**

**Sudan Master Tech**
*also known as*
Giad Industrial City
*also known as*
Giad Industrial Group
*also known as*
Sudan Master Technology

**Defendant**

**Sudan Master Technology**
*also known as*
Giad Industrial City
*also known as*
Giad Industrial Group
*also known as*
Sudan Master Tech

**Defendant**

**Sudan National Broadcasting Corporation**
*also known as*
Sudan Radio & TV Corp.
*also known as*
Sudan Radio and TV Corp.
*also known as*
Sudan T.V. Corporation

**Defendant**

**Sudan National Information Center**

**Defendant**

**Sudan National Petroleum Company**
*also known as*
Sudan Petroleum Company Limited
*also known as*
Sudapet
*also known as*
Sudapet Ltd.

**Defendant**

**Sudan Oil Corporation**

**Defendant**

**Sudan Oil Seeds Company Limited**

**Defendant**

**Sudan Olympic Committee**

**Defendant**

**Sudan Petroleum Company Limited**
*also known as*
Sudapet
*also known as*
Sudapet Ltd.
*also known as*
Sudan National Petroleum Company

**Defendant**

**Sudan Radio & TV Corp.**
*also known as*
Sudan National Broadcasting
Corporation
*also known as*
Sudan Radio and TV Corp.
*also known as*
Sudan T.V. Corporation

**Defendant**

**Sudan Radio and TV Corp.**
*also known as*
Sudan National Broadcasting
Corporation
*also known as*
Sudan T.V. Corporation
*also known as*
Sudan Radio & TV Corp.

**Defendant**

**Sudan Railways Corporation**
*also known as*
SRC

**Defendant**

**Sudan-Ren Chemicals & Fertilizers
Ltd.**

**Defendant**

**Sudan Rural Development Company
Limited**

**Defendant**

**Sudan Shipping Line**
*also known as*
Sudan Shipping

**Defendant**

**Sudan Soap Corporation**

**Defendant**

**Sudan T.V. Corporation**
*also known as*
Sudan National Broadcasting
Corporation
*also known as*
Sudan Radio and TV Corp.
*also known as*
Sudan Radio & TV Corp.

**Defendant**

**Sudan Tea Company, Ltd.**

**Defendant**

**Sudan Telecom**
*also known as*
Sudan Telecom Group
*also known as*
Sudatel Telecom Group
*also known as*
Sudatel

**Defendant**

**Sudan Telecom Group**
*also known as*
Sudan Telecom
*also known as*
Sudatel Telecom Group
*also known as*
Sudatel

**Defendant**

**Sudan Telecommunications
Company Limited**
*also known as*
Sudatel

**Defendant**

**Sudatel Telecom Group**
*also known as*
Sudatel

*also known as*
Sudan Telecom Group

**Defendant**

**Sudatel**
*also known as*
Sudan Telecom
*also known as*
Sudatel Telecom Group
*also known as*
Sudan Telecom Group

**Defendant**

**Sudatel Investments**

**Defendant**

**Sudan Warehousing Company**

**Defendant**

**Sudanese Company for Building and Construction Limited**

**Defendant**

**Sudanese Estates Bank**

**Defendant**

**Sudanese Free Zones and Markets Company**
*also known as*
SFZ

**Defendant**

**Sudanese International Tourism Company**

**Defendant**

**Sudanese Mining Corporation**

**Defendant**

**Sudanese Petroleum Corporation**

**Defendant**

**Sudanese Real Estate Services Company**

**Defendant**

**Sudanese Savings Bank**

Defendant

**Sudanese Standards & Meterology Organization**

Defendant

**Sudanese Sugar Company**
*also known as*
Sudanese Sugar Production Company Limited

Defendant

**Sudanese Sugar Production Company Limited**
*also known as*
Sudanese Sugar Company

Defendant

**Sudapet**
*also known as*
Sudan Petroleum Company Limited
*also known as*
Sudan National Petroleum Company
*also known as*
Sudapet Ltd.

Defendant

**Sudapet Ltd.**
*also known as*
Sudan Petroleum Company Limited
*also known as*
Sudan National Petroleum Company
*also known as*
Sudapet

Defendant

**Sudatel**
*also known as*
Sudan Telecommunications Company Limited

Defendant

**Sugar and Distilling Corporation**
*also known as*
Sugar and Distilling Industry Corporation

Defendant

**Sugar and Distilling Industry Corporation**
*also known as*
Sugar and Distilling Corporation

**Defendant**

**Taheer Perfumery Corporation**

**Defendant**

**Tahreer Perfumery Corporation**

**Defendant**

**Taka Automobile Company**
*also known as*
El Taka Automobile Company

**Defendant**

**Tea Packeting and Trading Company**

**Defendant**

**The Modern Laundry Blue Factory**
*also known as*
Modern Laundry Blue Factory

**Defendant**

**Tourism and Hotels Corporation**

**Defendant**

**Wad Madani Duty Free Shop**

**Defendant**

**Wafra Chemicals & Techno-Medical Services Limited**
*also known as*
Wafra Chemicals and Techno-Medical Services Limited

**Defendant**

**Wafra Chemicals and Techno-Medical Services Limited**
*also known as*
Wafra Chemicals & Techno-Medical Services Limited

**Defendant**

**Wafra Pharma Laboratories**
*also known as*
Wafra Pharmaceuticals

*also known as*
WafraPharma Laboratories

**Defendant**

**Wafra Pharmaceuticals**
*also known as*
WafraPharma Laboratories
*also known as*
Wafra Pharma Laboratories

**Defendant**

**WafraPharma Laboratories**
*also known as*
Wafra Pharmaceuticals
*also known as*
Wafra Pharma Laboratories

**Defendant**

**Wau Fruit and Vegetable Canning Factory**

**Defendant**

**White Nile Battery Company**

**Defendant**

**White Nile Brewery**

**Defendant**

**White Nile Petroleum Operating Company**
*also known as*
WNPOC

**Defendant**

**White Nile Tannery**

V.

**Garnishee**

**Federal Reserve Bank of New York**
33 Liberty Street
New York, NY 10045
212-720-5000

represented by **Shari Debra Leventhal**
Federal Reserve Bank of New York
33 Liberty Street
212-720-6088, NY 10045
212-720-5018
Fax: 212-7208709
Email: Shari.Leventhal@ny.frb.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Marc Kuhn**
Arnold & Porter, LLP
399 Park Avenue
New York, NY 10022
(212) 715-1181
Fax: (212) 715-1399
Email: daniel.kuhn@ny.frb.org
*ATTORNEY TO BE NOTICED*

**Garnishee**

**HAB Bank s/h/a Habib American Bank** represented by **Leonard Sanford Reiss**
Toback, Bernstein & Reiss, LLP
15 West 44th Street, 12th Floor
New York, NY 10036
(212) 869-2300
Fax: (212) 869-2303
Email: lsratt@aol.com
*ATTORNEY TO BE NOTICED*

**Garnishee**

**American Express Travel Related Services, Co., Inc.**

**Garnishee**

**Banco Do Brasil, S.A.**

**Garnishee**

**Bank of America**

**Garnishee**

**Bank of Baroda**
*New York Branch*

**Garnishee**

**Bank of China**
*New york Branch* represented by **Richard Anthony De Palma**
Thompson Hine LLP (NYC)
335 Madison Avenue, 12th Floor
New York, NY 10017
(212) 344-5680
Fax: (212) 344-6101
Email:
Richard.DePalma@thompsonhine.com
*ATTORNEY TO BE NOTICED*

**Garnishee**

**Bank of New York Mellon**

**Garnishee**

**Bank of Tokyo - Mitsubishi UFJ Trust Company**

**Garnishee**

**Barclays Bank**

**Garnishee**

**Citigroup Inc.** represented by **Christopher J. Robinson**
Davis Wright Tremaine LLP (NYC)
1633 Broadway
New York, NY 10019
(212) 489-8230
Fax: (212) 489-8340
Email: chrisrobinson@dwt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sharon L. Schneier**
Davis Wright Tremaine LLP (NYC)
1633 Broadway
New York, NY 10019
(212) 489-8230
Fax: (212) 489-8340
Email: sharonschneier@dwt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Garnishee**

**Commerzbank AG. Credit Agricole Corporate & Investment Bank** represented by **Terry Alan Myers**
Gibbons P.C. (NY)
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
(212) 613-2005
Fax: (212)-554-9670
Email: tmyers@gibbonslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Garnishee**

**Credit Suisse Securities (USA) LLC** represented by **Allan Noel Taffet**
Duval & Stachenfeld LLP
555 Madison Ave.
6th Flr.
New York, NY 10022
(212)883-1700
Fax: (212)883-8883
Email: ataffet@dsllp.com

*ATTORNEY TO BE NOTICED*

**Joshua C. Klein**
Duval & Stachenfeld LLP
555 Madison Ave.
6th Flr.
New York, NY 10022
(212) 883-1700
Fax: (212)-883-8883
Email: jklein@dsllp.com
*ATTORNEY TO BE NOTICED*

**Garnishee**

**Deutsch Bank AG New York**

**Garnishee**

**Deutsche Bank Trust Co. Americas**

**Garnishee**

**Doha Bank**

**Garnishee**

**Federal Reserve Bank of New York**

**Garnishee**

**Habib Americas Bank**

**Garnishee**

**HSBC Bank, USA, N.A.** represented by **Paul Kenneth Stecker**
Phillips Lytle LLP (Madison Ave.)
437 Madison Avenue, 34th Fl.
New York, NY 10022
(212)759-4888 716847-8400
Fax: 716-852-6100
Email: PStecker@phillipslytle.com
*ATTORNEY TO BE NOTICED*

**Sean Charles McPhee**
Phillips Lytle LLP (Buffalo, NY)
125 Main Street
Buffalo, NY 14203
716-847-8400
Fax: 716-852-6100
Email: smcphee@phillipslytle.com
*ATTORNEY TO BE NOTICED*

**Garnishee**

**Interaudi Bank**

**Garnishee**

**Inteesa Sanpaola S>P.A.**

**Garnishee**

**JP Morgan Chase & Co**

**Garnishee**

**PNC Bank N.A.**                            represented by **Ross B Hofherr**
                                            Jaffe & Asher LLP
                                            600 Third Avenue, 9th Floor
                                            New York, NY 10016
                                            (212)-687-3000
                                            Fax: (212) 687-3601
                                            Email: rhofherr@harrisbeach.com
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Garnishee**

**RBS Citizens N.A.**

**Garnishee**

**Societe Generale**                         represented by **Christopher James Houpt**
                                            Mayer Brown LLP
                                            1675 Broadway
                                            New York, NY 10019
                                            (212) 506-2380
                                            Fax: (212) 849-5830
                                            Email: choupt@mayerbrown.com
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Garnishee**

**Standard Chartered Bank**

**Garnishee**

**State Bank of India**                      represented by **Brian Rosner**
                                            Carlton Fields Jorden Burt, P.A.
                                            405 Lexington Ave., 29th Floor
                                            New York, NY 10174
                                            (212) 785-2577
                                            Fax: (212) 785-5203
                                            Email: brosner@cfjblaw.com
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

                                            **Natalie Ann Napierala**
                                            Carlton Fields Jorden Burt, P.A.
                                            405 Lexington Ave., 29th Floor

New York, NY 10174
(212) 785-2577
Fax: (212) 785-5203
Email: nnapierala@cfjblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Garnishee**

**Sumitomo Mitsui Banking Corp.**

**Garnishee**

**The Royal Bank of Scotland, N.V.**

**Garnishee**

**United Bank Limited**

**Garnishee**

**Wells Fargo Bank, N.A.**

V.

**Respondent**

**National Bank of Egypt** represented by **Barry J. Friedberg**
Trachtenberg ,Rodes, and Friedberg
545 5th Avenue
NY, NY 10017
(212) 972-2929
Fax: (212) 972-7581
Email: bfriedberg@trflaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**Credit Agricole Corporate and Investment Bank** represented by **Carmine D. Boccuzzi , Jr**
Cleary Gottlieb
One Liberty Plaza
New York, NY 10006
212-225-2000
Fax: 212-225-3499
Email: maofiling@cgsh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**Deutsche Bank AG** represented by **Mark Putnam Gimbel**
Covington & Burling LLP(NYC)
620 Eighth Avenue
New York, NY 10018-1405

212-841-1000
Fax: 212-841-1010
Email: mgimbel@cov.com
*ATTORNEY TO BE NOTICED*

**Respondent**

**Deutsche Bank Trust Company Americas** represented by **Mark Putnam Gimbel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**JPMorgan Chase Bank, N.A.** represented by **Gregory Phillip Feit**
Levi Lubarsky & Feigenbaum LLP
1185 Avenue of The Americas
New York, NY 10036
212 308 6100
Fax: 212 308 8830
Email: gfeit@llf-law.com
*ATTORNEY TO BE NOTICED*

**Respondent**

**The Bank of New York Mellon** represented by **Steven B. Feigenbaum**
Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas
17th Floor
New York, NY 10036
212-308-6100
Fax: 212-308-8830
Email: sfeigenbaum@llf-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Phillip Feit**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**JPMorgan Chase Bank, N.A.** represented by **Steven B. Feigenbaum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**Bank of America, N.A.** represented by **James Loran Kerr**
Davis Polk & Wardwell L.L.P.
450 Lexington Avenue
New York, NY 10017
(212) 450-4552

Fax: 212 450 3552
Email: jkerr@dpw.com
*ATTORNEY TO BE NOTICED*

**Respondent**

**Barclays Bank PLC**                    represented by   **James Loran Kerr**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Respondent**

**Intesa Sanpaolo S.p.A.**               represented by   **James Loran Kerr**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Respondent**

**Wells Fargo Bank, N.A.**               represented by   **James Loran Kerr**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Respondent**

**Commerzbank AG**                       represented by   **Paul Anthony Saso**
                                                          Gibbons P.C. (NY)
                                                          One Pennsylvania Plaza, 37th Floor
                                                          New York, NY 10119
                                                          (212)-613-2171
                                                          Fax: (212)-554-9686
                                                          Email: psaso@gibbonslaw.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Terry Alan Myers**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/09/2013 | 1 | NOTICE of Pending Action-Lis Pendens. Document filed by John Buckley III, Rick Harrison, Andy Lopez, Margaret Lopez, Keith Lorensen, Lisa Lorensen, Edward Love, Robert McTureous, David Morales, Gina Morris, Tracey Smith, Shelly Songer, Martin Songer, Jr., Jeremy Stewart, Kesha Stidham, Aaron Toney, Eric Williams, Carl Wingate. (jom) Modified on 5/13/2013 (jom). (jd). (Entered: 05/13/2013) |
| 05/09/2013 | | SUMMONS ISSUED as to The Republic of Sudan. (jom) (Entered: 05/13/2013) |
| 05/09/2013 | | CASE REFERRED TO Judge Alvin K. Hellerstein as possibly related to 08-cv-6588. (jom) (Entered: 05/13/2013) |

| | | |
|---|---|---|
| 05/09/2013 | | Case Designated ECF. (jom) (Entered: 05/13/2013) |
| 05/09/2013 | | *****NOTE TO ATTORNEY TO E-MAIL PDF. Note to Attorney Edward Henry Rosenthal for noncompliance with Section 14.3 of the S.D.N.Y. Electronic Case Filing Rules & Instructions. E-MAIL the PDF for Document 1 Notice of Lis Pendens, to: caseopenings@nysd.uscourts.gov. (jom)** (Entered: 05/13/2013) |
| 05/20/2013 | | CASE DECLINED AS NOT RELATED. Case referred as related to 08-cv-6588 and declined by Judge Alvin K. Hellerstein and returned to wheel for assignment. (pgu) (Entered: 05/20/2013) |
| 05/20/2013 | 2 | NOTICE OF CASE ASSIGNMENT to Judge Analisa Torres. Judge Unassigned is no longer assigned to the case. (pgu) (Entered: 05/20/2013) |
| 05/20/2013 | | Magistrate Judge Kevin Nathaniel Fox is so designated. (pgu) (Entered: 05/20/2013) |
| 05/31/2013 | 3 | MOTION for Attachment *Motion for Entry of Order Finding Sufficient Time Has Passed to Seek Attachment and Execution of Defendant/Judgment Debtor's Assets*. Document filed by John Buckley III, Rick Harrison, Andy Lopez, Margaret Lopez, Keith Lorensen, Lisa Lorensen, Edward Love, Robert McTureous, David Morales, Gina Morris, Tracey Smith, Shelly Songer, Martin Songer, Jr., Jeremy Stewart, Kesha Stidham, Aaron Toney, Eric Williams, Carl Wingate. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Rosenthal, Edward) (Entered: 05/31/2013) |
| 09/20/2013 | 4 | ORDER: The above case having been assigned to me for all purposes, it is ORDERED that the Clerk of Court shall reflect that this case is related to 12 Misc. 0328. SO ORDERED. (Signed by Judge Analisa Torres on 9/20/2013) (ama) (Entered: 09/20/2013) |
| 09/20/2013 | 5 | ORDER GRANTING MOTION FOR ENTRY OF ORDER FINDING SUFFICIENT TIME HAS PASSED TO SEEK ATTACHMENT AND EXECUTION AND AUTHORIZING ATTACHMENT OF DEFENDANTS/JUDGMENT-DEBTORS' ASSETS WITHIN THIS JURISDICTION PURSUANT TO 28 U.S. C. § 1610(c): granting 3 Motion to Attach. The Motion is GRANTED. The Court hereby concludes that, under 28 U.S.C. 1610(c), all conditions precedent to the Plaintiffs' request to attach and execute against blocked assets of the Defendant/Judgment Debtor, Republic of Sudan, have been met, including providing proper notification of the default judgment to the Defendant/Judgment Debtor, pursuant to 28 U.S.C. § 1608(e), and that, for the purposes of attachment and execution, a reasonable period of time has elapsed following the entry of judgment and the giving of notice to the Defendant/Judgment Debtor. The Plaintiffs are hereby authorized to seek attachment of frozen assets located within this jurisdiction using post judgment enforcement procedures. (Signed by Judge Analisa Torres on 9/20/2013) (ama) (Entered: 09/20/2013) |
| 10/21/2013 | 6 | NOTICE of Petition; Petition for Turnover Order Against National Bank of Egypt Pursuant to 28 U.S.C. Sect. 1610(g), CPLR Sect. 5225(b) and Federal |

| | | |
|---|---|---|
| | | Rule of Civil Procedure Rule 69(a). Document filed by John Buckley III, Rick Harrison, Andy Lopez, Margaret Lopez, Keith Lorensen, Lisa Lorensen, Edward Love, Robert McTureous, David Morales, Gina Morris, Tracey Smith, Shelly Songer, Martin Songer, Jr., Jeremy Stewart, Kesha Stidham, Aaron Toney, Eric Williams, Carl Wingate. (Attachments: # 1 Exhibit A (redacted), # 2 Exhibit B (redacted), # 3 Exhibit C (redacted), # 4 Exhibit D (redacted), # 5 Exhibit E (redacted), # 6 Text of Proposed Order (redacted))(Rosenthal, Edward) (Entered: 10/21/2013) |
| 10/22/2013 | 7 | SEALED DOCUMENT placed in vault.(nm) (Entered: 10/22/2013) |
| 10/23/2013 | 8 | TURNOVER ORDER: AND NOW, this 23rd day of October, 2013, upon Plaintiffs' Petition for Turnover Order Against National Bank of Egypt Pursuant to 28 U.S.C. § 1610(g), CPLR § 5225(b) and Federal Rule of Civil Procedure 69(a), the Motion is GRANTED. The Court hereby finds and orders as follows: Plaintiffs obtained a judgment in the District Court for the District of Columbia in the amount of $314,705,896, plus interest (the "Judgment"), and the entire principal amount of the Judgment remains unsatisfied. Funds held at the National Bank of Egypt, New York Branch, are subject to execution and attachment under the Foreign Sovereign Immunities Act because the owner of the funds, is an agency and instrumentality of the Republic of Sudan. National Bank of Egypt owned by totaling plus accrued interest, is subject to execution to satisfy the Plaintiffs' outstanding judgment. The Court hereby directs National Bank of Egypt to turn over the proceeds of totaling together with any accrued interest, to the Plaintiffs within ten (10) days from the date of this Order. An OFAC license is not necessary to disburse these funds and no notice is necessary to. See Heiser v. Bank of Tokyo Mitsubishi UFJ, New York Branch, 919 F. Supp. 2d 411, 422 (S.D.N.Y. 2013); Heiser v. Islamic Republic of Iran, 807 F. Supp. 2d 9, 23 (D.D.C. 2011); Weininger v. Castro, 432 F. Supp. 2d 457 (S.D.N.Y. 2006). This Order enforces a duly registered District Court judgment from the District of Columbia, recognized by a New York Federal Court and given full faith and credit by this Court. (Signed by Judge Analisa Torres on 10/23/2013) (rsh) (Entered: 10/23/2013) |
| 10/28/2013 | 9 | NOTICE of Petition; Petition for Turnover Order Against BNP Paribas Pursuant to 28 U.S.C. Sect. 1610(g), CPLR Sect. 5225(b) and Federal Rule of Civil Procedure Rule 69(a). Document filed by John Buckley III, Rick Harrison, Andy Lopez, Margaret Lopez, Keith Lorensen, Lisa Lorensen, Edward Love, Robert McTureous, David Morales, Gina Morris, Tracey Smith, Shelly Songer, Martin Songer, Jr., Jeremy Stewart, Kesha Stidham, Aaron Toney, Eric Williams, Carl Wingate. (Attachments: # 1 Exhibit A (redacted), # 2 Exhibit B (redacted), # 3 Exhibit C (redacted), # 4 Exhibit D (redacted), # 5 Exhibit E (redacted), # 6 Exhibit F (redacted), # 7 Exhibit G (redacted), # 8 Exhibit H (redacted), # 9 Exhibit I (redacted), # 10 Exhibit J (redacted), # 11 Exhibit K (redacted), # 12 Text of Proposed Order (redacted))(Rosenthal, Edward) (Entered: 10/28/2013) |
| 10/28/2013 | 10 | SEALED DOCUMENT placed in vault.(mps) (Entered: 10/28/2013) |
| 11/04/2013 | 11 | |

| | | |
|---|---|---|
| | | TURNOVER ORDER AGAINST BNP PARIBAS: AND NOW, this 4th day of November, 2013, upon Plaintiffs' Petition for Turnover Order Against BNP Paribas Pursuant to 28 U.S.C. 1610(g), CPLR 5225(b) and Federal Rule of Civil Procedure 69(a), the Motion is GRANTED. The Court hereby finds and orders as follows: Plaintiffs obtained a judgment in the District Court for the District of Columbia in the amount of $314,705,896, plus interest (the "Judgment"), and the entire principal amount of the Judgment remains unsatisfied. Funds held at BNP Paribas are subject to execution and attachment under the Foreign Sovereign Immunities Act because the owners of the funds are agencies and instrumentalities of the Republic of Sudan. Also known as, is an agency and instrumentality of the Sudanese government. The following accounts, totaling plus accrued interest, are subject to execution to satisfy the Plaintiffs' outstanding judgment. The Court hereby directs BNP Paribas to turn over the proceeds of foregoing accounts, totaling, together with any accrued interest, to the Plaintiffs within ten (10) days from the date of this Order. An OFAC license is not necessary to disburse these funds and no notice is necessary to the Sudanese agencies and instrumentalities. See Heiser v. Bank of Tokyo Mitsubishi UFJ, New York Branch, 919 F. Supp. 2d 411, 422 (S.D.N.Y. 2013); Heiser v. Islamic Republic of Iran, 807 F. Supp. 2d 9, 23 (D.D.C. 2011); Weininger v. Castro, 432 F. Supp. 2d 457 (S.D.N.Y. 2006). This Order enforces a duly registered District Court judgment from the District of Columbia, recognized by a New York Federal Court and given full faith and credit by this Court. (Signed by Judge Analisa Torres on 11/4/2013) (rsh) (Entered: 11/04/2013) |
| 11/04/2013 | 12 | CONSENT MOTION to Stay re: 8 Order,,,,,, *Uncontested Motion for Order Providing a Limited Stay of Enforcement of Turnover Order and Providing Notice to Third Parties of Turnover Order*. Document filed by John Buckley III, Rick Harrison, Andy Lopez, Margaret Lopez, Keith Lorensen, Lisa Lorensen, Edward Love, Robert McTureous, David Morales, Gina Morris, Tracey Smith, Shelly Songer, Martin Songer, Jr., Jeremy Stewart, Kesha Stidham, Aaron Toney, Eric Williams, Carl Wingate. (Attachments: # 1 Text of Proposed Order)(Levitt, Brandon) (Entered: 11/04/2013) |
| 11/12/2013 | 13 | MOTION to Amend/Correct 11 Order,,,,,, *Unopposed Motion for Order Amending Turnover Order Against BNP Paribas (redacted)*. Document filed by John Buckley III, Rick Harrison, Andy Lopez, Margaret Lopez, Keith Lorensen, Lisa Lorensen, Edward Love, Robert McTureous, David Morales, Gina Morris, Tracey Smith, Shelly Songer, Martin Songer, Jr., Jeremy Stewart, Kesha Stidham, Aaron Toney, Eric Williams, Carl Wingate. (Attachments: # 1 Exhibit A (redacted))(Rosenthal, Edward) (Entered: 11/12/2013) |
| 11/12/2013 | 14 | SEALED DOCUMENT placed in vault.(nm) (Entered: 11/12/2013) |
| 11/13/2013 | 15 | ORDER PROVIDING A LIMITED STAY OF ENFORCEMENT OF TURNOVER ORDER AND PROVIDING NOTICE TO THIRD PARTIES OF TURNOVER ORDER granting 12 Motion to Stay. NOW, THEREFORE, it is hereby ORDERED as follows: The Garnishee, at its sole expense, shall serve the Third Parties with the Turnover Petition and Turnover Order in the manner specified in subsequent provisions of this Order, except that any |

| | | |
|---|---|---|
| | | exhibits to the Turnover Petition that have been filed under seal shall be omitted and replaced by a list of the Blocked Assets pertinent to the Third Party to be served as further set forth within this order. (Signed by Judge Analisa Torres on 11/12/2013) (rsh) (Entered: 11/14/2013) |
| 11/18/2013 | 16 | NOTICE OF APPEARANCE by Barry J. Friedberg on behalf of National Bank of Egypt. (Friedberg, Barry) (Entered: 11/18/2013) |
| 11/18/2013 | 17 | CERTIFICATE OF SERVICE of Petition, Orders and Notice on November 14, 2013. Document filed by National Bank of Egypt. (Friedberg, Barry) (Entered: 11/18/2013) |
| 12/11/2013 | 18 | NOTICE of Petition; Petition for Turnover Order Against Mashreqbank Pursuant to 28 U.S.C. Sect. 1610(g), CPLR Sect. 5225(b) and F.R.C.P. 69(a). Document filed by John Buckley III, Rick Harrison, Andy Lopez, Margaret Lopez, Keith Lorensen, Lisa Lorensen, Edward Love, Robert McTureous, David Morales, Gina Morris, Tracey Smith, Shelly Songer, Martin Songer, Jr., Jeremy Stewart, Kesha Stidham, Eric Williams, Carl Wingate. (Attachments: # 1 Exhibit A (redacted), # 2 Exhibit B (redacted), # 3 Exhibit C (redacted), # 4 Exhibit D (redacted), # 5 Exhibit E (redacted), # 6 Exhibit F (redacted), # 7 Exhibit G (redacted), # 8 Exhibit H (redacted), # 9 Exhibit I (redacted), # 10 Text of Proposed Order (redacted))(Goldman, Beth) (Entered: 12/11/2013) |
| 12/12/2013 | 19 | SEALED DOCUMENT placed in vault.(nm) (Entered: 12/12/2013) |
| 12/12/2013 | 20 | TURNOVER ORDER AGAINST MASHREQBANK: AND NOW, this 12th day of December, 2013, upon Plaintiffs' Petition for Turnover Order Against Mashreqbank pursuant to 28 U.S.C. § 1610(g), CPLR § 5225(b) and Federal Rule of Civil Procedure 69(a), the Motion is GRANTED. The Court hereby finds and orders as follows: Plaintiffs obtained a judgment in the District Court for the District of Columbia in the amount of $314,705,896, plus interest (the "Judgment"), and the entire principal amount of the Judgment remains unsatisfied. Funds held at Mashreqbank are subject to execution and attachment under the Foreign Sovereign Immunities Act because the owners of the funds are agencies and instrumentalities of the Republic of Sudan. Also known as as an agency and instrumentality of the Sudanese government. The following account, totaling plus accrued interest, is subject to execution to satisfy the Plaintiffs' outstanding judgment. The Court hereby directs Mashreqbank to tum over the proceeds of the foregoing accounts, totaling (the "Turnover Assets"), together with any accrued interest, to the Plaintiffs within ten (10) days from the date of this Order. An OF AC license is not necessary to disburse these funds and no notice is necessary to the Sudanese agencies and instrumentalities. See Heiser v. Bank of Tokyo Mitsubishi UFJ, New York Branch, 919 F. Supp. 2d 411, 422 (S.D.N.Y. 2013); Heiser v. Islamic Republic of Iran, 807 F. Supp. 2d 9, 23 (D.D.C. 2011); Weininger v. Castro, 432 F. Supp. 2d 457 (S.D.N.Y. 2006). Upon turnover by Mashreqbank of the Turnover Assets to the Plaintiffs, plus all accrued interest thereon to date, Mashreqbank shall be fully discharged pursuant to CPLR § § 5209 or 6204 and Rule 22 of the Federal Rules of Civil Procedure, as applicable, and released from any and all liability and obligations or other liabilities, including all writs of execution, notices of pending action, restraining notices and other |

| | | |
|---|---|---|
| | | judgment creditor process of any kind, whether served on, or delivered to Mashreqbank, to the extent that they apply, purport to apply or attach to the Turnover Assets, to defendant Sudan, and to any agency and instrumentality of Sudan, or to any other party otherwise entitled to claim the Turnover Assets (in whole or in part), including without limitation, the plaintiffs in Owens, et al. v. Republic of Sudan, et al., 1:01-cv-02244-JDB (D.D.C.), and any other persons or entities, to the full extent of such amounts so held and deposited in compliance with this partial judgment. Mashreqbank shall provide a copy of this order to counsel for Owens within 5 days of the date of this order. Upon payment and turnover by Mashreqbank of the Turnover Assets to the Plaintiffs, plus all accrued interest thereon to date, all other persons and entities shall be permanently restrained and enjoined from instituting or prosecuting any claim, or pursuing any action against Mashreqbank in any jurisdiction or tribunal arising from or relating to any claim (whether legal or equitable) to the funds turned over in compliance with paragraph 7 of this Order. This Order enforces a duly registered District Court judgment from the District of Columbia, recognized by a New York Federal Court and given full faith and credit by this Court. (Signed by Judge Analisa Torres on 12/12/2013) (rsh) (Entered: 12/12/2013) |
| 12/13/2013 | 21 | AMENDED TURNOVER ORDER AGAINST BNP PARIBAS REDACTED PURSUANT TO PROTECTIVE ORDER granting 13 Motion to Amend/Correct. AND NOW, this 13th day of December, 2013, upon Plaintiffs' Petition for Turnover Order Against BNP Paribas pursuant to 28 U.S.C. § 1610(g), CPLR § 5225(b) and Federal Rule of Civil Procedure 69(a), and Plaintiffs' Unopposed Motion for Order Amending Turnover Order Against BNP Paribas, the Motion is GRANTED. The Court hereby finds and orders as follows: Plaintiffs obtained a judgment in the District Court for the District of Columbia in the amount of $314,705,896, plus interest (the "Judgment"), and the entire principal amount of the Judgment remains unsatisfied. Funds held at BNP Paribas New York Branch are subject to execution and attachment under the Foreign Sovereign Immunities Act because the owners of the funds are agencies and instrumentalities of the Republic of Sudan. Also known as is an agency and instrumentality of the Sudanese government. The following accounts, totaling plus accrued interest, are subject to execution to satisfy the Plaintiffs' outstanding judgment. Sudan is an agency and instrumentality of the Sudanese government. The Court hereby directs BNP Paribas to turn over the proceeds of the foregoing accounts, totaling (the "Turnover Assets"), together with any accrued interest, to the Plaintiffs within ten (10) days from the date of this Order. An OFAC license is not necessary to disburse these funds and no notice is necessary to the Sudanese agencies and instrumentalities. See Heiser v. Bank of Tokyo Mitsubishi UFJ, New York Branch, 919 F. Supp. 2d 411,422 (S.D.N.Y. 2013); Heiser v. Islamic Republic of Iran, 807 F. Supp. 2d 9, 23 (D.D.C. 2011); Weininger v. Castro, 432 F. Supp. 2d 457 (S.D.N.Y. 2006). Upon turnover by BNP Paribas of the Turnover Assets to the Plaintiffs, plus all accrued interest thereon to date, BNP Paribas shall be fully discharged pursuant to CPLR § § 5209 or 6204 and Rule 22 of the Federal Rules of Civil Procedure, as applicable, and released from any and all liability and obligations or other liabilities, including all writs of execution, notices of pending action, |

| | | |
|---|---|---|
| | | restraining notices and other judgment creditor process of any kind, whether served on, or delivered to BNP Paribas, to the extent that they apply, purport to apply or attach to the Turnover Assets, to defendant Sudan, and to any agency and instrumentality of Sudan, or to any other party otherwise entitled to claim the Turnover Assets (in whole or in part), including without limitation, the plaintiffs in Owens, et al. v. Republic of Sudan, et al., 1:01-cv-02244-JDB (D.D.C.), and any other persons or entities, to the full extent of such amounts so held and deposited in compliance with this partial judgment. BNP Paribas shall provide a copy of this order to counsel for Owens within 5 days of the date of this order. Upon payment and turnover by BNP Paribas of the Turnover Assets to the Plaintiffs, plus all accrued interest thereon to date, all other persons and entities shall be permanently restrained and enjoined from instituting or prosecuting any claim, or pursuing any action against BNP Paribas in any jurisdiction or tribunal arising from or relating to any claim (whether legal or equitable) to the funds turned over in compliance with paragraph 9 of this Order. This Order enforces a duly registered District Court judgment from the District of Columbia, recognized by a New York Federal Court and given full faith and credit by this Court. This Order supersedes any prior order relating to the Turnover Assets described in this Order. (Signed by Judge Analisa Torres on 12/13/2013) (rsh). (Entered: 12/13/2013) |
| 12/16/2013 | 22 | THIRD PARTY RESPONSE *by Defendant to Third-Party Notice and Withdrawal of Lien*. Document filed by Rick Harrison. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B-Part1, # 3 Exhibit Exhibit B-Part2, # 4 Exhibit Exhibit B-Part3, # 5 Exhibit Exhibit C, # 6 Exhibit Exhibit D) (Kaplan, Annie) (Entered: 12/16/2013) |
| 12/18/2013 | 23 | NOTICE of Petition; Petition for Turnover Order Against Credit Agricole Pursuant to 28 U.S.C. Sect. 1610(g), CPLR Sect. 5225(b) and Federal Rule of Civil Procedure Rule 69(a). Document filed by John Buckley III, Rick Harrison, Margaret Lopez, Keith Lorensen, Lisa Lorensen, Edward Love, Robert McTureous, David Morales, Gina Morris, Tracey Smith, Shelly Songer, Martin Songer, Jr., Jeremy Stewart, Kesha Stidham, Eric Williams, Carl Wingate. (Attachments: # 1 Exhibit A (redacted), # 2 Exhibit B (redacted), # 3 Exhibit C (redacted), # 4 Exhibit D (redacted), # 5 Exhibit E (redacted), # 6 Exhibit F (redacted), # 7 Exhibit G (redacted), # 8 Exhibit H (redacted), # 9 Text of Proposed Order (redacted))(Rosenthal, Edward) (Entered: 12/18/2013) |
| 12/19/2013 | 24 | SEALED DOCUMENT placed in vault.(nm) (Entered: 12/19/2013) |
| 12/19/2013 | 25 | NOTICE OF APPEARANCE by Carmine D. Boccuzzi, Jr on behalf of Credit Agricole Corporate and Investment Bank. (Boccuzzi, Carmine) (Entered: 12/19/2013) |
| 12/19/2013 | 26 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Credit Agricole S.A. for Credit Agricole Corporate and Investment Bank. Document filed by Credit Agricole Corporate and Investment Bank.(Boccuzzi, Carmine) (Entered: 12/19/2013) |
| 12/19/2013 | 27 | RESPONSE re: 23 Notice (Other), Notice (Other), Notice (Other) / *[REDACTED] Responses and Objections of Credit Agricole Corporate and* |

| | | |
|---|---|---|
| | | *Investment Bank to Plaintiffs' Petition for Turnover Order, dated December 19, 2013*. Document filed by Credit Agricole Corporate and Investment Bank. (Boccuzzi, Carmine) (Entered: 12/19/2013) |
| 12/19/2013 | 28 | SEALED DOCUMENT placed in vault.(nm) (Entered: 12/19/2013) |
| 12/20/2013 | | ORDER. By January 3, 2014, Plaintiff is directed to reply to Credit Agricole's response at ECF Docket No. 27. (Signed by Judge Analisa Torres on December 20, 2013) (Torres, Analisa) (Entered: 12/20/2013) |
| 01/02/2014 | 29 | REPLY re: 23 Notice (Other), Notice (Other), Notice (Other). Document filed by John Buckley III, Rick Harrison, Andy Lopez, Margaret Lopez, Keith Lorensen, Lisa Lorensen, Edward Love, Robert McTureous, David Morales, Gina Morris, Tracey Smith, Shelly Songer, Martin Songer, Jr., Jeremy Stewart, Kesha Stidham, Aaron Toney, Eric Williams, Carl Wingate. (Attachments: # 1 Exhibit A (redacted))(Rosenthal, Edward) (Entered: 01/02/2014) |
| 01/06/2014 | 30 | SEALED DOCUMENT placed in vault.(nm) (Entered: 01/06/2014) |
| 01/06/2014 | 31 | TURNOVER ORDER: that the Petition is GRANTED. The Court finds that the Turnover Assets are subject to turnover pursuant to § 201 of the Terrorism Risk Insurance Act of 2002 and are subject to execution and attachment under the Foreign Sovereign Immunities Act because the owners of the funds are agencies and instrumentalities of the Republic of Sudan. Upon turnover by CA-CIB of the funds identified herein to the Plaintiffs, plus all accrued interest thereon to date, Credit Agricole shall be fully discharged pursuant to CPLR §§ 5209 or 6204 and Rule 22 of the Federal Rules of Civil Procedure, as applicable, and released from any and all liability and obligations or other liabilities in connection with the turnover of those funds, including all writs of execution, notices of pending action, restraining notices and other judgment creditor process of any kind, whether served on, or delivered to CA-CIB, to the extent that they apply, purport to apply or attach to the Turnover Assets, to defendant The Republic of Sudan, and to any agency and instrumentality of The Republic of Sudan, or to any other party otherwise entitled to claim the Turnover Assets (in whole or in part), and any other persons or entities, to the full extent of such amounts so held and deposited in compliance with this Judgment, and as further set forth in this Order. Notwithstanding anything in this Order to the contrary, Plaintiffs reserve all rights to seek turnover of other amounts blocked by CA-CIB pursuant to regulations promulgated by OFAC, which CA-CIB will continue to restrain, as further set forth in this Order. Plaintiffs and CA-CIB shall meet and confer as to these amounts following the issuance by the Second Circuit of its rulings in Calderon-Cardona v. JP Morgan Chase Bank, N.A., No. 12-75 (2d Cir), and Hausler v. JPMorgan Chase, N.A., Nos. 12-1264 & 12-1272 (2d Cir.). This Order enforces a duly registered District Court judgment from the District of Columbia, recognized by a New York Federal Court and given full faith and credit by this Court. (Signed by Judge Analisa Torres on 1/6/2014) (tn) (Entered: 01/06/2014) |
| 01/13/2014 | 32 | NOTICE OF APPEARANCE by Robert J. Boyle on behalf of Republic of Sudan. (Boyle, Robert) (Entered: 01/13/2014) |

| | | |
|---|---|---|
| 01/13/2014 | 33 | FIRST MOTION for Asim AR Ghafoor to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208-9254273. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Republic of Sudan. (Boyle, Robert) (Entered: 01/13/2014) |
| 01/13/2014 | 34 | **FILING ERROR - NO ORDER SELECTED FOR APPEAL -** FIRST NOTICE OF APPEAL. Document filed by Republic of Sudan. Filing fee $ 505.00, receipt number 0208-9254314. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Boyle, Robert) Modified on 1/14/2014 (tp). (Entered: 01/13/2014) |
| 01/14/2014 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 33 FIRST MOTION for Asim AR Ghafoor to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208-9254273. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 01/14/2014) |
| 01/14/2014 | | *****NOTE TO ATTORNEY REGARDING DEFICIENT APPEAL. Note to Attorney Boyle, Robert to RE-FILE Document No. 34 Notice of Appeal. No Order being appealed was selected. Re-file the document as a Corrected Notice of Appeal event and select the correct Order being appealed. (tp)** (Entered: 01/14/2014) |
| 01/14/2014 | 35 | **FILING ERROR - NO ORDER SELECTED FOR APPEAL -** FIRST NOTICE OF APPEAL. Document filed by Republic of Sudan. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Boyle, Robert) Modified on 1/14/2014 (tp). (Entered: 01/14/2014) |
| 01/14/2014 | | *****NOTE TO ATTORNEY REGARDING DEFICIENT APPEAL. Note to Attorney Boyle, Robert to RE-FILE Document No. 35 Notice of Appeal. No Order being appealed was selected. Re-file the document as a Corrected Notice of Appeal event and select the correct Order being appealed. (tp)** (Entered: 01/14/2014) |
| 01/14/2014 | 36 | FIRST NOTICE OF APPEAL from Order, Set Deadlines, 20 Order,,,,,,,,,,,,, 11 Order,,,,,, 21 Order on Motion to Amend/Correct,,,,,,,,,,,,,, 8 Order,,,,,, 31 Order,,,,,,,,. Document filed by Republic of Sudan. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Boyle, Robert) (Entered: 01/14/2014) |
| 01/14/2014 | | Appeal Fee Paid electronically via Pay.gov: for 36 Notice of Appeal. Filing fee $ 505.00. Pay.gov receipt number 0208-9254314, paid on 1/13/2014. (tp) (Entered: 01/14/2014) |
| 01/14/2014 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 36 Notice of Appeal. (tp) (Entered: 01/14/2014) |
| 01/14/2014 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files *(ONLY)* for 36 Notice of Appeal, filed by Republic of Sudan were transmitted to the U.S. Court of Appeals. (tp) (Entered: 01/14/2014) |

| | | |
|---|---|---|
| 01/15/2014 | 37 | ORDER granting 33 Motion for Asim AR Ghafoor to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order) (Torres, Analisa) (Entered: 01/15/2014) |
| 01/15/2014 | 38 | NOTICE OF APPEARANCE by Asim Ghafoor on behalf of Republic of Sudan. (Ghafoor, Asim) (Entered: 01/15/2014) |
| 03/03/2014 | 39 | OMNIBUS PETITION FOR TURNOVER ORDER. Document filed by Rick Harrison et al.(cd) (ca). (Entered: 03/05/2014) |
| 03/03/2014 | | *****NOTE TO ATTORNEY TO E-MAIL PDF. Note to Attorney Andrew C. Hall for noncompliance with Section 14.3 of the S.D.N.Y. Electronic Case Filing Rules & Instructions. E-MAIL the PDF for Document 39 MOTION turnover order. to: caseopenings@nysd.uscourts.gov. (cd)** (Entered: 03/05/2014) |
| 03/14/2014 | 40 | NOTICE OF APPEARANCE by Mark Putnam Gimbel on behalf of Deutsche Bank AG, Deutsche Bank Trust Company Americas. (Gimbel, Mark) (Entered: 03/14/2014) |
| 03/14/2014 | 41 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Deutsche Bank AG.(Gimbel, Mark) (Entered: 03/14/2014) |
| 03/14/2014 | 42 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Other Affiliate Deutsche Bank Trust Corporation, Other Affiliate Deutsche Bank AG for Deutsche Bank Trust Company Americas. Document filed by Deutsche Bank Trust Company Americas.(Gimbel, Mark) (Entered: 03/14/2014) |
| 03/14/2014 | 43 | LETTER MOTION for Extension of Time to File Answer *to the Omnibus Petition for Turnover Order* addressed to Judge Analisa Torres from Mark P. Gimbel dated March 14, 2014. Document filed by Deutsche Bank AG, Deutsche Bank Trust Company Americas.(Gimbel, Mark) (Entered: 03/14/2014) |
| 03/17/2014 | 44 | ORDER granting 43 Letter Motion for Extension of Time to Answer. SO ORDERED. (Signed by Judge Analisa Torres on 3/17/2014) (mro) (Entered: 03/18/2014) |
| 03/19/2014 | 45 | NOTICE OF APPEARANCE by Daniel Marc Kuhn on behalf of Federal Reserve Bank of New York. (Kuhn, Daniel) (Entered: 03/19/2014) |
| 03/19/2014 | 46 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Federal Reserve Bank of New York.(Kuhn, Daniel) (Entered: 03/19/2014) |
| 03/19/2014 | 47 | NOTICE OF APPEARANCE by Shari Debra Leventhal on behalf of Federal Reserve Bank of New York. (Leventhal, Shari) (Entered: 03/19/2014) |
| 03/21/2014 | 48 | NOTICE OF APPEARANCE by Leonard Sanford Reiss on behalf of HAB Bank s/h/a Habib American Bank. (Reiss, Leonard) (Entered: 03/21/2014) |
| 03/21/2014 | 49 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by HAB Bank s/h/a Habib American Bank.(Reiss, Leonard) (Entered: 03/21/2014) |

| | | |
|---|---|---|
| 03/21/2014 | 50 | LETTER MOTION for Extension of Time to File Answer re: 39 MOTION turnover order. addressed to Judge Analisa Torres from Leonard S. Reiss, Esq. dated March 21, 2014. Document filed by HAB Bank s/h/a Habib American Bank. Return Date set for 3/31/2014 at 05:00 PM.(Reiss, Leonard) (Entered: 03/21/2014) |
| 03/21/2014 | 51 | ORDER granting 50 Letter Motion for Extension of Time to Answer. SO ORDERED. (Signed by Judge Analisa Torres on 3/21/2014) (mro) (Entered: 03/24/2014) |
| 03/21/2014 | | Set/Reset Deadlines as to 39 OMNIBUS PETITION FOR TURNOVER ORDER. Responses due by 4/21/2014 (mro) (Entered: 03/24/2014) |
| 03/25/2014 | 52 | LETTER MOTION for Extension of Time to File Answer re: 39 MOTION turnover order. addressed to Judge Analisa Torres from Daniel M. Kuhn dated March 25, 2014. Document filed by Federal Reserve Bank of New York. (Kuhn, Daniel) (Entered: 03/25/2014) |
| 03/26/2014 | 53 | AFFIDAVIT OF SERVICE of Summons, Notice of Petition and Omnibus Petition for Turnover served on Banco Do Brasil, S.A. on March 13, 2014. Service was accepted by Leticia Solono, General Agent. Document filed by Rick Harrison. (Levitt, Brandon) (Entered: 03/26/2014) |
| 03/26/2014 | 54 | AFFIDAVIT OF SERVICE of Summons, Notice of Petition and Omnibus Petition for Turnover served on Bank of America, N.A. on March 13, 2014. Service was accepted by Audra Bernanrd, General Agent. Document filed by Rick Harrison. (Levitt, Brandon) (Entered: 03/26/2014) |
| 03/26/2014 | 55 | AFFIDAVIT OF SERVICE of Summons, Notice of Petition and Omnibus Petition for Turnover served on Bank of Baroda, New York Branch on March 11, 2014. Service was accepted by H. Sing, Authorized Agent. Document filed by Rick Harrison. (Levitt, Brandon) (Entered: 03/26/2014) |
| 03/26/2014 | 56 | AFFIDAVIT OF SERVICE of Summons, Notice of Petition and Omnibus Petition for Turnover served on Bank of China, New York Branch on March 13, 2014. Service was accepted by Shi Deng, Bank Manager. Document filed by Rick Harrison. (Levitt, Brandon) (Entered: 03/26/2014) |
| 03/26/2014 | 57 | AFFIDAVIT OF SERVICE of Summons, Notice of Petition and Omnibus Petition for Turnover served on Bank of New York, Mellon Corporation on March 10, 2014. Service was accepted by J. Kocholla, Authorized Agent. Document filed by Rick Harrison. (Levitt, Brandon) (Entered: 03/26/2014) |
| 03/26/2014 | 58 | AFFIDAVIT OF SERVICE of Summons, Notice of Petition and Omnibus Petition for Turnover served on Bank of Tokyo-Mitsubishi UFJ Trust Company on March 13, 2014. Service was accepted by Nancy Morton, General Agent. Document filed by Rick Harrison. (Levitt, Brandon) (Entered: 03/26/2014) |
| 03/26/2014 | 59 | AFFIDAVIT OF SERVICE of Summons, Notice of Petition and Omnibus Petition for Turnover served on Barclays Bank PLC on March 13, 2014. Service was accepted by John Zucchi, Bank Analyst. Document filed by Rick Harrison. (Levitt, Brandon) (Entered: 03/26/2014) |

| | | |
|---|---|---|
| 03/26/2014 | 60 | AFFIDAVIT OF SERVICE of Summons, Notice of Petition and Omnibus Petition for Turnover served on Commerzbank AG on March 12, 2014. Service was accepted by K. Johnson, Authorized Agent. Document filed by Rick Harrison. (Levitt, Brandon) (Entered: 03/26/2014) |
| 03/26/2014 | 61 | AFFIDAVIT OF SERVICE of Summons, Notice of Petition and Omnibus Petition for Turnover served on Credit Suisse Securities (USA) LLC on March 11, 2014. Service was accepted by Ridhi Berry, Authorized Agent. Document filed by Rick Harrison. (Levitt, Brandon) (Entered: 03/26/2014) |
| 03/26/2014 | 62 | AFFIDAVIT OF SERVICE of Summons, Notice of Petition and Omnibus Petition for Turnover served on Deutsche Bank AG New York on March 10, 2014. Service was accepted by Ms. Yui, Authorized Agent. Document filed by Rick Harrison. (Levitt, Brandon) (Entered: 03/26/2014) |
| 03/26/2014 | 63 | AFFIDAVIT OF SERVICE of Summons, Notice of Petition and Omnibus Petition for Turnover served on Deutsche Bank Trust Company Americas on March 10, 2014. Service was accepted by Ms. Yui, Authorized Agent. Document filed by Rick Harrison. (Levitt, Brandon) (Entered: 03/26/2014) |
| 03/26/2014 | 64 | AFFIDAVIT OF SERVICE of Summons, Notice of Petition and Omnibus Petition for Turnover served on Federal Reserve Bank of New York on March 11, 2014. Service was accepted by Stephanie Ruiz, Authorized Agent. Document filed by Rick Harrison. (Levitt, Brandon) (Entered: 03/26/2014) |
| 03/26/2014 | 65 | AFFIDAVIT OF SERVICE of Summons, Notice of Petition and Omnibus Petition for Turnover served on Habib American Bank on March 11, 2014. Service was accepted by Gabrielle Cobos, Authorized Agent. Document filed by Rick Harrison. (Levitt, Brandon) (Entered: 03/26/2014) |
| 03/26/2014 | 66 | AFFIDAVIT OF SERVICE of Summons, Notice of Petition and Omnibus Petition for Turnover served on HSBC Bank, USA, N.A. on March 13, 2014. Service was accepted by Marcela, General Agent. Document filed by Rick Harrison. (Levitt, Brandon) (Entered: 03/26/2014) |
| 03/26/2014 | 67 | AFFIDAVIT OF SERVICE of Summons, Notice of Petition and Omnibus Petition for Turnover served on Interaudi Bank on March 13, 2014. Service was accepted by Denise Michaux, General Agent. Document filed by Rick Harrison. (Levitt, Brandon) (Entered: 03/26/2014) |
| 03/26/2014 | 68 | AFFIDAVIT OF SERVICE of Summons, Notice of Petition and Omnibus Petition for Turnover served on Intesa Sanpaolo on March 11, 2014. Service was accepted by David Cellante, Authorized Agent. Document filed by Rick Harrison. (Levitt, Brandon) (Entered: 03/26/2014) |
| 03/26/2014 | 69 | AFFIDAVIT OF SERVICE of Summons, Notice of Petition and Omnibus Petition for Turnover served on JP Morgan Chase & Co. on March 11, 2014. Service was accepted by Kendall Smith, Authorized Agent. Document filed by Rick Harrison. (Levitt, Brandon) (Entered: 03/26/2014) |
| 03/26/2014 | 70 | AFFIDAVIT OF SERVICE of Summons, Notice of Petition and Omnibus Petition for Turnover served on RBS Citizens, N.A. on March 12, 2014. |

| | | |
|---|---|---|
| | | Service was accepted by Tony Ann, Authorized Agent. Document filed by Rick Harrison. (Levitt, Brandon) (Entered: 03/26/2014) |
| 03/26/2014 | 71 | AFFIDAVIT OF SERVICE of Summons, Notice of Petition and Omnibus Petition for Turnover served on Standard Chartered Bank on March 13, 2014. Service was accepted by Max Lerner, General Agent. Document filed by Rick Harrison. (Levitt, Brandon) (Entered: 03/26/2014) |
| 03/26/2014 | 72 | AFFIDAVIT OF SERVICE of Summons, Notice of Petition and Omnibus Petition for Turnover served on State Bank of India on March 13, 2014. Service was accepted by Bhim Sain, General Agent. Document filed by Rick Harrison. (Levitt, Brandon) (Entered: 03/26/2014) |
| 03/26/2014 | 73 | AFFIDAVIT OF SERVICE of Summons, Notice of Petition and Omnibus Petition for Turnover served on Sumitomo Mitsui Banking Corporation on March 13, 2014. Service was accepted by Jane Hutta, General Agent. Document filed by Rick Harrison. (Levitt, Brandon) (Entered: 03/26/2014) |
| 03/26/2014 | 74 | NOTICE OF CHANGE OF ADDRESS by Brandon R. Levitt on behalf of John Buckley III, Rick Harrison, Andy Lopez, Margaret Lopez, Keith Lorensen, Lisa Lorensen, Edward Love, Robert McTureous, David Morales, Gina Morris, Tracey Smith, Shelly Songer, Martin Songer, Jr., Jeremy Stewart, Kesha Stidham, Aaron Toney, Eric Williams, Carl Wingate. New Address: Hall, Lamb & Hall, P.A., 2665 South Bayshore Drive, PH1, Miami, Florida, USA 33133, 3053745030. (Levitt, Brandon) (Entered: 03/26/2014) |
| 03/26/2014 | 75 | NOTICE OF APPEARANCE by Gregory Phillip Feit on behalf of JPMorgan Chase Bank, N.A.. (Feit, Gregory) (Entered: 03/26/2014) |
| 03/26/2014 | 76 | NOTICE OF APPEARANCE by Gregory Phillip Feit on behalf of The Bank of New York Mellon. (Feit, Gregory) (Entered: 03/26/2014) |
| 03/26/2014 | 77 | NOTICE OF APPEARANCE by Steven B. Feigenbaum on behalf of JPMorgan Chase Bank, N.A.. (Feigenbaum, Steven) (Entered: 03/26/2014) |
| 03/26/2014 | 78 | NOTICE OF APPEARANCE by Steven B. Feigenbaum on behalf of The Bank of New York Mellon. (Feigenbaum, Steven) (Entered: 03/26/2014) |
| 03/27/2014 | | NOTICE OF CASE REASSIGNMENT to Judge Katherine Polk Failla. Judge Analisa Torres is no longer assigned to the case. (pgu) (Entered: 03/27/2014) |
| 03/28/2014 | | NOTICE OF CASE REASSIGNMENT to Judge P. Kevin Castel. Judge Katherine Polk Failla is no longer assigned to the case. (pgu) (Entered: 03/28/2014) |
| 03/28/2014 | 79 | NOTICE OF APPEARANCE by Brian Rosner on behalf of State Bank of India. (Rosner, Brian) (Entered: 03/28/2014) |
| 03/28/2014 | 80 | NOTICE OF APPEARANCE by Natalie Ann Napierala on behalf of State Bank of India. (Napierala, Natalie) (Entered: 03/28/2014) |
| 03/28/2014 | 81 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by State Bank of India.(Napierala, Natalie) (Entered: 03/28/2014) |

| | | |
|---|---|---|
| 03/28/2014 | 82 | LETTER addressed to Judge Katherine Polk Failla from Natalie A. Napierala dated March 28, 2014 Document filed by State Bank of India.(Napierala, Natalie) (Entered: 03/28/2014) |
| 03/28/2014 | 83 | NOTICE OF APPEARANCE by Sean Charles McPhee on behalf of HSBC Bank, USA, N.A.. (McPhee, Sean) (Entered: 03/28/2014) |
| 03/28/2014 | 84 | ORDER granting 52 Letter Motion for Extension of Time to Answer. Application granted. SO ORDERED. (Signed by Judge P. Kevin Castel on 3/28/2014) (ajs) (Entered: 03/28/2014) |
| 03/28/2014 | 85 | ORDER granting 52 Letter Motion for Extension of Time to Answer. I will grant the adjournment and forward the matter to the assignment committee in light of what I understand is a conflict as to Judge Torres and more clearly Judge Failla. (Signed by Judge Harold Baer on 3/28/2014) (lmb) (Entered: 03/28/2014) |
| 03/28/2014 | | Set/Reset Deadlines: Responses due by 4/21/2014. (lmb) (Entered: 03/28/2014) |
| 03/28/2014 | 86 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent HSBC USA Inc. for HSBC Bank, USA, N.A.. Document filed by HSBC Bank, USA, N.A..(McPhee, Sean) (Entered: 03/28/2014) |
| 03/28/2014 | 87 | NOTICE OF APPEARANCE by James Loran Kerr on behalf of Bank of America, N.A., Barclays Bank PLC, Intesa Sanpaolo S.p.A., Wells Fargo Bank, N.A.. (Kerr, James) (Entered: 03/28/2014) |
| 03/28/2014 | 88 | LETTER addressed to Judge Katherine Polk Failla from James L. Kerr dated March 28, 2014 re: Request for Extension of time for Respondents to Answer or otherwise Respond to Petitioners' Omnibus Petition for Turnover Order. Document filed by Bank of America, N.A., Barclays Bank PLC, Intesa Sanpaolo S.p.A., Wells Fargo Bank, N.A..(Kerr, James) (Entered: 03/28/2014) |
| 03/31/2014 | 89 | NOTICE OF APPEARANCE by Paul Kenneth Stecker on behalf of HSBC Bank, USA, N.A.. (Stecker, Paul) (Entered: 03/31/2014) |
| 03/31/2014 | 90 | RESPONSE re: 39 MOTION turnover order. *Answer to Omnibus Petition for Turnover Order*. Document filed by HSBC Bank, USA, N.A.. (Attachments: # 1 Certificate of service)(McPhee, Sean) (Entered: 03/31/2014) |
| 03/31/2014 | 91 | NOTICE OF APPEARANCE by Allan Noel Taffet on behalf of Credit Suisse Securities (USA) LLC. (Taffet, Allan) (Entered: 03/31/2014) |
| 03/31/2014 | 92 | NOTICE OF APPEARANCE by Joshua C. Klein on behalf of Credit Suisse Securities (USA) LLC. (Klein, Joshua) (Entered: 03/31/2014) |
| 03/31/2014 | 93 | **FILING ERROR - NOT ALL CORPORATE PARENTS/OTHER AFFILIATES WERE ADDED -** RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Credit Suisse (USA), Inc. for Credit Suisse Securities (USA) LLC. Document filed by Credit Suisse Securities (USA) LLC.(Klein, Joshua) Modified on 4/1/2014 (lb). (Entered: 03/31/2014) |
| 03/31/2014 | 94 | |

| | | |
|---|---|---|
| | | LETTER MOTION for Extension of Time to File Answer *to the Omnibus Petition for Turnover Order* addressed to Judge P. Kevin Castel from Joshua Klein dated March 31, 2014. Document filed by Credit Suisse Securities (USA) LLC.(Klein, Joshua) (Entered: 03/31/2014) |
| 03/31/2014 | 95 | STIPULATION AND ORDER EXTENDING TIME TO ANSWER OR OTHERWISE RESPOND TO THE OMNIBUS PETITION FOR TURNOVER ORDER: IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned that in the interests of judicial economy and the convenience of the parties, the time for Respondents Intesa, Bank of America, Barclays, and Wells Fargo to answer or otherwise respond to the Omnibus Petition is extended to and including May 7, 2014. SO ORDERED. (Responses due by 5/7/2014) (Signed by Judge P. Kevin Castel on 3/31/2014) (ja) (Entered: 04/01/2014) |
| 04/01/2014 | | *****NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Joshua C. Klein to RE-FILE Document 93 Rule 7.1 Corporate Disclosure Statement,. ERROR (S): Not All Corporate Parents were added. Please re-file this document and when prompted: Are there any corporate parents or other affiliates?, select the YES radio button and enter the Corporate Parent(s) or Affiliate (s). (lb)** (Entered: 04/01/2014) |
| 04/01/2014 | 96 | MEMO ENDORSEMENT on re: 94 LETTER MOTION for Extension of Time to File Answer *to the Omnibus Petition for Turnover Order* addressed to Judge P. Kevin Castel from Joshua Klein dated March 31, 2014. filed by Credit Suisse Securities (USA) LLC. ENDORSEMENT: Time for all defendants to respond to the Omnibus Petition for Turnover Order is extended to May 7, 2014. No further extensions. SO ORDERED. (Signed by Judge P. Kevin Castel on 4/1/2014) (ajs) (Entered: 04/01/2014) |
| 04/01/2014 | 97 | **FILING ERROR - DEFICIENT DOCKET ENTRY (SEE DOCUMENT #99) -** NOTICE OF APPEARANCE by Terry Alan Myers on behalf of Commerzbank AG. Credit Agricole Corporate & Investment Bank. (Myers, Terry) Modified on 4/2/2014 (ldi). (Entered: 04/01/2014) |
| 04/01/2014 | 98 | **FILING ERROR - DEFICIENT DOCKET ENTRY (SEE DOCUMENT #100) -** NOTICE OF APPEARANCE by Paul Anthony Saso on behalf of Commerzbank AG. (Saso, Paul) Modified on 4/2/2014 (ldi). (Entered: 04/01/2014) |
| 04/01/2014 | 99 | NOTICE OF APPEARANCE by Terry Alan Myers on behalf of Commerzbank AG. (Myers, Terry) (Entered: 04/01/2014) |
| 04/01/2014 | 100 | NOTICE OF APPEARANCE by Paul Anthony Saso on behalf of Commerzbank AG. (Saso, Paul) (Entered: 04/01/2014) |
| 04/01/2014 | 101 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Commerzbank AG.(Saso, Paul) (Entered: 04/01/2014) |
| 04/01/2014 | 102 | **FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY -** RULE 7.1 CORPORATE DISCLOSURE STATEMENT. |

| | | |
|---|---|---|
| | | Identifying Corporate Parent Credit Suisse Group AG, Corporate Parent Credit Suisse (USA), Inc., Corporate Parent Credit Suisse, Corporate Parent Credit Suisse Holdings (USA), Inc. for Credit Suisse Securities (USA) LLC. Document filed by Credit Suisse Securities (USA) LLC.(Klein, Joshua) Modified on 4/2/2014 (lb). (Entered: 04/01/2014) |
| 04/01/2014 | 103 | ANSWER to Complaint. Document filed by Commerzbank AG.(Saso, Paul) (Entered: 04/01/2014) |
| 04/01/2014 | 104 | NOTICE OF APPEARANCE by Sharon L. Schneier on behalf of Citigroup Inc.. (Schneier, Sharon) (Entered: 04/01/2014) |
| 04/01/2014 | 105 | **FILING ERROR - CORPORATE PARENT/OTHER AFFILIATE NOT ADDED -** RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Citigroup Inc..(Schneier, Sharon) Modified on 4/2/2014 (lb). (Entered: 04/01/2014) |
| 04/01/2014 | 106 | NOTICE OF APPEARANCE by Christopher J. Robinson on behalf of Citigroup Inc.. (Robinson, Christopher) (Entered: 04/01/2014) |
| 04/02/2014 | | *****NOTE TO ATTORNEY TO RE-FILE DOCUMENT - PDF ERROR (Wrong Case Number) Note to Attorney Joshua C. Klein to RE-FILE Document 102 Rule 7.1 Corporate Disclosure Statement,. (lb)** (Entered: 04/02/2014) |
| 04/02/2014 | | *****NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Sharon L. Schneier to RE-FILE Document 105 Rule 7.1 Corporate Disclosure Statement. ERROR (S): Corporate Parents were not added. Please re-file this document and when prompted: Are there any corporate parents or other affiliates?, select the YES radio button and enter the Corporate Parent(s) or Affiliate (s). (lb)** (Entered: 04/02/2014) |
| 04/02/2014 | 107 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Credit Suisse Group AG, Corporate Parent Credit Suisse (USA), Inc., Corporate Parent Credit Suisse, Corporate Parent Credit Suisse Holdings (USA), Inc. for Credit Suisse Securities (USA) LLC. Document filed by Credit Suisse Securities (USA) LLC.(Klein, Joshua) (Entered: 04/02/2014) |
| 04/02/2014 | 108 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Citigroup, Inc. for Citigroup Inc.. Document filed by Citigroup Inc..(Schneier, Sharon) (Entered: 04/02/2014) |
| 04/03/2014 | 109 | NOTICE OF APPEARANCE by Richard Anthony De Palma on behalf of Bank of China. (De Palma, Richard) (Entered: 04/03/2014) |
| 04/03/2014 | 110 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Bank of China.(De Palma, Richard) (Entered: 04/03/2014) |
| 04/03/2014 | 111 | ANSWER to Complaint. Document filed by Bank of China.(De Palma, Richard) (Entered: 04/03/2014) |
| 04/21/2014 | 112 | |

| | | |
|---|---|---|
| | | CLERK CERTIFICATE OF MAILING of one copy of the NOTICE OF SUITED DATED MARCH 24, 2014, MARCH 3, 2014 SUMMONS IN A CIVIL ACTION AND NOTICE OF PETITION, MARCH 3, 2014 OMNIBUS PETITION FOR TURNOVER ORDER, COPY OF THE FOREIGN SOVEREIGN IMMUNITIES ACT mailed to REPUBLIC OF SEDAN, ALI AHMED KARTI MINISTER OF FOREIGN AFFAIRS, EMBASSY OF THE REPUBIC OF SUDAN, 2210 MASSACHUSETTS AVENUE NW, WASHINGTON, DC 20008 on 3/27/2014 by Federal Express tracking # 8636 0189 6935, to the head of the ministry of foreign affairs, pursuant to the provisions of Foreign Services Immunities Act, 28 U.S.C. § 1608(a)(3). (jvs) (Entered: 04/21/2014) |
| 04/21/2014 | | CLERK CERTIFICATE OF MAILING RECEIVED for NOTICE OF SUITED DATED MARCH 24, 2014, MARCH 3, 2014 SUMMONS IN A CIVIL ACTION AND NOTICE OF PETITION, MARCH 3, 2014 OMNIBUS PETITION FOR TURNOVER ORDER, COPY OF THE FOREIGN SOVEREIGN IMMUNITIES ACT mailed to REPUBLIC OF SEDAN, ALI AHMED KARTI MINISTER OF FOREIGN AFFAIRS, EMBASSY OF THE REPUBIC OF SUDAN, 2210 MASSACHUSETTS AVENUE NW, WASHINGTON, DC on 3/27/2014 by Federal Express tracking # 8636 0189 6935, as per 112 Clerk Certificate of Mailing, RECEIVED ON: 3/31/2014. (jvs) (Entered: 04/21/2014) |
| 04/28/2014 | 113 | NOTICE OF APPEARANCE by Ross B Hofherr on behalf of PNC Bank N.A.. (Hofherr, Ross) (Entered: 04/28/2014) |
| 04/30/2014 | 114 | STIPULATION AND ORDER: that the time within which respondent/garnishee named herein as PNC Bank, NA may answer, move or otherwise respond to the petition in this action is hereby extended to and including May 16, 2013. (Signed by Judge P. Kevin Castel on 4/30/2014) (tn) (Entered: 04/30/2014) |
| 05/02/2014 | 115 | LETTER MOTION for Extension of Time *to Answer, Move or Otherwise Respond to the Omnibus Turnover Petition* addressed to Judge P. Kevin Castel from Mark P. Gimbel dated May 2, 2014. Document filed by Deutsche Bank AG, Deutsche Bank Trust Company Americas.(Gimbel, Mark) (Entered: 05/02/2014) |
| 05/05/2014 | 116 | ORDER granting 115 Letter Motion for Extension of Time: Application Granted. (Signed by Judge P. Kevin Castel on 5/2/2014) (tn) (Entered: 05/05/2014) |
| 05/07/2014 | 117 | NOTICE OF APPEARANCE by Christopher James Houpt on behalf of Societe Generale. (Houpt, Christopher) (Entered: 05/07/2014) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 05/13/2014 12:47:48 | | | |
| **PACER Login:** | rp0118 | **Client Code:** | |

| Description: | Docket Report | Search Criteria: | 1:13-cv-03127-PKC |
|---|---|---|---|
| Billable Pages: | 30 | Cost: | 3.00 |

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

RICK HARRISON, JOHN BUCKLEY III, MARGARET LOPEZ, ANDY LOPEZ, KEITH LORENSEN, LISA LORENSEN, EDWARDS LOVE, ROBERT MCTUREOUS, DAVID MORALES, GINA MORRIS, MARTIN SONGER, JR., SHELLY SONGER, JEREMY STEWARD, KESHA STIDHAM, AARON TONEY, ERIC WILLIAMS, CARL WINGATE, AND TRACY SMITH, as Personal Representative of the Estate of Rubin Smith,

Plaintiffs,

vs.

THE REPUBLIC OF SUDAN,

Defendant,

vs.

MASHREQBANK PSC,

Respondent.

Case No. 1:13-cv-03127 (AT)

**TURNOVER ORDER AGAINST MASHREQBANK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/12/13

AND NOW, this 12th day of December, 2013, upon Plaintiffs' Petition for Turnover Order Against Mashreqbank pursuant to 28 U.S.C. § 1610(g), CPLR § 5225(b) and Federal Rule of Civil Procedure 69(a), the Motion is GRANTED. The Court hereby finds and orders as follows:

1. Plaintiffs obtained a judgment in the District Court for the District of Columbia in the amount of $314,705,896, plus interest (the "Judgment"), and the entire principal amount of the Judgment remains unsatisfied.

2. Funds held at Mashreqbank are subject to execution and attachment under the Foreign Sovereign Immunities Act because the owners of the funds are agencies and instrumentalities of the Republic of Sudan.

3. [redacted], also known as [redacted], is an agency and instrumentality of the Sudanese government. The following account, totaling [redacted], plus accrued interest, is subject to execution to satisfy the Plaintiffs' outstanding judgment:

| **Respondent Bank** | **Account Owner** | **Description** | **Value** |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |

4. [redacted] is an agency and instrumentality of the Sudanese government. The following account, totaling [redacted] plus accrued interest, are subject to execution to satisfy the Plaintiffs' outstanding judgment:

| **Respondent Bank** | **Account Owner** | **Description** | **Value** |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |

5. [redacted] is an agency and instrumentality of the Sudanese government. The following account, totaling [redacted] plus accrued interest, are subject to execution to satisfy the Plaintiffs' outstanding judgment:

| **Respondent Bank** | **Account Owner** | **Description** | **Value** |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |

6. [redacted], also known as [redacted], is an agency and instrumentality of Sudan. The following account, totaling [redacted], plus accrued interest, is subject to execution to satisfy the Plaintiffs' outstanding judgment:

| Respondent Bank | Account Owner | Blocking Date | Value |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |

7. The Court hereby directs Mashreqbank to turn over the proceeds of the foregoing accounts, totaling [redacted] (the "Turnover Assets"), together with any accrued interest, to the Plaintiffs within ten (10) days from the date of this Order.

8. An OFAC license is not necessary to disburse these funds and no notice is necessary to the Sudanese agencies and instrumentalities. *See Heiser v. Bank of Tokyo Mitsubishi UFJ, New York Branch*, 919 F. Supp. 2d 411, 422 (S.D.N.Y. 2013); *Heiser v. Islamic Republic of Iran*, 807 F. Supp. 2d 9, 23 (D.D.C. 2011); *Weininger v. Castro*, 432 F. Supp. 2d 457 (S.D.N.Y. 2006).

9. Upon turnover by Mashreqbank of the Turnover Assets to the Plaintiffs, plus all accrued interest thereon to date, Mashreqbank shall be fully discharged pursuant to CPLR §§ 5209 or 6204 and Rule 22 of the Federal Rules of Civil Procedure, as applicable, and released from any and all liability and obligations or other liabilities, including all writs of execution, notices of pending action, restraining notices and other judgment creditor process of any kind, whether served on, or delivered to Mashreqbank, to the extent that they apply, purport to apply or attach to the Turnover Assets, to defendant Sudan, and to any agency and instrumentality of Sudan, or to any other party otherwise entitled to

claim the Turnover Assets (in whole or in part), including without limitation, the plaintiffs in *Owens, et al. v. Republic of Sudan, et al.*, 1:01-cv-02244-JDB (D.D.C.), and any other persons or entities, to the full extent of such amounts so held and deposited in compliance with this partial judgment. Mashreqbank shall provide a copy of this order to counsel for Owens within 5 days of the date of this order.

10. Upon payment and turnover by Mashreqbank of the Turnover Assets to the Plaintiffs, plus all accrued interest thereon to date, all other persons and entities shall be permanently restrained and enjoined from instituting or prosecuting any claim, or pursuing any action against Mashreqbank in any jurisdiction or tribunal arising from or relating to any claim (whether legal or equitable) to the funds turned over in compliance with paragraph 7 of this Order.

11. This Order enforces a duly registered District Court judgment from the District of Columbia, recognized by a New York Federal Court and given full faith and credit by this Court.

So ordered,

ANALISA TORRES
United States District Judge

Date: December 12, 2013

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RICK HARRISON, JOHN BUCKLEY III, MARGARET LOPEZ, ANDY LOPEZ, KEITH LORENSEN, LISA LORENSEN, EDWARDS LOVE, ROBERT MCTUREOUS, DAVID MORALES, GINA MORRIS, MARTIN SONGER, JR., SHELLY SONGER, JEREMY STEWARD, KESHA STIDHAM, AARON TONEY, ERIC WILLIAMS, CARL WINGATE, AND TRACY SMITH, as Personal Representative of the Estate of Rubin Smith,

Plaintiffs,

vs.

THE REPUBLIC OF SUDAN,

Defendant,

vs.

BNP PARIBAS,

Respondent.

Case No. 1:13-cv-03127 (AT)

**AMENDED TURNOVER ORDER AGAINST BNP PARIBAS**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/13/13

**REDACTED PURSUANT TO PROTECTIVE ORDER**

AND NOW, this 13th day of December, 2013, upon Plaintiffs' Petition for Turnover Order Against BNP Paribas pursuant to 28 U.S.C. § 1610(g), CPLR § 5225(b) and Federal Rule of Civil Procedure 69(a), and Plaintiffs' Unopposed Motion for Order Amending Turnover Order Against BNP Paribas, the Motion is GRANTED. The Court hereby finds and orders as follows:

1. Plaintiffs obtained a judgment in the District Court for the District of Columbia in the amount of $314,705,896, plus interest (the "Judgment"), and the entire principal amount of the Judgment remains unsatisfied.

2. Funds held at BNP Paribas New York Branch are subject to execution and attachment under the Foreign Sovereign Immunities Act because the owners of the funds are agencies and instrumentalities of the Republic of Sudan.

3. [REDACTED], also known as [REDACTED], is an agency and instrumentality of the Sudanese government. The following accounts, totaling [REDACTED], plus accrued interest, are subject to execution to satisfy the Plaintiffs' outstanding judgment:

| **Respondent Bank** | **Account Beneficiary** | **Blocking Date** | **Value** (as of June 30, 2012) |
|---|---|---|---|
| BNP Paribas | [REDACTED] | [REDACTED] | [REDACTED] |
| BNP Paribas | [REDACTED] | [REDACTED] | [REDACTED] |
| BNP Paribas | [REDACTED] | [REDACTED] | [REDACTED] |
| BNP Paribas | [REDACTED] | [REDACTED] | [REDACTED] |
| BNP Paribas | [REDACTED] | [REDACTED] | [REDACTED] |

4. [REDACTED], Sudan is an agency and instrumentality of the Sudanese government. The following accounts, totaling [REDACTED],

plus accrued interest, are subject to execution to satisfy the Plaintiffs' outstanding judgment:

| **Respondent Bank** | **Account Beneficiary** | **Blocking Date** | **Value** (as of June 30, 2012) |
|---|---|---|---|
| BNP Paribas | [redacted] | [redacted] | [redacted] |
| BNP Paribas | [redacted] | [redacted] | [redacted] |
| BNP Paribas | | | |
| BNP Paribas | [redacted] | [redacted] | [redacted] |

5. [redacted] is an agency and instrumentality of the Sudanese government. The following accounts, totaling [redacted], plus accrued interest, are subject to execution to satisfy the Plaintiffs' outstanding judgment:

| **Respondent Bank** | **Account Beneficiary** | **Blocking Date** | **Value** (as of June 30, 2012) |
|---|---|---|---|
| BNP Paribas | [redacted] | [redacted] | [redacted] |
| BNP Paribas | [redacted] | [redacted] | [redacted] |

6. [redacted], formerly known as , is an agency and instrumentality of Sudan. The following

account, totaling [redacted], plus accrued interest, is subject to execution to satisfy the Plaintiffs' outstanding judgment:

| Respondent Bank | Account Beneficiary | Blocking Date | Value (as of June 30, 2012) |
|---|---|---|---|
| BNP Paribas | [redacted] | [redacted] | [redacted] |

7. [redacted] is an agency and instrumentality of Sudan. The following account, totaling [redacted], plus accrued interest, is subject to execution to satisfy the Plaintiffs' outstanding judgment:

| Respondent Bank | Account Beneficiary | Blocking Date | Value (as of June 30, 2012) |
|---|---|---|---|
| BNP Paribas | [redacted] | [redacted] | [redacted] |

8. [redacted] is an agency and instrumentality of Sudan. The following accounts, totaling [redacted], plus accrued interest, are subject to execution to satisfy the Plaintiffs' outstanding judgment:

| Respondent Bank | Account Beneficiary | Blocking Date | Value (as of June 30, 2012) |
|---|---|---|---|
| BNP Paribas | [redacted] | [redacted] | [redacted] |
| BNP Paribas | [redacted] | [redacted] | [redacted] |

| BNP Paribas | [redacted] | [redacted] | [redacted] |
|---|---|---|---|

9. The Court hereby directs BNP Paribas to turn over the proceeds of the foregoing accounts, totaling [redacted] (the "Turnover Assets"), together with any accrued interest, to the Plaintiffs within ten (10) days from the date of this Order.

10. An OFAC license is not necessary to disburse these funds and no notice is necessary to the Sudanese agencies and instrumentalities. *See Heiser v. Bank of Tokyo Mitsubishi UFJ, New York Branch*, 919 F. Supp. 2d 411, 422 (S.D.N.Y. 2013); *Heiser v. Islamic Republic of Iran*, 807 F. Supp. 2d 9, 23 (D.D.C. 2011); *Weininger v. Castro*, 432 F. Supp. 2d 457 (S.D.N.Y. 2006).

11. Upon turnover by BNP Paribas of the Turnover Assets to the Plaintiffs, plus all accrued interest thereon to date, BNP Paribas shall be fully discharged pursuant to CPLR §§ 5209 or 6204 and Rule 22 of the Federal Rules of Civil Procedure, as applicable, and released from any and all liability and obligations or other liabilities, including all writs of execution, notices of pending action, restraining notices and other judgment creditor process of any kind, whether served on, or delivered to BNP Paribas, to the extent that they apply, purport to apply or attach to the Turnover Assets, to defendant Sudan, and to any agency and instrumentality of Sudan, or to any other party otherwise entitled to claim the Turnover Assets (in whole or in part), including without limitation, the plaintiffs in *Owens, et al. v. Republic of Sudan, et al.*, 1:01-cv-02244-JDB (D.D.C.), and any other persons or entities, to the full extent of such amounts so held and deposited in compliance

with this partial judgment. BNP Paribas shall provide a copy of this order to counsel for Owens within 5 days of the date of this order.

12. Upon payment and turnover by BNP Paribas of the Turnover Assets to the Plaintiffs, plus all accrued interest thereon to date, all other persons and entities shall be permanently restrained and enjoined from instituting or prosecuting any claim, or pursuing any action against BNP Paribas in any jurisdiction or tribunal arising from or relating to any claim (whether legal or equitable) to the funds turned over in compliance with paragraph 9 of this Order.

13. This Order enforces a duly registered District Court judgment from the District of Columbia, recognized by a New York Federal Court and given full faith and credit by this Court.

14. This Order supersedes any prior order relating to the Turnover Assets described in this Order.

So ordered,

ANALISA TORRES
United States District Judge

Date: December 13 , 2013

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICK HARRISON, JOHN BUCKLEY III, MARGARET LOPEZ, ANDY LOPEZ, KEITH LORENSEN, LISA LORENSEN, EDWARDS LOVE, ROBERT MCTUREOUS, DAVID MORALES, GINA MORRIS, MARTIN SONGER, JR., SHELLY SONGER, JEREMY STEWARD, KESHA STIDHAM, AARON TONEY, ERIC WILLIAMS, CARL WINGATE, AND TRACY SMITH, as Personal Representative of the Estate of Rubin Smith,<br><br>Plaintiffs,<br><br>vs.<br><br>THE REPUBLIC OF SUDAN,<br><br>Defendant,<br><br>vs.<br><br>CREDIT AGRICOLE CORPORATE & INVESTMENT BANK,<br><br>Respondent. | Case No. 1:13-cv-03127 (AT)<br><br>~~[PROPOSED]~~ TURNOVER ORDER |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/6/14

WHEREAS on December 18, 2013, Plaintiffs, Rick Harrison, John Buckley III, Margaret Lopez, Andy Lopez, Keith Lorensen, Lisa Lorensen, Edwards Love, Robert McTureous, David Morales, Gina Morris, Martin Songer, Jr., Shelly Songer, Jeremy Steward, Kesha Stidham, Aaron Toney, Eric Williams, Carl Wingate, and Tracy Smith, as Personal Representative of the Estate of Rubin Smith ("Plaintiffs"), filed their Petition for Turnover Order Against Credit Agricole Corporate and Investment Bank ("CA-CIB") pursuant to 28 U.S.C. § 1610(g), CPLR § 5225(b) and Federal Rule of Civil Procedure 69(a) ("Petition"), which is currently before the Court;

WHEREAS, Plaintiffs have provided notice to the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") of this Petition and OFAC having not appeared or otherwise objected to the relief sought in the Petition;

WHEREAS, Plaintiffs obtained a judgment in the District Court for the District of Columbia in the amount of $314,705,896, plus interest (the "Judgment"), and the entire principal amount of the Judgment remains unsatisfied; and

WHEREAS, Plaintiffs' Petition establishes that the funds described in the Petition, totaling [redacted] (as of June 29, 2012), plus accrued interest (the "Turnover Assets"), are subject to turnover pursuant to C.P.L.R. § 5225, 28 U.S.C. § 1610(g) and the Terrorism Risk Insurance Act of 2002, Pub. No. 107-297, 116 Stat. 2322 (2002), codified at 28 U.S.C. § 1610, in partial satisfaction of Plaintiffs' Judgment.

AND NOW, this 6th day of January, 2014 upon Plaintiffs' Petition, it is ORDERED, ADJUDGED AND DECREED THAT:

1. The Petition is GRANTED.

2. The Court finds that the Turnover Assets are subject to turnover pursuant to § 201 of the Terrorism Risk Insurance Act of 2002 and are subject to execution and attachment under the Foreign Sovereign Immunities Act because the owners of the funds are agencies and instrumentalities of the Republic of Sudan.

3. [redacted] is an agency and instrumentality of the Sudanese government. The following accounts, totaling [redacted], and [redacted] (as of June 29, 2012), plus accrued interest, are subject to execution to satisfy the Plaintiffs' outstanding judgment:

| Respondent Bank | Originating Entity / Originating Bank | Blocking Date | Value ($) (as of June 29, 2012) |
|---|---|---|---|
| CA-CIB | [redacted] | [redacted] | [redacted] |

| CA-CIB | [redacted] | [redacted] | [redacted] |
|---|---|---|---|

4. [redacted] is an agency and instrumentality of the Sudanese government. The following account, totaling [redacted] (as of June 29, 2012), plus accrued interest, is subject to execution to satisfy the Plaintiffs' outstanding judgment:

| **Respondent Bank** | **Originating Entity / Originating Bank** | **Blocking Date** | **Value ($) (as of June 29, 2012)** |
|---|---|---|---|
| CA-CIB | [redacted] | [redacted] | [redacted] |

5. The Court hereby directs CA-CIB to turn over the Turnover Assets totaling [redacted] (as of June 29, 2012), together with accrued interest, by wire transfer to Plaintiffs' counsel, Hall, Lamb and Hall, P.A., pursuant to wire instructions to be furnished to CA-CIB by Plaintiffs, in partial satisfaction of Plaintiffs' Judgment, within fifteen (15) days from the date of this Order.

6. Upon turnover by CA-CIB of the funds identified herein to the Plaintiffs, plus all accrued interest thereon to date, Credit Agricole shall be fully discharged pursuant to CPLR §§ 5209 or 6204 and Rule 22 of the Federal Rules of Civil Procedure, as applicable, and released from any and all liability and obligations or other liabilities in connection with the turnover of those funds, including all writs of execution, notices of pending action, restraining notices and other judgment creditor process of any kind, whether served on, or delivered to CA-CIB, to the extent that they apply, purport to apply or attach to the Turnover Assets, to defendant The Republic of Sudan, and to any agency and instrumentality of The Republic of Sudan, or to any other party otherwise entitled to claim the Turnover Assets (in

whole or in part), and any other persons or entities, to the full extent of such amounts so held and deposited in compliance with this Judgment.

7. Upon payment and turnover by CA-CIB of the Turnover Assets to Plaintiffs, plus all accrued interest thereon to date, all other persons and entities shall be permanently restrained and enjoined from instituting or prosecuting any claim, or pursuing any actions against CA-CIB in any jurisdiction or tribunal arising from or relating to any claim (whether legal or equitable) to the funds turned over in compliance with paragraph 3 of this Order.

8. Plaintiffs' Information Subpoena, Interrogatories, and Restraining Notice to CA-CIB shall be vacated except with respect to the three accounts identified in paragraph 10, below.

9. An OFAC license is not necessary to disburse these funds and no notice is necessary to the Sudanese agencies and instrumentalities. *See Heiser v. Bank of Tokyo Mitsubishi UFJ, New York Branch*, 919 F. Supp. 2d 411, 422 (S.D.N.Y. 2013); *Heiser v. Islamic Republic of Iran*, 807 F. Supp. 2d 9, 23 (D.D.C. 2011); *Weininger v. Castro*, 432 F. Supp. 2d 457 (S.D.N.Y. 2006).

10. Notwithstanding anything in this Order to the contrary, Plaintiffs reserve all rights to seek turnover of the following other amounts blocked by CA-CIB pursuant to regulations promulgated by OFAC, which CA-CIB will continue to restrain:

| Respondent Bank | Account Beneficiary / Beneficiary Bank | Blocking Date | Value ($) (as of June 29, 2012) |
|---|---|---|---|
| CA-CIB | [redacted] | [redacted] | [redacted] |
| CA-CIB | [redacted] | [redacted] | [redacted] |
| CA-CIB | [redacted] | [redacted] | [redacted] |

Plaintiffs and CA-CIB shall meet and confer as to these amounts following the issuance by the Second Circuit of its rulings in *Calderon-Cardona v. JPMorgan Chase Bank, N.A.*, No. 12-75 (2d Cir), and *Hausler v. JPMorgan Chase, N.A.*, Nos. 12-1264 & 12-1272 (2d Cir.).

11. This Order enforces a duly registered District Court judgment from the District of Columbia, recognized by a New York Federal Court and given full faith and credit by this Court.

So ordered,

ANALISA TORRES
United States District Judge

Date: January 6, 2014

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RICK HARRISON, ET AL.

Plaintiffs,

v.

REPUBLIC OF SUDAN,

Defendant,

---

RICK HARRISON, ET AL.

Petitioners,

v.

AMERICAN EXPRESS TRAVEL RELATED SERVICES, CO.; BANCO DO BRASIL, S.A. BANK OF AMERICA; BANK OF BARODA, NEW YORK BRANCH; BANK OF CHINA, NEW YORK BRANCH; BANK OF NEW YORK MELLON; BANK OF TOKYO – MITSUBISHI UFJ TRUST COMPANY; BARCLAYS BANK PLC; CITIGROUP INC.; COMMERZBANK AG CREDIT AGRICOLE CORPORATE & INVESTMENT BANK; CREDIT SUISSE SECURITIES (USA) LLC; DEUTSCH BANK AG NEW YORK; DEUTSCHE BANK TRUST CO. AMERICAS; DOHA BANK; FEDERAL RESERVE BANK OF NEW YORK; HABIB AMERICAN BANK; HSBC BANK, USA, N.A.; INTERAUDI BANK; INTESA SANPAOLO S.P.A.; JP MORGAN CHASE & CO.; PNC BANK, N.A.; RBS CITIZENS, N.A.; SOCIETE GENERALE; STANDARD CHARTERED BANK; STATE BANK OF INDIA; SUMITOMO MITSUI BANKING CORP.; THE ROYAL BANK OF SCOTLAND N.V.; UNITED BANK LIMITED; WELLS FARGO BANK, N.A.,

Respondents/Garnishees.

---

Case No. 1:13-cv-03127 (AT)

**OMNIBUS PETITION FOR TURNOVER ORDER**

Petitioners, by their undersigned attorneys, allege as follows:

**NATURE OF THE PROCEEDING**

1. This is a proceeding pursuant to Section 201 of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2337 ("TRIA"), Section 1610(g) of the Foreign Sovereign Immunities Act ("FSIA"), and N.Y. C.P.L.R. § 5225(b), made applicable through Rule 69 of the Federal Rules of Civil Procedure.

2. Petitioners are judgment creditors of the Republic of Sudan. Pursuant to the TRIA and FSIA, Petitioners' judgments may be satisfied by executing against funds in which the Republic of Sudan, or any of its agencies or instrumentalities, has an interest.

3. The U.S. Marshal levied writs of execution upon the Respondents because they were known by Petitioners to be holding assets in which the Republic of Sudan, or any of its agencies or instrumentalities, has an interest.

4. By this action, Petitioners seek turnover of those assets towards satisfaction of their judgments.

**JURISDICTION**

5. This Court has jurisdiction over this matter under 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States. Supplemental jurisdiction is conferred on this Court by 28 U.S.C. § 1367(a) over any other claim that is so related to claims in this action within the Court's original jurisdiction that it will form part of the same case or controversy. This Court possesses *in rem* jurisdiction over the blocked property that is the subject of this turnover petition. *See* Decision and Order in *Hausler v. JPMorgan Chase Bank*, at p. 35, 09 Civ. 10289 (VM) (S.D.N.Y. Sept. 13, 2010).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and (f) in that the property that is the subject of this action is believed to be situated in this district and because Respondents have offices located in this district.

**PARTIES**

7. The Petitioners are American citizens who were severely and permanently injured on October 12, 2000 as a result of the wrongful attack and bombing of the U.S.S. Cole. The bombing of the U.S.S. Cole was an act of international terrorism as defined in 18 U.S.C. § 2331.

8. Petitioners Rick Harrison, John Buckley, Margaret Lopez, Keith Lorensen, Edward Love, David Morales, Robert McTureous, Gina Morris, Rubin Smith, Martin Songer, Jr., Jeremy Stewart, Kesha Stidham, Aaron Toney, Eric Williams, and Carl Wingate were United States Navy sailors stationed on board the U.S.S. Cole on October 12, 2000. As a result of the blast, these Petitioners suffered severe and permanent injuries.

9. Petitioner Andrew Lopez is the spouse of Margaret Lopez; Petitioner Lisa Lorensen is the spouse of Keith Lorensen; and Plaintiff Shelly Songer is the spouse of Martin Songer, Jr. These Petitioners suffered severe emotional distress and mental anguish upon learning of the attack on the U.S.S. Cole and the injuries to their spouses.

10. Petitioners hold a judgment against the Republic of Sudan entered in the District Court for the District of Columbia on March 30, 2012 for the total amount of $314,705,896. Petitioners registered the judgment in this district on October 2, 2013 in the related case, *Harrison et al. v. Republic of Sudan*, No. 1:12-mc-00328-P1.

11. Respondent American Express Travel Related Services, Co., is a travel agency which provides financial and travel related services for consumers and companies with its headquarters in New York City. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

12.    Respondent Banco Do Brasil, S.A. is a foreign banking institution incorporated and existing under the laws of Brazil with a branch office in New York City. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

13.    Respondent Bank of America, N.A., is a federally chartered bank with its headquarters located in Charlotte, North Carolina and a branch office located in New York City. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

14.    Respondent Bank of Baroda, is a foreign banking institution incorporated and existing under the laws of India with a branch office in New York City. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

15.    Respondent Bank of China, is a foreign banking institution incorporated and existing under the laws of China with a branch office in New York City. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

16.    Respondent Bank of Tokyo – Mitsubishi UFJ Trust Company, is a foreign banking institution incorporated and existing under the laws of Japan with a branch office in New York City. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

17.    Respondent Barclays Bank PLC is a foreign banking institution incorporated and existing under the laws of the United Kingdom with a branch office in New York City. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

18.    Respondent Citigroup Inc., is a federally chartered bank with its headquarters located in New York City, New York and a branch office located in New York City. This

Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

19.    Respondent Commerzbank AG, is a foreign banking institution incorporated and existing under the laws of Germany with a branch office in New York City. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

20.    Respondent Credit Agricole Corporate & Investment Bank is a foreign banking institution incorporated and existing under the laws of France with a branch office in New York City. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

21.    Respondent Credit Suisse AG is a foreign banking institution incorporated and existing under the laws of Switzerland with a branch office in New York City. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

22.    Respondent Deutsche Bank AG New York is a New York State chartered bank that is a member of the Federal Reserve System with its principal place of business in New York. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

23.    Respondent Deutsche Bank Trust Company Americas is a New York State chartered bank that is a member of the Federal Reserve System with its principal place of business in New York. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

24.    Respondent Doha Bank is a foreign banking institution incorporated and existing under the laws of Qatar with a branch office in New York City. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

25.    Respondent Federal Reserve Bank of New York is a federally chartered bank responsible for the Second District of the Federal Reserve System with its principal place of business in New York City.  This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

26.    Respondent HAB Bank (f/k/a Habib American Bank) is a New York State chartered bank that is a member of the Federal Reserve System with its principal place of business in New York.  This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

27.    Respondent HSBC Bank (HSBC Bank USA, N.A.) is a federally chartered bank with its headquarters located in McLean, Virginia and a branch office located in New York City.  This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

28.    Respondent Interaudi Bank is a New York State chartered bank that is a member of the Federal Reserve System with its principal places of business in New York and Florida.  This Respondent maintains bank accounts in these districts, including those subject to the Marshal's levy.

29.    Respondent Intesa Sanpaolo S.p.A. is a foreign banking institution incorporated and existing under the laws of Italy with a branch office in New York City.  This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

30.    Respondent JP Morgan Chase Bank, N.A., is a federally chartered bank with its headquarters located in Columbus, Ohio and a branch office located in New York City.  This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

31. Respondent PNC Bank, N.A., is a federally chartered bank with its headquarters located in Pittsburgh, PA and a branch office located in New York City. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

32. Respondent RBS Citizens, N.A. is a federally chartered bank with its headquarters located in Providence, Rhode Island and a branch office located in New York City. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

33. Respondent Societe Generale is a foreign banking institution incorporated and existing under the laws of the France with a branch office in New York City. This Respondent maintains accounts in this district, including those subject to the Marshal's levy.

34. Respondent Standard Chartered Bank is a foreign banking institution incorporated and existing under the laws of the United Kingdom with a branch office in New York City. This Respondent maintains accounts in this district, including those subject to the Marshal's levy.

35. Respondent State Bank of India is a foreign banking institution incorporated and existing under the laws of India with a branch office in New York City. This Respondent maintains accounts in this district, including those subject to the Marshal's levy.

36. Respondent Sumitomo Mitsui Banking Corporation is a foreign banking institution incorporated and existing under the laws of Japan with a branch office in New York City. This Respondent maintains accounts in this district, including those subject to the Marshal's levy.

37. Respondent Bank of New York Mellon is a New York state chartered bank that is a member of the Federal Reserve System with its principal place of business in New York City. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

38. Respondent The Royal Bank of Scotland N.V. is a foreign banking institution incorporated and existing under the laws of Scotland with a branch office in New York City. This Respondent maintains accounts in this district, including those subject to the Marshal's levy.

39. Respondent United Bank Limited is a foreign banking institution incorporated and existing under the laws of Pakistan with a branch office in New York. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

40. Respondent Wells Fargo Bank, N.A., is a federally chartered bank with its main office located in Sioux Falls, South Dakota and a branch office located in New York City. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

**BACKGROUND**

41. Petitioners are the victims of terrorism. On October 12, 2000, fifteen American sailors were severely and permanently injured onboard the U.S.S. Cole in Yemen as the result of an Al Qaeda terrorist attack. The attack was made possible by the material support and assistance provided by the Republic of Sudan. As a consequence of the Sudan's participation in the development of Al Qaeda and its material support leading to this terrorist event, the United States District Court for the District of Columbia entered a final judgment against Sudan, awarding Petitioners $314,705,896 (the "Judgment").

42. The Judgment was entered pursuant to the terrorism exception to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A. As demonstrated herein, judgments obtained pursuant to the terrorism exception may be satisfied by executing against funds in which the Republic of Sudan, or any of its agencies or instrumentalities, has an interest.

43. Petitioners registered the Judgment in this district on October 2, 2013 in the related case, *Harrison et al. v. Republic of Sudan*, No. 1:12-mc-00328-P1 (Doc. No. 1.).

44. On September 20, 2013, this Court determined that all conditions precedent to Petitioners' request to execute against assets of the Republic of Sudan have been met, including providing proper notification of the default judgment to Sudan. Doc. No. 5. The Court authorized Petitioners to seek attachment of frozen assets located within this jurisdiction using post-judgment enforcement procedures.

45. Respondents hold accounts that have been blocked pursuant to the Sudanese Sanctions Regulations, 31 C.F.R. Part 538. Under TRIA and FSIA, Petitioners are entitled to execute upon "blocked assets" in which the Government of Sudan or any agency or instrumentality of the Government of Sudan has an interest. However, as explained below, if an account has been blocked pursuant to the Sudanese Sanctions Regulations, then the Government of Sudan necessarily has an interest in that account. Accordingly, Petitioners are entitled to execute upon every blocked account held by Respondents.

**The Relevant Provisions of TRIA and FSIA**

46. Under TRIA, FSIA, and the applicable case law, Petitioners are entitled to execute upon any asset in which Sudan or its agencies or instrumentalities have any interest.

47. Section 201(a) of the TRIA provides that:

> Notwithstanding any other provision of law, and except as provided in subsection (b), in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, ***the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment*** in aid of execution in order to satisfy such judgment to the extent any compensatory damages for which such terrorist party has been adjudged liable.

TRIA § 201(a), 116 Stat. at 2337 (emphasis added).[1]

48. Section 1610(g) of the FSIA, enacted in 2008, is broader than Section 201(a) of TRIA and provides:

> [T]he property of a foreign state against which a judgment is entered under section 1605A, and the property of an agency or instrumentality of such a state, including property that is a separate juridical entity or is an interest held directly or indirectly in a separate juridical entity, is ***subject to attachment in aid of execution, and execution, upon that judgment as provided in this section, regardless of***—
>
> (A) the level of economic control over the property by the government of the foreign state;
> (B) whether the profits of the property go to that government;
> (C) the degree to which officials of that government manage the property or otherwise control its daily affairs;
> (D) whether that government is the sole beneficiary in interest of the property; or
> (E) whether establishing the property as a separate entity would entitle the foreign state to benefits in United States courts while avoiding its obligations.

28 U.S.C. § 1610(g) (emphasis added).

49. Interpreting these provisions, courts have found that judgment creditors of state sponsors of terrorism may execute against "any U.S. property in which [the terrorist state] has any interest." *See, e.g., Estate of Heiser v. Islamic Republic of Iran*, 807 F .Supp. 2d 9, 18 (D.D.C. 2011) (citing *Peterson v. Islamic Republic of Iran*, 627 F. 3d 1117, 1123 n.2 (9th Cir. 2010)).

**The Relevant Provisions of the Sudanese Sanctions Regulations**

50. By virtue of the statutory framework of the Sudanese Sanctions Regulations, the Government of Sudan necessarily has an interest in every blocked account held by Respondents. Accordingly, every blocked account held by Respondents is attachable and subject to execution.

---

[1] Section 1603(b) of the FSIA defines an agency or instrumentality as an entity: (1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country. 28 U.S.C. § 1603(b).

51. Part 538.301 of the Sudanese Sanction Regulations provides that the term blocked account "shall mean any account or property subject to the prohibition in § 538.201 ***held in the name of the Government of Sudan or in which the Government of Sudan has an interest.***" 31 C.F.R. 538.301 (emphasis added).

52. Accounts subject to the prohibition in Part 538.201 of the Sudanese Sanctions Regulations are "***property or interests in property of the Government of Sudan***, that are in the United States, that hereafter come within the United States, or that are or hereafter come within the possession or control of U.S. persons." 31 C.F.R. 538.201(a) (emphasis added).

53. The term Government of Sudan includes

(1) The state and the Government of Sudan, as well as any political subdivision, agency, or instrumentality thereof, including the Central Bank of Sudan;
(2) Any entity owned or controlled by the foregoing;
(3) Any person to the extent that such person is, or has been, or to the extent that there is reasonable cause to believe that such person is, or has been, since the effective date, acting or purporting to act directly or indirectly on behalf of any of the foregoing; and
(4) Any other person determined by the Director of the Office of Foreign Assets Control to be included within paragraphs (a)(1) through (a)(3) of this section.

31 C.F.R. § 538.305 (emphasis added).

54. The requirements of the Sudanese Sanctions Regulations, including definitions of "blocked account" and "Government of Sudan," obligate Respondents to block only those accounts in which the Government of Sudan has an interest. Under TRIA and FSIA, Petitioners can execute against all accounts in which the Government of Sudan has an interest. Accordingly, every blocked account held by Respondents is subject to attachment and execution.

**Petitioners Have Satisfied Their Obligations under CPLR § 5225 and 28 U.S.C. § 1610(c) by Providing Sudan with Notice of this Proceeding**

55. In post-judgment proceedings to enforce a money judgment in federal court, execution procedures "must accord with the procedure of the state where the court is located, but

a federal statute governs to the extent it applies." Fed. R. Civ. P. 69. Under New York law, CPLR § 5225 provides that a judgment holder may commence a special proceeding[2] against a third-party in possession of a debtor's funds and:

> where it is shown that the judgment debtor is entitled to the possession of such property . . . the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor . . . .

CPLR § 5225(b); *see also United Int'l Holdings, Inc. v. The Wharf (Holdings) Ltd.*, 988 F.Supp. 367 (S.D.N.Y. 1997) (holding to obtain payment of a judgment from a third party in possession of debtor's property, creditor must show (1) that debtor has interest in the property that creditor seeks to attach, and (2) either that debtor is entitled to possession of property, or that creditor's rights are superior to those of the possessing party). The statute also requires notice to be provided to the judgment debtor to allow for possible intervention. *See* CPLR § 5225(b).

56. On May 31, 2013, Plaintiffs filed a Motion for Entry of Order Finding Sufficient Time has Passed to Seek Attachment and Execution of Defendant/Judgment Debtor's Assets and Authorizing Plaintiffs to Attach Defendant/Judgment Debtor's Assets Within This Jurisdiction Pursuant to 28 U.S.C. § 1610(c) (the "1610(c) Motion"). Doc. No. 3. In the 1610(c) Motion, Petitioners demonstrated that they strictly complied with all requirements under the FSIA for providing proper notice to Sudan. On September 20, 2013, this Court granted the 1610(c) Motion and concluded that Petitioners provided proper notification of the default judgment to Sudan. Doc. No. 5. Accordingly, Petitioners have satisfied their obligations to provide notice under CPLR § 5225. Moreover, on January 13 and15, 2014, two attorneys appeared in this case on behalf of the Republic of Sudan. Doc. Nos. 32, 38.

---

[2] Courts in this Circuit have found that the initiation of a "special proceeding" is not required in federal court and judgment-creditors can instead file a motion for turnover. *See, e.g., Northern Mariana Islands v. Millard*, 845 F. Supp. 2d 579, 581 (S.D.N.Y. 2012) ("Nearly every court in this Circuit to consider the issue has held that parties can bring a motion under FRCP 69(a), rather than instituting a special proceeding under the New York state law.").

57. Following entry of the Judgment by the District Court for the District of Columbia, Petitioners served the Office of Foreign Asset Control ("OFAC") of the Department of the U.S. Treasury with a subpoena seeking a list of all financial institutions holding assets in the United States that are blocked due to a nexus with the Government of the Republic of Sudan. Prior to providing its response, OFAC through the Department of Justice demanded that a protective order be entered governing the disclosure of information provided in response to Petitioners' subpoena. The Petitioners agreed to OFAC's demand and a protective order was provided to the Court and entered on August 15, 2012. (*See Harrison, et al. v. Republic of Sudan*, Case No. 10-cv-01689 (D.D.C.) at Doc. No. 47).

**An OFAC License is Not Necessary and No Notice**
**<u>is Required to the Agencies and Instrumentalities</u>**

58. The funds that are the subject of this motion are in accounts frozen pursuant to OFAC regulations because they consist of funds in which Sudan has an interest. In certain circumstances, the Department of Treasury requires an OFAC license to release funds held in an OFAC-blocked account. However, the United States has officially taken the position that no OFAC license is necessary to release blocked funds to judgment creditors of a terrorist party; rather, a court order is sufficient. In *Heiser v. Bank of Tokyo Mitsubishi UFJ, New York Branch*, 919 F. Supp. 2d 411 (S.D.N.Y. 2013), the United States submitted a Statement of Interest concluding that "in the event a court determines that blocked assets are subject to TRIA, those funds may be distributed without a license from OFAC." *Id.* at 422. The United States took the same position in *Weininger v. Castro*, 432 F. Supp. 2d 457 (S.D.N.Y. 2006). Accordingly, the Court in Heiser concluded that an OFAC license was not necessary to release the OFAC blocked funds to the Heiser judgment creditors. Moreover, this Court has held on four occasions that no OFAC license is necessary to distribute the blocked assets. *See* Doc Nos. 8, 20, 21, 31.

59. Additionally, the agencies and instrumentalities that may have an interest in the blocked assets are "not a necessary party" to this proceeding, and no notice is required to them. *Heiser v. Islamic Republic of Iran*, 807 F. Supp. 2d 9, 23 (D.D.C. 2011). The Court in *Heiser* denied a request to implead an Iranian agency and instead concluded that "the FSIA does not require any provision of special notice to [the agency]." *Id.* at 23. The Court found that the FSIA only provides that a copy of the default judgment be served on the defendants and there is no requirement to serve additional post-judgment motions. *Id.* Further, the Court held that "[t]he explicit exclusion of attachments and executions under § 1610(g) from the notice requirement is further evidence that ***Congress did not intend to require service of garnishment writs on agencies or instrumentalities of foreign states responsible for acts of state-sponsored terrorism under § 1605A.***" *Id.* (emphasis added). Moreover, this Court has already held on four occasions that no notice is required to the agencies and instrumentalities of Sudan that may have an interest in the blocked accounts. *See* Doc Nos. 8, 20, 21, 31. Accordingly, notice to the agencies and instrumentalities of this petition for turnover is not required.

**THE NEED FOR A TURNOVER ORDER**

60. The United States government has blocked all funds in the accounts maintained with the Respondents pursuant to the Sudanese Sanctions Regulations codified at 31 C.F.R. Part 538.

61. As a result of the Sudanese Sanctions Regulations and the provisions of the FSIA and TRIA described herein, Petitioners are unable to affect a turnover of the funds in the blocked accounts to the Marshal to satisfy their judgment without a determination that the funds in blocked accounts are subject to execution and turnover pursuant to the TRIA and FSIA.

62. All accounts blocked pursuant to the Sudanese Sanctions Regulations and held by the Respondents are subject to attachment and execution.

63. Upon information and belief, no adverse claimants have priority over Petitioners to the funds that are subject to the writs of execution and the Marshal's levy.

64. To date, no release of funds from the Accounts has been made pursuant to the Marshal's levy.

65. The Harrison Judgment has not been fully satisfied.

66. Not more than 90 days have elapsed since the service or renewal of the writs of execution and the commencement of this proceeding.

67. Petitioners are giving contemporaneous notice of this Petition to the United States Treasury Department's Office of Foreign Asset Control by emailing the same to David Jones, Deputy Chief of the Civil Division of the United States Attorneys' Office for the Southern District of New York at: david.jones6@usdoj.gov.

**RELIEF SOUGHT**

WHEREFORE, the Petitioners respectfully request that the Court enter orders directing Respondents to turn over to Petitioners all accounts in their possession that are blocked pursuant to the Sudanese Sanctions Regulations, 31 C.F.R. Part 538, together with accrued interest, in partial satisfaction of Petitioners' Judgment.

Dated: March 3, 2014

HALL, LAMB and HALL, P.A.

By: ______________________

Andrew C. Hall, Esq.*
Brandon R. Levitt, Esq.
Grand Bay Plaza, Penthouse One
2665 South Bayshore Drive
Miami, Florida, 33133
Phone: (305) 374-5030
Fax: (305) 374-5033
* admitted *pro hac vice*

Edward H. Rosenthal, Esq.
Beth I. Goldman, Esq.
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Ave, 10th Floor
New York, New York 10022
Phone: (212) 980-0120
Fax: (212) 593-9175

*Attorneys for Plaintiffs/Petitioners*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

RICK HARRISON, ET AL.

Plaintiffs,

v.

REPUBLIC OF SUDAN,

Defendant,

RICK HARRISON, ET AL.

Petitioners,

v.

AMERICAN EXPRESS TRAVEL RELATED SERVICES, CO.; BANCO DO BRASIL, S.A. BANK OF AMERICA; BANK OF BARODA, NEW YORK BRANCH; BANK OF CHINA, NEW YORK BRANCH; BANK OF NEW YORK MELLON; BANK OF TOKYO - MITSUBISHI UFJ TRUST COMPANY; BARCLAYS BANK PLC; CITIGROUP INC.; COMMERZBANK AG CREDIT AGRICOLE CORPORATE & INVESTMENT BANK; CREDIT SUISSE SECURITIES (USA) LLC; DEUTSCHE BANK AG NEW YORK; DEUTSCHE BANK TRUST CO AMERICAS; DOHA BANK; FEDERAL RESERVE BANK OF NEW YORK; HABIB AMERICAN BANK; HSBC BANK, USA, N.A.; INTERAUDI BANK; INTESA SANPAOLO S.P.A.; JP MORGAN CHASE & CO.; PNC BANK, NA; RBS CITIZENS, N.A.; SOCIETE GENERALE; STANDARD CHARTERED BANK; STATE BANK OF INDIA; SUMITOMO MITSUI BANKING CORP.; THE ROYAL BANK OF SCOTLAND N.V.; UNITED BANK LIMITED; WELLS FARGO BANK, N.A.,

Respondents/Garnishees.

Case No. 1:13-cv-03127 (AT)

**COMMERZBANK AG'S ANSWER TO OMNIBUS PETITION FOR <u>TURNOVER ORDER</u>**

Respondent-Garnishee Commerzbank AG ("COBA") by its attorneys Gibbons P.C., for its Answer to the Omnibus Petition for Turnover Order states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 1, except admits that petitioners have commenced a turnover proceeding, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

2. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 2, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

3. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 3, except admits that the U.S. Marshal served a writ of execution upon COBA concerning the assets of the Republic of Sudan.

4. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 4, except admits that petitioners have commenced a turnover proceeding.

5. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 5, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 6, except admits that COBA is a bank with a branch office located at Two World Financial Center, New York, New York, and is in possession of certain assets blocked pursuant to regulations implemented by the Office of Foreign Asset Control

("OFAC") situated in this district, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

7. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 7, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

8. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 10.

11. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 11.

12. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 18.

19. Denies the factual allegations in paragraph 19, except admits that COBA is a foreign banking institution with a branch office located at Two World Financial Center, New York, New York, and is in possession of certain assets blocked pursuant to regulations implemented by OFAC due to a nexus to the Republic of Sudan, situated in this district, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

20. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 27.

28. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 28.

29. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 29.

30. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 30.

31. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 31.

32. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 32.

33. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 33.

34. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 34.

35. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 35.

36. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 36.

37. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 37.

38. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 38.

39. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 39.

40. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 40.

41. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 41.

42. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 42, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

43. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 43.

44. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 44.

45. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 45, except admits that COBA is in possession of certain assets blocked pursuant to regulations implemented by OFAC due to a nexus to the Republic of Sudan, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

46. COBA states that the allegations in paragraph 46 contain legal assertions or conclusions for which no answer is required.

47. COBA states that the allegations in paragraph 47 contain legal assertions or conclusions for which no answer is required.

48. COBA states that the allegations in paragraph 48 contain legal assertions or conclusions for which no answer is required.

49. COBA states that the allegations in paragraph 49 contain legal assertions or conclusions for which no answer is required.

50. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 50, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

51. COBA states that the allegations in paragraph 51 contain legal assertions or conclusions for which no answer is required.

52. COBA states that the allegations in paragraph 52 contain legal assertions or conclusions for which no answer is required.

53. COBA states that the allegations in paragraph 53 contain legal assertions or conclusions for which no answer is required.

54. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 54, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

55. COBA states that the allegations in paragraph 55 contain legal assertions or conclusions for which no answer is required.

56. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 56, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

57. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 57.

58. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 58, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

59. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 59, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

60. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 60, except admits that COBA is in possession of certain assets blocked pursuant to regulations implemented by OFAC due to a nexus to the Republic of Sudan.

61. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 61, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

62. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 62, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

63. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 63, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

64. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 64.

65. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 65.

66. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 66.

67. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 67.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Persons other than the Republic of Sudan or its agencies and instrumentalities may have ownership or other interests in part of the funds at COBA that are the subject of this turnover proceeding (the "Funds") which may be superior to the rights of petitioners, if any, to have execution against such Funds to satisfy the judgment allegedly entered in favor of plaintiffs that is referred to in paragraphs 41 and 42 of petitioners' Omnibus Petition For Turnover Order.

### SECOND DEFENSE

To the extent that petitioners claim that some or all of the Funds belong to persons that are agencies or instrumentalities of the Republic of Sudan, or that such persons have an interest in some part or all of the Funds, such persons may be indispensable parties hereto and have the right to receive notice of these proceedings and an opportunity to be heard before this Court determines whether they are in fact agencies or instrumentalities of the Republic of Sudan or whether such assets are subject to execution to satisfy the Judgment.

THIRD DEFENSE

To the extent that other persons who hold judgments against the Republic of Sudan based on its involvement with acts of terrorism have served restraining notices, notices of pendency, writs of execution or other process or documents upon COBA with respect to assets that may belong to the Republic of Sudan or any of its agencies or instrumentalities, such persons may be indispensable parties hereto and have the right to receive notice of these proceedings and an opportunity to be heard so that this Court may determine which judgment creditors should take precedence with respect to any assets that may belong to the Republic of Sudan or its agencies or instrumentalities.

FOURTH DEFENSE

To the extent that petitioners are seeking to satisfy any judgment from blocked assets subject to TRIA § 201, petitioners must establish all of the elements necessary to obtain relief under that statute, including whether the Republic of Sudan is a "terrorist party," as that term is defined in TRIA; whether the Judgment was on a claim based on an "act of terrorism," as that term is defined in TRIA, or for which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7); whether and to what extent the Funds belong to the Republic of Sudan or entities that are "agencies or instrumentalities" of the Republic of Sudan, as those terms are used in TRIA; and whether and to what extent the Judgment is for compensatory damages, as opposed to other forms of relief.

FIFTH DEFENSE

Petitioners must establish as to any judgment entered on default that a copy was properly served on the Republic of Sudan in the manner required by FSIA § 1608(a) in order to comply with FSIA § 1608(e).

#2061217 v1
103969-82378

**SIXTH DEFENSE**

Petitioners must establish, in order to comply with the requirements of CPLR 5225(b) and Fed. R. Civ. P. 69, that a copy of petitioners' Omnibus Petition For Turnover Order was properly served on the Republic of Sudan in the manner required by FSIA § 1608(a).

**SEVENTH DEFENSE**

Plaintiffs must establish that their Omnibus Petition For Turnover Order states a cause of action or sets forth claims upon which relief may be granted.

**EIGHTH DEFENSE**

Petitioners must establish that, under New York law, wire transfer funds in the temporary possession of COBA as an intermediary bank are subject to attachment or turnover.

**NINTH DEFENSE**

To the extent Petitioners seek assets in this action that are located outside the United States, such assets are immune from attachment and execution in New York under FSIA § 1610(a) among other laws.

**TENTH DEFENSE**

To the extent the Funds sought, when aggregated with other funds sought, exceed the judgment of petitioners, the amount of the Funds to be turned over must be allocated, and a determination made regarding from which accounts all such funds should be debited, in such a way that no respondent and none of the other affected persons are required to turn over more than their allocable share of the amount necessary to satisfy any such judgment..

**ELEVENTH DEFENSE**

COBA hereby reserves its rights of setoff against funds on deposit in bank accounts at COBA that belong to the Republic of Sudan or its agencies and instrumentalities.

Dated: New York, New York
April 1, 2014

**GIBBONS P.C.**
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
Telephone (212) 613-2000
Facsimile (212) 290-2018

*Attorneys for Respondent Commerzbank AG*

By: /s/ Terry Myers
Terry Myers
Paul A. Saso

#2061217 v1
103969-82378

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Rick Harrison, et al. | § | |
| Plaintiff, | § | |
| | § | Case No. 1:13-cv-03127-AT |
| v. | § | |
| | § | **NOTICE OF APPEAL** |
| Republic of Sudan | § | |
| | § | |
| Defendant. | § | |

PLEASE TAKE NOTICE that Defendant Republic of Sudan appeals to the United States Court of Appeals for the Second Circuit from the Turnover Orders [ECF Documents 20, 21 and 31] in this case of this Court (the Honorable Annalisa Torres) dated December 12, 2013, December 13, 2013 and January 6, 2014, ordering financial institutions MashreqBank, BNP Paribas and Credit Agricole Corporate & Investment Bank, respectively, to turn over funds in specified accounts to Plaintiffs in the above-styled case.

Dated: January 13, 2014

By: ______________________
Asim AR Ghafoor
Law Office of Asim Ghafoor
1101 30th Street, Suite 500
Washington, DC 20007
Telephone: 202-330-1469
Fax: 202-318-4331
asim@glawoffice.com
*Attorney awaiting Pro Hac Vice admission*
*Defendant Republic of Sudan*

TO: Clerk of the Court

and By: ______________________
Lamis Deek
Law Offices of Lamis Deek
351 Broadway, 3rd Floor
New York, NY 10013
212-226-3999

United States Court of Appeals
For the Second Circuit
Foley Square
New York, NY 10007

Edward H. Rosenthal, Esq.
Beth I. Goldman, Esq.
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue, 10th Floor
New York, New York 10022

Brandon R. Levitt
Andrew C. Hall, Esq.
HALL, LAMB AND HALL P.A.
2665 South Bayshore Drive, PH1
Miami, Florida 33133

*Attorneys for Plaintiffs*

Theresa DeLace
BNP Paribas
Litigation/Legal Investigations Department
787 Seventh Avenue
New York, NY 10013

Barry J. Friedberg
545 Fifth Avenue
New York, NY 10017

*Attorneys for Respondents*